Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, SBN 338942
maurice.neishlos@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3008
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>        vs.<br><br>JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT – TITLE VII**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br><br>**JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female) and to provide appropriate relief to a class of aggrieved individuals (the "Claimants") who were adversely affected by such practices. As set forth with greater particularity below, Plaintiff alleges that Defendants Justin Vineyards & Winery LLC and The Wonderful Company LLC (collectively "Defendants") unlawfully subjected a class of aggrieved individuals to sexual harassment, including a hostile work environment based on their sex (female), constructive discharge, and/or retaliation for opposing unlawful employment practices in violation of Title VII.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

**PARTIES**

4.      Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly

authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      At all relevant time, Defendant Justin Vineyards & Winery LLC ("Justin Vineyards") has continuously been doing business in the State of California and the County of San Luis Obispo.

6.      At all relevant times, Justin Vineyards has continuously been a corporation doing business in the State of California and has continuously had at least 15 employees.

7.      At all relevant times, Justin Vineyards has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8.      In each calendar year from 2017 through the present, Justin Vineyards has continuously employed at least 101 employees.

9.      At all relevant times, Defendant The Wonderful Company LLC ("Wonderful") has continuously been doing business in the State of California and the County of San Luis Obispo.

10.     At all relevant times, Wonderful has continuously been a corporation doing business in the State of California and has continuously had at least 15 employees.

11.     In each calendar year from 2017 through the present, Wonderful has continuously employed at least 501 employees.

12.     At all relevant times, Justin Vineyards employed the Claimants.

13.     At all relevant times, Wonderful has been a joint employer with Justin Vineyards where both Defendants controlled the terms and conditions of employment of the aggrieved individuals/Claimants.

EEOC'S COMPLAINT

14.     All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

15.     Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## **ADMINISTRATIVE PROCEDURES**

16.     More than thirty days prior to the institution of this lawsuit, a Charging Party, Patricia Verduzco Avalos, filed charge(s) of discrimination with the Commission alleging violations of Title VII by Defendants.

17.     Defendants received a copy of the charge(s) of discrimination, and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

18.     On January 11, 2022, the Commission issued Letters of Determination to Defendants, finding reasonable cause to believe that Defendants violated Title VII with respect to a class of aggrieved individuals. The Commission further invited Defendants to join with it in informal methods of conciliation in a collective effort towards a just resolution.

19.     The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letters of Determination on terms acceptable to the Commission.

20.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

21.     On June 29, 2022, the Commission issued Notices of Failure of Conciliation to Defendants.

22.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL SUMMARY

23.     Since at least August 2017, Defendants have engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) by subjecting a class of aggrieved individuals to sexual harassment, retaliation, and/or constructive discharge. The unlawful employment practices include but are not limited to those practices identified herein.

24.     Since at least August 2017, Defendants have engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female).

EEOC'S COMPLAINT

25.     During their employment, the class of aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by Defendants' male supervisors. The supervisors' conduct included but was not limited to, unwanted sexual touching of the buttocks, waist and breasts, rubbing of genitals on female subordinate employees, unwanted hugging and kissing, forcible kissing on the mouth, grabbing on the hands, snapping of bra straps, nibbling on the ear, biting on the shoulder, exposure of male employees' private body parts, texting inappropriate photos, and stroking employees' hair. The supervisors' conduct also included, but was not limited to, frequent sexual comments, including comments about employees' breasts and buttocks (such as commenting on an employee's nipples or stating "I want to smack that ass," "that ass looks great in those jeans," or "your boobs look great in that top"), undergarments and clothing (such as discussing what bra or panties an employee might be wearing or texting an employee at 2 or 3 a.m. to ask what she was wearing), appearances (such as "you look super hot" or calling an employee "sexy"), and desire to engage in sexual activity with employees, as well as inappropriate sexual comments and requests (such as a request to engage in a threesome and stating a desire to get a divorce to be with an employee).

26.     Since at least 2017, Defendants knew or should have known of the hostile work environment at its worksites. The sexually charged and inappropriate actions and comments by the male supervisors were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of Defendants' other managers and supervisors.

27.     As early as 2017, members of the class of aggrieved employees complained verbally and in writing to supervisors and management about the harassment and hostile work environment they endured.

28.     Despite having actual and constructive notice of the harassment herein, Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

29.     Defendants did not properly handle the complaints made by aggrieved employees. Defendants failed to properly investigate and respond to complaints, discouraged additional complaints from being made, and failed to implement necessary remedial measures to end the harassment. In response to some complaints, Defendants' Human Resources made accusations against the accusers or blamed victims for the harassment. Defendants' managers also disbelieved complainants and discouraged employees from reporting to Human Resources.

30.     As a result of Defendants' failures to take prompt and effective remedial measures, the sexual harassment continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the aggrieved employees' employment and created a hostile work environment.

31.     Defendants' unlawful practices also included subjecting aggrieved employees to retaliation for complaining about the harassment and for engaging in protected activity. For example:

    a.     Aggrieved employees engaged in protected activity by making complaints to Defendants and faced retaliation, including but not limited to, being assigned extra or double shifts, having their customer allergy requests disregarded, being accused of wrongdoing, being investigated, and having their supervisors yell, verbally berate them, laugh at them and slam doors.

    b.     Due to this ongoing retaliatory harassment and intimidation, the sexually hostile work environment, and the failures by Defendants to take remedial measures, other similarly aggrieved employees were constructively discharged.

6

EEOC'S COMPLAINT

32.     The effect of the practices complained of above has been to deprive aggrieved employees of equal employment opportunities and otherwise adversely affect their working conditions because of their sex.

33.     The unlawful employment practices complained of above were intentional.

34.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of aggrieved employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B.     Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

C.     Order Defendants to make the Claimants whole by  providing compensation for past  and  future  non-pecuniary  losses, pursuant  to  Title VII, resulting from the unlawful practices described above, including but not limited  to emotional  pain, suffering,  inconvenience,  mental  anguish,  humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

D.     Order Defendants to pay the Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

EEOC'S COMPLAINT

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission the costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  August 24, 2022                    Respectfully Submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By:   _____
ANNA Y. PARK
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

EEOC'S COMPLAINT