STAN S. MALLISON (SBN 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (SBN 206336)
  HectorM@TheMMLawFirm.com
TANIA FONSECA (SBN 332545)
  TFonseca@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Counsel for Prospective Intervenor Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>        **Plaintiff,**<br><br>**ANONYMOUS PLAINTIFFS ONE THROUGH FOUR,**<br><br>    **Prospective Intervenor Plaintiffs**<br><br>**v.**<br><br>**JUSTIN VINEYARDS & WINERY, LLC; THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,**<br><br>     **Defendants.** | Case No. 2:22-cv-06039-PA-RAO<br><br>**PROSPECTIVE INTERVENOR PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS**<br><br>Date: January 9, 2022<br>Time: 1:30 PM<br>Crtrm: 9A<br><br>*Honorable District Judge Percy Anderson* |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2022, at 1:30 p.m., or as soon thereafter as that matter may be heard in First Street Courthouse, 350 W. 1st St, Courtroom 9A, 8th Floor, Los Angeles, CA 90012, Prospective Intervenor Plaintiffs ("Prospective Intervenors", "Prospective Intervenor Plaintiffs") will move to intervene in *U.S. Equal Employment Commission v Justin Vineyards & Winery, LLC, et. al.* filed in the United States District Court for the Central District of California, Case No. Case No. 2:22-cv-06039-PA-RAO (*"EEOC v. Justin Vineyards"*),

1  pursuant to Federal Rule of Civil Procedure 24 (Fed.R.Civ.P.) and 42 U.S.C § 2000(e)-5(f)(1).

2  Prospective Intervenor Plaintiffs are entitled to intervene pursuant to Fed.R.Civ.P. 24 and

3  42 U.S.C § 2000(e)-5(f)(1). FRCP 24 allows a party, upon timely application, to intervene as a

4  matter of right if given an unconditional right to intervene by a federal statute. Congress has

5  provided that charging parties have the unconditional right to intervene in actions filed on their

6  behalf by the EEOC. Specifically, 42 U.S.C § 2000(e)-5(f)(1) provides that the person or persons

7  aggrieved shall have the right to intervene in a civil action brought by the EEOC. Prospective

8  Intervenors are aggrieved persons on behalf of whom the EEOC has filed suit. Permissive

9  intervention is also warranted in this case, as undue delay or prejudice to the parties would not

10  result from intervention.

11  Prospective Intervenors' Motion for Intervention as Plaintiffs is based on this Notice of

12  Motion and Motion, the Declaration of Tania Fonseca and exhibits attached thereto, and the

13  Complaint in Intervention filed concurrently herewith.

14  Respectfully submitted,

16  Date: November 23, 2022                    **MALLISON & MARTINEZ**

17  By: _____

18  Stan S. Mallison
    Hector R. Martinez

19  Tania Fonseca
    Attorneys for Prospective Intervenor

NOTICE OF MOTION AND MOTION TO INTERVENE          Case No. 2:22-cv-06039-PA-RAO

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................5

II.   BACKGROUND .................................................................................................5

III. LEGAL STANDARD ........................................................................................6

IV. LEGAL ARGUMENT........................................................................................6

    *A.    Prospective Intervenors Should Be Permitted to Intervene as a Matter of Right because a Federal Statute Confers the Unconditional Right to Intervene* ..................................................6

  1.    PROSPECTIVE INTERVENORS TWO THROUGH FOUR HAVE A RIGHT TO INTERVENE PURSUANT TO THE SINGLE FILING RULE........................................................................7

    *B.    Prospective Intervenors' Request to Intervene is Timely Because They Sought to Intervene at an Early Stage in the Proceedings and Defendant Will Not Prejudiced by the Intervention* ...................................................................9

    *C.    Permissive Intervention By Prospective Intervenor Plaintiffs Is Also Justified In This Case*.......................................................................10

V.    CONCLUSION ................................................................................................11

NOTICE OF MOTION AND MOTION TO INTERVENE       Case No. 2:22-cv-06039-PA-RAO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

C̲ASES̲

Arizona ex rel. Horne v. Geo Grp., Inc., 1189 F3d 1201
 (9th Cir. 2016) -------------------------------------------------------------------- 5, 7, 9

*Data Processing Service v. Camp,*
 397 U.S. 150 (1970) ------------------------------------------------------------------ 7

*E.E.O.C. v. Giumarra Vineyards Corp.,*
 No. 1:09-CV-02255-OWW, 2010 WL 3220387 (E.D. Cal. 2010)------------------------------ 7

*EEOC v. GMRI, Inc.,*
 221 F.R.D. 562 (D. Kan. 2004) ------------------------------------------------------- 7

*Equal Employment Opportunity Commission v. Trans Ocean Seafoods, Inc.* 2016 WL 10591398
 (W.D. Wash. Jan 28, 2016) --------------------------------------------------------- 7, 8, 9

*Foust v. Transamerica Corp.,*
 391 F. Supp. 312 (N.D. Cal. 1975) --------------------------------------------------- 7

*Northwest Forest Res. Council v. Glickman,*
 82 F 3d 825 (9th Cir. 1996) --------------------------------------------------------10

*United States Equal Employment Opportunity Commission v. JCFB, Inc.*,
 No. 19-CV-00552-LHK 2019 WL 2525203 (N.D. Cal., June 19, 2019)------------------------- 8, 9

*United States v. Oregon,*
 745 F.3d 550 (9th Cir. 1984) -------------------------------------------------------- 9

*Unites States v. Alisal Water Corp.,*
 370 F. 3d 915 (9th Cir. 2004) ------------------------------------------------------- 9

S̲TATUTES̲

42 U.S.C § 2000(e)-5(f)(1) ----------------------------------------------------------- 6, 7

Cal. Gov't Code § 12940 -------------------------------------------------------------- 7

Fed. R. Civ. Proc. Rule 24 ------------------------------------------------------------ 6

**INTRODUCTION**

There are four Prospective Intervenors filing this Motion for Intervention as Plaintiffs in EEOC v. Justin Vineyard & Winery LLC et. al. Case No. Case No. 2:22-cv-06039-PA-RAO. Prospective Intervenor One is the Charging Party in the pending action. Prospective Intervenors Two through Four are aggrieved persons alleging the same claims of discrimination and harassment on the basis of sex. As similarly situated females who experienced the same discrimination and harassment by the same individual(s) named by Charging Parties, Prospective Intervenors Two through Four are aggrieved persons and have a right to intervene pursuant to the Single Filing Rule, also known as the "piggybacking" rule. Under this exception to the administrative exhaustion requirement, an aggrieved employee who fails to file a timely charge with the EEOC may still pursue a claim by intervening under the piggyback or single filing rule onto the timely EEOC charge filed by another plaintiff. Arizona ex rel. Horne v. Geo Grp., Inc., F3d 1189 1201 (9th Cir. 2016).

The action in which Prospective Intervenors One through Four seek to intervene was filed on behalf of the Charging Party (Prospective Intervenor One) and a class of similarly aggrieved individuals who were adversely affected by Defendants' unlawful employment practices based on sex (female). (Doc. 1). All Prospective Intervenors are entitled to intervene as a matter of right, or alternatively, permissive intervention should be granted.

## I.    BACKGROUND

On August 25, 2022, the EEOC filed a complaint against Defendants Justin Vineyards & Winery, LLC and The Wonderful Company, LLC. The action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female). Doc. 1. The Complaint alleges that the Charging Party and a class of similarly aggrieved individuals were unlawfully subjected to sexual harassment, including a hostile work environment based on their sex (female), constructive discharge, and/or retaliation for opposing unlawful employment practices. *Id.*

Prospective Intervenor One is the Charging Party in the EEOC's Complaint. On June 12, 2018, Prospective Intervenor One filed a charge of discrimination against the Defendant alleging

facts contained in the EEOC's Complaint. Fonseca Decl.¶ 3. Prospective Intervenor One is the Charging Party in the EEOC's Complaint. *Id*. Prospective Intervenors Two through Four are other similarly aggrieved individuals subjected to the discrimination and harassment alleged in the EEOC's Complaint. *Id.* at ¶ 6.

## II. <u>LEGAL STANDARD</u>

Parties may intervene in a lawsuit as a matter of right or with the permission of the Court. Fed. R. Civ. P. 24. Generally, Ninth Circuit applies a four-part test in evaluating a motion for intervention as matter of right pursuant to Federal Rule of Civil Procedure 24(a), and an applicant must demonstrate: (1) the application for intervention is timely; (2) the applicant possesses a "significantly protectable" interest in the subject matter of the action; (3) without intervention the action may impair or impede the applicant's ability to protect that interest; and (4) the interest is inadequately represented by the existing parties. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The test is applied liberally in favor of the applicant seeking intervention. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 195).

A court's analysis "is guided primarily by practical considerations, not technical distinctions." *Southwest Ctr., 131 F.3d* at 818 (internal quotation marks omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Id.* at 819-20.

## III. <u>LEGAL ARGUMENT</u>

### A. Prospective Intervenors Should Be Permitted to Intervene as a Matter of Right because a Federal Statute Confers the Unconditional Right to Intervene

Pursuant to Federal Rule of Civil Procedure 24 ("FRCP 24") and 42 U.S.C § 2000(e)-5(f)(1) a party, upon timely application, may intervene as a matter of right if given an unconditional right to intervene by a federal statute. Title VII is one of the few statutes that provides individuals a right to intervene. *See* 42 U.S.C. § 2000e–5 (f)(1 ("[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]..."). Having filed charges of discrimination with the EEOC, Prospective Intervenor One is an "aggrieved

- 6 -

person" as contemplated by the statute. Although Prospective Intervenors Two through Four did not file a charge with the EEOC, their alleged claims are near identical to the charging party and as described below, they are aggrieved persons entitled to intervention. *Arizona ex rel. Horne v. Geo Grp., Inc.,* F3d 1189 1201 (9th Cir. 2016). Since the relevant statute, Title VII confers an entitlement to intervention as a matter of right, Prospective Intervenors can intervene so long as their application is timely. The question of timeliness is discussed below.

Under the provision an "aggrieved person is defined as a person who has filed a charge with the EEOC." *EEOC v. GMRI, Inc*., 221 F.R.D. 562, 563 n. 1 (D. Kan. 2004) To have standing as "persons aggrieved" Intervenors must show an injury and the "interest sought to be protected by the complaint is arguably within the zone of interests to be protected or regulated by the statute." *Foust v. Transamerica Corp.,* 391 F. Supp. 312, 314 (N.D. Cal. 1975), *citing Data Processing Service v. Camp*, 397 U.S. 150, 152-53 (1970). In line with this statutory provision, courts confer to individuals an "unconditional right to intervene" in a Title VII enforcement action brought by the EEOC against the employer. *E.E.O.C. v. Giumarra Vineyards Corp.,* No. 1:09-CV-02255-OWW, 2010 WL 3220387, at *1 (E.D. Cal. 2010).

Here, Plaintiff Intervenor One seeks to intervene in order to assert claims under Title VII and Plaintiff Intervenors Two through Four seek to intervene in order to assert claims under Title VII and state claims for discrimination and harassment under California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 et. seq. Having filed charges of discrimination with the EEOC, Plaintiff Intervenor One is an aggrieved person as contemplated by 42 U.S.C. § 2000e–5 (f)(1). As such, Prospective Intervenor One has standing as an aggrieved person. Prospective Intervenor One should, therefore, be permitted to intervene in *EEOC v. Justin Vineyards* as it is her unconditional right.

       **1.**       **Prospective Intervenors Two through Four Have a Right to Intervene Pursuant to the Single Filing Rule.**

In *Equal Employment Opportunity Commission v. Trans Ocean Seafoods, Inc.*, five individuals sought to intervene in the EEOC's suit against defendant Trans Ocean Seafoods, Inc. 2016 WL 10591398, at *1 (W.D. Wash. Jan. 28, 2016). Four of the five individuals who sought to

intervene were women who were at various times subjected to "offensive and unwelcome conduct, including demeaning and sexually charged language" made by their supervisor and other male employees. *Id*. Three of the four women timely filed separate charges of discrimination with the EEOC. *Id*. However, Maricela Dominguez, part of the group of four women, never filed a charge of discrimination with the EEOC. *Id.* at *2. Nevertheless, the *Trans Ocean* court held that "[a]lthough not extensively addressed by the Intervenors, it appears that Dominguez's claims are nearly identical to those of" the three other women. *Id.* Specifically, Dominguez was also subject to "sexually harassing conduct" like the three other women. *Id.* Thus, the *Trans Ocean* court concluded that "there is little doubt that Dominguez may properly make use of the single filing rule." *Id. United States Equal Employment Opportunity Commission v. JCFB, Inc.* (N.D. Cal., June 19, 2019, No. 19-CV-00552-LHK) 2019 WL 2525203, at *6.

Here, Prospective Intervenors Two through Four are similarly situated females who experienced identical or near identical sexual harassment as Prospective Intervenor One who is the charging party in *EEOC v. Justin Vineyards.* Plaintiff Intervenor One, a female, charges that a male supervisor made unwelcome comments, mocked, yelled, and intimidated her, and caused unwanted physical touching to her buttock, waist, and arm. Likewise, Plaintiff Intervenor Two, a female, alleges that a male supervisor made unwelcome comments, mocked, yelled, and intimidated her, and caused unwanted physical touching to her hands.   Plaintiff Intervenor Three, a female, alleges that a male supervisor made unwelcome comments, mocked, yelled, and intimidated her, and caused unwanted physical touching to her hands.   Plaintiff Intervenor Four, a female, alleges that a male supervisor caused unwanted physical touching to her buttocks.   All four Prospective Intervenor Plaintiffs worked as Cellar Workers for Defendants and allege harassment for approximately the same period of time as charged in the EEOC's Complaint.

As a result, Prospective Intervenors Two through Four are aggrieved persons and have a right to intervene pursuant to the single filing rule, also known as the "piggybacking" rule. Under the single filing rule, an aggrieved employee who fails to file a timely charge with the EEOC may still pursue a claim by intervening onto the timely EEOC charge filed by the charging Plaintiff.

*Arizona ex rel. Horne v. Geo Grp., Inc.,* F3d 1189 1201 (9th Cir. 2016). Prospective Intervenors should, therefore, be permitted to intervene in *EEOC v. Justin Vineyards*.

**B.   Prospective Intervenors' Request to Intervene is Timely Because They Sought to Intervene at an Early Stage in the Proceedings and Defendant Will Not Prejudiced by the Intervention**

To determine whether a motion to intervene is timely, the court considers: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Unites States v. Alisal Water Corp.,* 370 F. 3d 915, 921 (9th Cir. 2004. Courts are generally more lenient in considering these factors when intervention is sought as a matter of right compared to permissive intervention because of the likelihood of more serious harm. *United States v. Oregon*, 745 F.3d 550, 552. (9th Cir. 1984) While the stage of the proceedings that intervention is sought is a factor to consider, the elapsed time from the filing of the complaint to the motion to intervene should not be dispositive in determining timeliness. *Id.* (noting "[m]ere lapse of time is not determinative")

In *United States Equal Employment Opportunity Commission v. JCFB, Inc.* (N.D. Cal., June 19, 2019, No. 19-CV-00552-LHK) 2019 WL 2525203, the prospective intervenors filed their motion for intervention approximately three months after the EEOC filed a complaint. *Id.* at 7. The court recognized that the proceeding was in its earliest stages and concluded that this weighed in favor of granting intervention. *Id.* relying on *Equal Emp't Comm'n v. Trans Ocean Seafoods, Inc.*, 2016 WL 10591398 (W.D. Wash Jan 28, 2016, the court concluded that the motion to intervene was timely because 'litigation [was] in its earliest stages" and was filed before the court had even entered a scheduling order. *Id.*

Here, the stage of proceedings is in its earliest stages as the EEOC filed its Complaint on August 25, 2022. (Doc. 1). Prospective Intervenors are seeking to intervene approximately three months after the EEOC filed the Complaint. As such, the litigation is at its earliest stages, and this factor weighs in favor of Prospective Intervenor's intervention. Additionally, there is no indication that any party would be prejudiced in granting the motion to intervene because the court has not yet issued any substantive ruling. In *Northwest Forest Res. Council v. Glickman,* 82 F 3d 825 837

(9th Cir. 1996, the court concluded that the intervention "[did] not appear to have prejudiced either party in the lawsuit, since the motion was filed before the district court ha[d] made any substantive ruling." In line with the court's analysis in *Northwest Forest,* the second factor weighs in favor of allowing Prospective Intervenors to intervene. Furthermore, Prospective Intervenors have not allowed any substantial delay in filing their motion that would weigh against intervention. The court in *JCFB* held that filing approximately two and a half months after the instant suit was a "minimal" delay that did not weigh against intervention. Since Prospective Intervenors filed their motion roughly three months after the EEOC filed the instant action Prospective Intervenors' request to intervene is timely and the court should therefore grant their motion to intervene.

### C.   Permissive Intervention By Prospective Intervenor Plaintiffs Is Also Justified In This Case

In exercising its discretion to permit intervention, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. In this instance, Prospective Intervenor Plaintiffs Proposed Complaint in Intervention contains the identical federal causes of action as those presented by Plaintiff EEOC, which stem from the same operative facts alleged by Prospective Intervenors. These same operative facts are also the basis for Prospective Intervenors' state causes of action, thus making Prospective Intervenors' state causes of action intrinsically intertwined with the federal causes of action.

Intervention at this time would not unduly delay or prejudice the adjudication of the rights of the original parties, in that Defendants have been aware of Prospective Intervenors' charges by complaints filed internally with Defendants and by charges of discrimination filed with the EEOC that are the basis for Prospective Intervenors' Proposed Complaint in Intervention. Further, the litigation is in its earliest stages, therefore allowing intervention will not cause undue delay or prejudice the rights of the original parties.

Moreover, Prospective Intervenors may not be adequately represented by Plaintiff EEOC, to the extent that Prospective Intervenor Plaintiffs seek to enforce their rights under state statutes and common law, in addition to those based on Title VII of the Civil Rights Act of 1964, as amended, which Plaintiff EEOC does not administer or enforce.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.  **CONCLUSION**

"Rule 24(a) is construed broadly, in favor of the applicants for intervention." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig.*, 894 F.3d 1030, 1037 (9th Cir. 2018) (quoting *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990)). See also *Arakaki v. Cayetano*, 324 F3d 1078, 1083 (9th Cir. 2003) (providing that Rule 24 traditionally receives liberal construction in favor of applicants for intervention). The United States Supreme Court has made it clear that Prospective Intervenors, as aggrieved individuals, have the statutory right to intervene in cases in which the EEOC has filed a complaint against the individuals' employer for violations of Title VII. *General Telephone Co. v. EEOC*, 446 U.S. 318, 327 (1979). Further, permissive intervention is equally warranted in this case.

For all the reasons set forth above, Prospective Intervenors respectfully request that their motion to intervene as plaintiffs in the instant action be granted. In accordance with Rule 24(c), Fed.R.Civ.P., a pleading setting forth the claims for which intervention is sought accompanies this motion.

Date: November 23, 2022

**MALLISON & MARTINEZ**

By: _____

Hector R. Martinez
Stan S. Mallison
Tania Fonseca
Attorneys for Intervenor Plaintiff