STAN S. MALLISON (SBN 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (SBN 206336)
  HectorM@TheMMLawFirm.com
TANIA FONSECA (SBN 332545)
  TFonseca@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Counsel for Prospective Intervenor Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>            **Plaintiff,**<br><br>**ANONYMOUS PLAINTIFFS ONE THROUGH FOUR,**<br><br>        **Prospective Intervenor Plaintiffs,**<br><br>**v.**<br><br>**JUSTIN VINEYARDS & WINERY, LLC; THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,**<br><br>        **Defendants.** | Case No. 2:22-cv-06039-PA-RAO<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS**<br><br>Date: January 9, 2022<br>Time: 1:30 PM<br>Crtrm: 9A<br><br>*Honorable District Judge Percy Anderson* |

1

2       1.   The motion of Prospective Intervenor Plaintiffs, ANONYMOUS INTERVENOR

3  PLAINTIFFS ONE through FOUR, requesting an order granting leave to intervene as Plaintiffs

4  and to file a complaint in intervention came for hearing before this Court on January 9, 2022.

5  After consideration of the briefs and arguments of counsel, and all matters presented to the Court,

6       IT IS HEREBY ORDERED that Intervenors- Plaintiffs' Motion for Leave to Intervene as

7  Plaintiffs is GRANTED

8       Plaintiffs Intervenors may file the complaint attached hereto as Exhibit "1" to the

9  Declaration of Tania Fonseca in Support of Motion for Leave to Intervene.

10       IT IS SO ORDERED.

11

12  Date:

13

14               By: _____

15                   HONORABLE JUDGE PERCY ANDERSON

16                   UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  STAN S. MALLISON (SBN 184191)
      StanM@TheMMLawFirm.com
2  HECTOR R. MARTINEZ (SBN 206336)
      HectorM@TheMMLawFirm.com
3  TANIA FONSECA (SBN 332545)
      TFonseca@TheMMLawFirm.com
4  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
5  Oakland, California 94612-3547
   Telephone: (510) 832-9999
6  Facsimile: (510) 832-1101

7  Counsel for Prospective Intervenor Plaintiffs

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10 | **U.S. EQUAL EMPLOYMENT** | Case No. 2:22-cv-06039-PA-RAO |
   | **OPPORTUNITY COMMISSION,** | |

11 |                              | |
   |           **Plaintiff,**     | **COMPLAINT IN INTERVENTION** |

12 |                              | |
   |                              | 1. **Unlawful Employment Discrimination** |

13 | **ANONYMOUS PLAINTIFFS ONE** | **Based on Sex (Title VII of 1964 Civil** |
   | **THROUGH FOUR,**            | **Rights Act)** |
   |                              | 2. **Unlawful Employment Discrimination** |

14 |          **Prospective Intervenor Plaintiffs** | **Based on Sex (Cal. Govt. Code 12940)** |
   |                              | 3. **Hostile Work Environment- Sexual** |

15 | **v.**                       | **Harassment (Title VII)** |
   |                              | 4. **Hostile Work Environment- Sexual** |

16 |                              | **Harassment (Cal Govt. Code 12940)** |
   | **JUSTIN VINEYARDS & WINERY, LLC;** | 5. **Relief from Retaliation (Title VII)** |

17 | **THE WONDERFUL COMPANY LLC, and** | 6. **Relief from Unlawful Retaliation (Cal.** |
   | **DOES 1-10, inclusive,**    | **Govt. Code 12940(H))** |

18 |                              | 7. **Failure to Prevent Discrimination and** |
   |                              | **Harassment (Cal. Govt. Code** |

19 |          **Defendants.**     | **§12940(k))** |

20 |                              | |

21 |                              | **DEMAND FOR JURY TRIAL** |

22

23

24

25

26

27

28

                                    1

1

2
## **NATURE OF ACTION**

3
      1.     This is an action under Title VII of the Civil Rights Act of 1964, the California Fair

4
Employment and Housing Act, California Government Code §§ 12940 et seq. ("FEHA") and other

5
California statutory and common law theories to correct unlawful employment practices on the basis

6
of sex, and to provide appropriate relief to PLAINTIFFS, who were adversely affected by such

7
practices.  This action is brought by current and former employees (collectively "PLAINTIFF

8
INTERVENORS") against DEFENDANT Justin Vineyards & Winery, LLC ("JV") and The

9
Wonderful Company, LLC ("TWC") (collectively "DEFENDANTS").  PLAINTIFF

10
INTERVENORS were subjected to sexual harassment, including a hostile environment based on their

11
sex (female), constructive discharge, and/or retaliation for opposing unlawful employment practices

12
during their employment with DEFENDANTS.

13
## **JURISDICTION AND VENUE**

14
      2.     PLAINTIFF INTERVENORS' claims arise under Title VII of the Civil Rights Act of

15
1964, 42 U.S.C. §§2000(e), et seq ("Title VII"). This Court has jurisdiction over this matter pursuant

16
to 28 U.S.C. §§1331, 1337, and 1343(a)(4), and any other applicable provision of Federal Law.  This

17
Court has supplemental jurisdiction over PLAINTIFF INTERVENORS' claims brought under the

18
California Fair Employment and Housing Act, §§12940 *et seq*. and other state statutory and common

19
law remedies pursuant to 28 U.S.C. §1367.  Injunctive and declaratory relief, damages and other

20
appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e(f) and (g), as amended,

21
and applicable provisions of California State law including, but not limited to FEHA.  Jurisdiction in

22
this Court is proper because the employment practices that PLAINTIFF INTERVENORS allege to

23
be unlawful were and are now being committed in California within the jurisdiction of the United

24
States District Court for the Central District of California.

25
## **INTRADISTRICT ASSIGNMENT**

26
      3.     This case is properly assigned to the Western Division of the Central District of

27
California because the action arose from occurrences in Santa Barbara County.

28

COMPLAINT IN INTERVENTION                 Case No. 2:22-cv-06039-PA-RAO

**PARTIES**

4.     PLAINTIFF, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) and 707 of Title VII, 42 U.S.C. §2000e-5(f)(l) and (3) and §2000e-6(e).

5.     PLAINTIFF INTERVENORS are pled as "DOE Plaintiffs" in this action in conformity with the Ninth Circuit precedent *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) to preserve their anonymity at this stage of the judicial proceeding.  Naming the Plaintiffs as "DOES" is appropriate at this stage in the proceeding because their need for anonymity outweighs any prejudice to the opposing parties as well as the public's interest in knowing any party's identity.  In particular, the Plaintiffs should be identified here only as DOEs because: (1) there is significant and well-documented economic threat to the livelihood of these low-wage workers, who have no economic recourse other than to work in this low-wage industry in this geographical area, (2) the PLAINTIFF INTERVENORS are particularly vulnerable due to their socio-economic status and because the economic coercion that historically has been applied in this industry would effectively threaten their ability to survive and provide for their families, (3) the immigration status of agricultural workers and their family members historically has been used to curtail these workers' fight for the protections of the labor laws and other civil rights, (4) the nature of the allegations make revelation of the identities of the anonymous PLAINTIFF INTERVENORS highly prejudicial to them in relations with other and would create needless additional harm and prejudice. DEFENDANTS do not require knowledge of the identities of the "DOE Plaintiffs" at this stage of the proceeding.  Any future need for these names can be resolved by the District Court through pretrial management procedures, including the issuance of protective orders limiting disclosure of a party's name to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.  Nonparties do not require the knowledge of the identities of "DOE Plaintiffs" at this stage of the proceedings, if ever.  As noted by the Ninth Circuit, "it may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit." *Advanced Textile Corp.*, supra, 214 F.3d at 1058.

COMPLAINT IN INTERVENTION                                          Case No. 2:22-cv-06039-PA-RAO

6.  Anonymous PLAINTIFF INTERVENOR ONE is a California resident.  Anonymous PLAINTIFF INTERVENOR ONE is Charging Party One in the EEOC's Complaint. At all relevant times herein, Anonymous PLAINTIFF INTERVENOR ONE has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

7.  Anonymous PLAINTIFF INTERVENOR TWO is a California resident.  At all relevant times herein, Anonymous PLAINTIFF INTERVENOR TWO has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

8.  Anonymous PLAINTIFF INTERVENOR THREE is a California resident.  At all relevant times herein, Anonymous PLAINTIFF INTERVENOR THREE has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

9.  Anonymous PLAINTIFF INTERVENOR FOUR is a California resident.  At all relevant times herein, Anonymous PLAINTIFF INTERVENOR FOUR has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

10.  DEFENDANT JV is a Delaware limited liability company and is a subsidiary of DEFENDANT TWC. DEFENDANT JV is located in the City of Los Angeles, California, but with the majority of its operations in Paso Robles, where its vineyards and winery are located. DEFENDANT JV operates and maintains a vineyard, growing wine grapes, as well as a winery and bottling facility, a restaurant, and a hotel.  During all relevant times alleged herein, DEFENDANT JV employed PLAINTIFF INTERVENORS and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.

11.  DEFENDANT TWC is a holding company whose subsidiaries include DEFENDANT JV and has continuously been doing business in the State of California and the County of San Luis Obispo.

12.  DEFENDANTS directly and/or jointly employed PLAINTIFF INTERVENORS in each calendar year from 2015 through 2019. DEFENDANT JV has continuously employed at least 101 employees.  DEFENDNAT TWC has continuously employed at least 501 employees.

///

13.     At all relevant times, the DEFENDANTS has continuously been doing business in the State of California and has continuously had at least 15 employees.

14.     During the period in question, DEFENDANTS violated or caused to be violated the violations described in this complaint.

15.     At all relevant times, the DEFENDANTS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

16.     All of the acts and failures to act alleged herein were duly performed by and attributable to all DEFENDANTS, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each DEFENDANTS participated in, approved and/or ratified the unlawful acts and omissions by the other DEFENDANTS complained of herein. Whenever and wherever reference is made in this Complaint to any act by a DEFENDANTS or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures to act of each DEFENDANTS acting individually, jointly, and/or severally.

17.     PLAINTIFF INTERVENORS are ignorant of the true names and capacities of each DEFENDANTS sued as DOES 1 through 10, inclusively, and therefore PLAINTIFF INTERVENORS sue said DEFENDANTS by fictitious names. PLAINTIFF INTERVENORS reserve the right to amend the complaint to name each DOE DEFENDANTS individually or collectively as they become known. PLAINTIFF INTERVENORS allege that each DOE DEFENDANTS was in some manner responsible for the acts and omissions alleged herein and PLAINTIFF INTERVENORS will amend the complaint to allege such responsibility when the same shall have been ascertained by PLAINTIFF INTERVENORS.

**ADMINISTRATIVE PROCEDURES**

18.     Prior to the institution of this lawsuit, PLAINTIFF INTERVENOR ONE filed charges with the EEOC and DFEH alleging violations of Title VII and FEHA by DEFENDANT JV.

///

COMPLAINT IN INTERVENTION                    Case No. 2:22-cv-06039-PA-RAO

19.     The EEOC issued a Right to Sue letter to PLAINTIFF INTERVENOR ONE advising her that examination of the evidence obtained in the EEOC's investigation supported a finding that there is reasonable cause to believe PLAINTIFF INTERVENOR ONE was sexually harassed dur to her sex (female), was retaliated agaisnt and/or constructively discharged, in violation of Title VII. PLAINTIFF INTERVENORS ONE exhausted her administrative requirements in order to bring their claims pursuant to FEHA.

20.     The EEOC's Letters of Determination finding also advised that the investigation supported a finding that a class of similarly situated individuals were subjected to unlawful employment discrimination based upon their sex, female, and harassment, in violation of Title VII. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. The Commission was unable to secure from DEFENDANTS a conciliation agreement acceptable to the Commission. Hence, the Commission issued to DEFENDANTS a Notice of Failure of Conciliation. All conditions precedent to the institution of this lawsuit have been fulfilled.

21.     PROSPECTIVE INTERVENORS TWO through FOUR are similarly situated females who experienced similar type of sexual harassment as PROSPECTIVE INTERVENOR ONE who is the charging party in *EEOC v. Justin Vineyards.* As a result, PROSPECTIVE INTERVENORS TWO through FOUR are aggrieved persons and have a right to intervene pursuant to the single filing rule, also known as the "piggybacking" rule. Under the single filing rule, an aggrieved employee who fails to file a timely charge with the EEOC may still pursue a claim by intervening onto the timely EEOC charge filed by the charging Plaintiff. *Arizona ex rel. Horne v. Geo Grp., Inc.,* F3d 1189 1201 (9th Cir. 2016).

///

///

///

///

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

**FACTUAL ALLEGATIONS**

22.     Since at least August 2017, DEFENDANTS have engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) by subjecting a class of aggrieved individuals to sexual harassment, retaliation, and/or constructive discharge. The unlawful employment practices include but are not limited to those practices identified herein.

23.     Since at least August 2017, DEFENDANTS have engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting a class of aggrieved employees to ongoing, unwelcome, severe, or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female).

24.     During their employment, PLAINTIFF INTERVENORS and a class of similarly siutated aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by DEFENDANTS' male supervisors. The supervisors' conduct included but was not limited to, unwanted sexual touching of the buttocks, waist, and breasts, rubbing of genitals on female subordinate employees, unwanted hugging and kissing, forcible kissing on the mouth, grabbing on the hands, snapping of bra straps, nibbling on the ear, biting on the shoulder, exposure of male employees' private body parts, texting inappropriate photos, and stroking employees' hair. The supervisors' conduct also included, but was not limited to, frequent sexual comments, including comments about employees' breasts and buttocks (such as commenting on an employee's nipples or stating "I want to smack that ass," "that ass looks great in those jeans," or "your boobs look great in that top"), undergarments and clothing (such as discussing what bra or panties an employee might be wearing or texting an employee at 2 or 3 a.m. to ask what she was wearing), appearances (such as "you look super-hot" or calling an employee "sexy"), and desire to engage in sexual activity with employees, as well as inappropriate sexual comments and requests (such as a request to engage in a threesome and stating a desire to get a divorce to be with an employee).

///

---

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

25.     Since at least 2017, DEFENANTS knew or should have known of the hostile work environment at its worksites. The sexually charged and inappropriate actions and comments by the male supervisors were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of DEFENDANTS' other managers and supervisors.

26.      PLAINTIFF INTERVENORS and members of the class of aggrieved employees complained verbally and in writing to supervisors and management about the harassment and hostile work environment they endured.

27.     The harassers' conduct was unwelcomed by the PLAINTIFF INTERVENORS and throughout their employment with DEFENDANTS.

28.     The harassers' conduct towards the PLAINTIFF INTERVENORS was severe and/or pervasive.

29.     In response to the harassers' unwelcome behavior, the PLAINTIFF INTERVENORS objected by telling the harassers to stop, moving away from them, and/or complaining about them to DEFENDANTS.

30.     Notwithstanding the PLAINTIFF INTERVENORS' objections and protests, however, the sexual harassment by the harassers continued throughout their employment with DEFENDANTS.

31.     Notwithstanding the numerous complaints received, DEFENDANTS failed to take sufficient reasonable care to prevent and promptly correct the harassers' unlawful behavior by failing to properly investigate some of the complaints, failing to interview third-party witnesses, and/or failing to take any disciplinary action against the harassers.

32.     As a result, the PLAINTIFF INTERVENORS were subjected to ongoing sexual harassment, retaliation, and/or constructive discharge thereafter.

33.     DEFENDANTS' management discouraged the female employees from complaining during workplace meetings.

34.     DEFENDANTS did not have effective anti-harassment policies and/or procedures in place.

35.     DEFENDANTS knew about the sexual harassment of temporary employees placed by placement staffing agencies and failed to take appropriate corrective action.

36.     The effect of the practices complained of above has been to deprive the PLAINTIFF INTERVENORS of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

37.     The effect of the practices complained of above has been to deprive the PLAINTIFF INTERVENORS of equal employment opportunities and otherwise adversely affect their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

38.     The unlawful employment practices complained of above were intentional and caused the PLAINTIFF INTERVENORS to suffer emotional distress.

39.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the PLAINTIFF INTERVENORS.

**PLAINTIFF INTERVENOR ONE**

40.     PLAINTIFF INTERVENOR ONE, female, was employed by DEFENDANTS from about August 2015 to August 2019, as a cellar worker.

41.     During her employment with DEFENDANTS, PLAINTIFF INTERVENOR ONE was harassed by one of DEFENDANTS' male supervisor, which included but was not limited to yelling at her, slapping her buttocks, putting his hand around her waist while standing behind her and touching her buttocks, making fun of her grammar and accent when she spoke English, and forcibly pulling her by the arm to find Human Resources Manager Alicia Ballesteros to translate when PLAINTIFF INTERVENOR ONE spoke to him in English, although her English was not in fact difficult to understand.

42.     The harassing, hostile and discriminatory behavior toward PLAINTIFF INTERVENOR ONE included, but was not limited to, unwelcomed comments, mocking, yelling, intimidation, and unwanted physical touching. These acts were severe and pervasive.

43.     DEFENDANTS also retaliated against PLAINTIFF INTERVENOR ONE for complaining about sexual harassment.

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

44.     PLAINTIFF INTERVENOR ONE complained to management and/or Human Resources employees, including but not limited to Human Resources Manager Alicia Ballesteros and Human Resources Director Danny Hanson about the sexual harassment that she experienced.

45.     Said reports and requests were ignored by DEFENDNATS, or were responded to with indifference, and by assigning PLAINTIFF INTERVENOR ONE to less favorable working conditions, and eventually, constructively discharging her from her employment.

46.     The harassment PLAINTIFF INTERVENOR ONE was subjected to was unwelcome and made her uncomfortable.

47.     The harassment PLAINTIFF INTERVENOR ONE was subjected to was severe and/or pervasive.

48.     Despite PLAINTIFF INTERVENOR ONE'S complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

49.     In retaliation for complaining about the harassment, the harassers escalated their conduct towards PLAINTIFF INTERVENOR ONE.

**PLAINTIFF INTERVENOR TWO**

50.     PLAINTIFF INTERVENOR TWO, female, was employed by DEFENDANTS from about August 2017 to August 2019, as a cellar worker.

51.     During her employment with DEFENDANTS, PLAINTIFF INTERVENOR TWO was harassed by a male supervisor employed by DEFENDANTS, who would attempt to discipline PLAINTIFF INTERVENOR TWO by slapping her hands. The male supervisor demanded PLAINTIFF INTERVENOR TWO extend her arms and hands forward in order to slap them with his hands as a punitive and humiliating measure following what said male supervisor perceived as a mistake from PLAINTIFF INTERVENOR TWO. When PLAINTIFF INTERVENOR TWO refused to extend her hands, the male supervisor told PLAINTIFF INTERVENOR TWO, "would you rather I slap your behind?"

52.     On different occasions throughout PLAINTIFF INTERVENOR TWO's employment with DEFENDANTS, a different male supervisor employed by DEFENDANTS made sexual and discriminatory comments to PLAINTIFF INTERVENOR TWO, which included but was not limited

to: "what color are your panties today," and "don't bend over there so far, bend over here closer to me," "when you bend over I can see your panties," "I can't get hard because I have diabetes but with you maybe I can," "Women are gross," and "I'm glad I wasn't born a women."

53.     The harassment PLAINTIFF INTERVENOR TWO was subjected to was unwelcome and made her uncomfortable.

54.     The harassment PLAINTIFF INTERVENOR TWO was subjected to was severe and/or pervasive.

55.     Despite PLAINTIFF INTERVENOR TWO's complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

**PLAINTIFF INTERVENOR THREE**

56.     PLAINTIFF INTERVENOR THREE, female, was employed by DEFENDANTS from about August 2015 to August 2019, as a cellar worker.

57.     During her employment with DEFENDANTS, PLAINTIFF INTERVENOR THREE was harassed by a male supervisor who would discipline PLAINTIFF INTERVENOR THREE by slapping her hands. Another male supervisor on different occasion would make comments to PLAINTIFF INTERVENOR THREE which included but was not limited to, "me la pelas" (a vulgar expression in Spanish translating to: "you peel it for me," referring to peeling up the foreskin on a penis and meant to denigrate the recipient of the expression and connote superiority) or "vales verga" (a vulgar expression in Spanish meaning "you're worth dick" meant to denigrate the recipient of the expression and connote superiority).

58.     The harassment PLAINTIFF INTERVENOR THREE was subjected to was unwelcome and made her uncomfortable.

59.     The harassment PLAINTIFF INTERVENOR THREE was subjected to was severe and/or pervasive.

60.     Despite PLAINTIFF INTERVENOR THREE complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

**PLAINTIFF INTERVENOR FOUR**

61.     PLAINTIFF INTERVENOR FOUR, female, was employed by DEFENDANTS as a

cellar worker during the relevant time period.

62.     During her employment with DEFENDANTS, PLAINTIFF INTERVENOR FOUR was harassed by a male supervisor who would intentionally glide his hands across PLAINTIFF INTERVENOR FOUR'S buttocks whenever he would pass from behind.

63.     The harassment PLAINTIFF INTERVENOR FOUR was subjected to was unwelcome and made her uncomfortable.

64.     The harassment PLAINTIFF INTERVENOR FOUR was subjected to was severe and/or pervasive.

65.     Despite PLAINTIFF INTERVENOR FOUR's complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

## STATEMENT OF CLAIMS

66.     Since at least 2017, the DEFENDANTS has engaged in unlawful employment practices and in a pattern of such practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§  2000e-2, the California Fair Employment and Housing Act, California Government Code §§12940 et seq. ("FEHA") and other California statutory and common law theories by subjecting PLAINTIFF INTERVENORS ONE through FOUR, as well as other female employees, to sexual harassment, a hostile work environment, retaliation, and/or constructive discharge. The sexually harassing behavior was perpetrated by supervisors and included, but was not limited to, unwelcome touching and explicit sexual commentary. DEFENDANTS failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

67.     DEFENDANTS exercised control over employees placed by placement staffing in the following ways, including but not limited to, directly supervising their day-to-day work, responding to complaints, and subjecting them to discipline. DEFENDANTS had control over its worksite to investigate and correct the conduct that occurred at its worksite including conduct of employees, whether it exercised that control or not.

68.     The unlawful employment practices by DEFENDANTS and complained of herein were and are willful within the meaning of §706(f)(l) and (3), 706(g)(l), and 707 of Title VII, 42 U.S.C., §2000e-5(f)(l) and (3), (g)(l), and 2000e-6. The unlawful employment practices complained

of herein were and are intentional and caused PLAINTIFF INTERVENORS ONE through FOUR to suffer emotional distress. The effect of the practices complained of above has been to deprive PLAINTIFFS ONE through FOUR of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

69.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of PLAINTIFF INTERVENORS ONE THROUGH FOUR, as well as other female employees.

### **FIRST CLAIM FOR RELIEF:**

**UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (TITLE VII, 42 U.S.C. §2000e-2(a)(l))**

70.     PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation contained in the paragraphs presented in this Complaint as though fully set forth herein.

71.     DEFENDANTS unlawfully discriminated against PLAINTIFF INTERVENORS based on their sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

72.     DEFENDANTS treated PLAINTIFF INTERVENORS less favorably than similarly situated male employees, subjecting them to discriminatory terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to: unwelcome sexual advances, unwelcome sexual touching, degrading comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against PLAINTIFF INTERVENORS as described above.

73.     DEFENDANTS'S acts of discrimination against PLAINTIFF INTERVENORS on the basis of sex were wanton, willful and intentional, and were committed with malicious and reckless disregard of the rights and sensibilities of the PLAINTIFF INTERVENORS.

74.     As a direct and proximate result of the aforesaid discrimination based on PLAINTIFF INTERVENORS' sex, PLAINTIFF INTERVENORS have sustained a loss of earnings and other benefits. They also have suffered physical injuries and severe emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness and other symptoms of stress.

75.     WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**SECOND CLAIM FOR RELIEF:**

**UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX
(CALIFORNIA GOVERNMENT CODE §12940(a))**

76.     PLAINTIFF INTERVENOR TWO through FOUR hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

77.     At all times material hereto, DEFENDANTS owed PLAINTIFF INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their sex as mandated by the Fair Employment and Housing Act, Government Code Section 12940(a).

78.     In violation of the aforesaid duty, DEFENDANTS treated PLAINTIFF INTERVENORS less favorably than similarly situated male employees, subjecting them to discrimination in working conditions, benefits, and in other terms and conditions of their employment including, but not limited to: reduction in working hours and conditions of employment, unwelcome sexual advances, unwelcome sexual touching, degrading comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against PLAINTIFF INTERVENORS as described above.

79.     DEFENDANTS'S decisions to take the adverse actions against PLAINTIFF INTERVENORS were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

80.     As a direct and proximate result of the aforesaid discrimination based on sex, PLAINTIFF INTERVENORS have sustained harm including severe emotional stress and the loss of compensation, including but not limited to, wages and other benefits that they otherwise would have received.

81.     DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

82.     PLAINTIFF INTERVENORS are entitled to recover attorneys' fees under Government Code section 12940, et sea. or any other law providing for recovery of attorneys' fees.

83.     WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF:

**HOSTILE ENVIRONMENT SEXUAL HARASSMENT (TITLE VII, 42 U.S.C. § 2000e-2(a)(l))**

84.     PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation stated above as though fully set forth herein.

85.     This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000 et seq.  PLAINTIFF INTERVENORS are women and as such are members of a group protected under TITLE VII from harassment – hostile work environment on the basis of sex.

86.     DEFENDANTS violated PLAINTIFF INTERVENORS' rights under Title VII by subjecting PLAINTIFF INTERVENORS to unwelcome sexual comments and acts and permitting and encouraging a work environment in which PLAINTIFF INTERVENORS were subjected to ridicule, harassment, discrimination and intimidation because of their sex, unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct by DEFENDANTS'S employees.

87.     PLAINTIFF INTERVENORS did not welcome the conduct described above and advised DEFENDANTS that such conduct was not welcome.

88.     DEFENDANTS'S aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

89.     DEFENDANTS participated in creating and maintaining a hostile work environment and failed to investigate, stop, or prevent the incidents of sexual harassment even after DEFENDANTS'S employees gave notice of such incidents.

90.     As a direct and proximate result of the aforesaid harassment based on sex, PLAINTIFF INTERVENORS have sustained injury in the form of severe emotional distress, humiliation, embarrassment, physical injury and mental anguish, all to their damage in amounts to be established

1    at trial.

2    91.    The harassment adversely affected the PLAINTIFF INTERVENORS' psychological

3    well-being.

4    92.    The harassment unreasonably interfered with PLAINTIFF INTERVENORS work

5    performance.

6    93.    The harassment to which PLAINTIFF INTERVENORS were subjected to would

7    affect the psychological well-being and unreasonably interfere with the work performance of a

8    reasonable person of PLAINTIFF INTERVENORS' sex.

9    94.    Sexual harassment was sufficiently widespread, pervasive, and prevalent at the

10   workplace of DEFENDANTS and at all times pertinent hereto to charge DEFENDANTS with

11   constructive notice of it.

12   95.    Prior to filing a charge with the EEOC, PLAINTIFF INTERVENORS ONE through

13   FOUR and other female employees gave DEFENDANTS notice of sexual harassment.

14   96.    DEFENDANTS failed to investigate PLAINTIFF INTERVENORS' and other female

15   employees' complaints.

16   97.    DEFENDANTS failed to take adequate remedial action.

17   98.    Following PLAINTIFF INTERVENORS' and other female employees' complaints

18   and the response of DEFENDANTS, the harassment of PLAINTIFF INTERVENORS continued.

19   99.    DEFENDANTS had the power to alter or affect the terms and conditions of the

20   employment of PLAINTIFF INTERVENORS by firing, transferring, altering their work schedule

21   and/or evaluating their work performance and by discharging complained of sexual harassers.

22   100.   DEFENDANTS'S employees that harassed PLAINTIFF INTERVENORS ONE

23   through FOUR, and other employees, were acting within their scope of employment.

24   101.   PLAINTIFF INTERVENORS sustained emotional suffering and injury attributable to

25   the harassment.

26   102.   DEFENDANTS acted with malice and with reckless indifference to PLAINTIFF

27   INTERVENORS' civil rights and emotional and physical well-being.

28   103.   WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

## FOURTH CLAIM FOR RELIEF:

### HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT (CALIFORNIA GOVERNMENT CODE § 12940(j))

104.     PLAINTIFF INTERVENOR TWO through FOUR hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

105.     PLAINTIFF INTERVENORS are women. DEFENDANTS subjected them to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct as described above and/or failed to take steps reasonably calculated to end the sexual harassment of PLAINTIFF INTERVENORS.

106.     DEFENDANTS'S aforesaid unwelcome sexual comments and acts were so severe or pervasive that they created a hostile work environment and adversely affected the terms and conditions of PLAINTIFF INTERVENORS ' employment based on their sex, in violation of the Fair Employment and Housing Act, Government Code §12940(j).

107.     DEFENDANTS'S aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

108.     As a direct and proximate result of the aforesaid harassment based on sex, PLAINTIFF INTERVENORS 's have sustained injuries in the form of severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

109.     DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

110.     PLAINTIFF INTERVENORS are entitled to recover attorneys' fees under Government Code section 12940, et seq. or any other law providing for recovery of attorneys' fees.

111.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

## **FIFTH CLAIM FOR RELIEF:**

**RETALIATION**
**(Pursuant to Title VII of the Civil Rights Act of 1964, as amended)**

112.    PLAINTIFF INTERVENORS incorporate by reference the allegations stated above.

113.    At all times relevant herein, PLAINTIFF INTERVENORS engaged in a protected activity under Title VII of the Civil Rights Act of 1964, as amended, by complaining to DEFENDANTS'S management about harassment, discriminating, and the persistent pattern of unlawful sexual harassment and discrimination against female employees.

114.    At all times material hereto, DEFENDANTS owed PLAINTIFF INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 32000e-3(a).

115.    In violation of the aforesaid duty, DEFENDANTS took adverse actions against PLAINTIFF INTERVENORS because of their protected activity of complaining about the harassment and discrimination against them, as described herein.

116.    During the course of PLAINTIFF INTERVENORS' employment with DEFENDANTS, PLAINTIFF INTERVENORS complained to DEFENDANTS about the unwanted and persistent sexual advances, harassment, and discrimination against PLAINTIFF INTERVENORS. As alleged above, DEFENDANTS retaliated against PLAINTIFF INTERVENORS for making these complaints by tolerating constant sexual harassment towards PLAINTIFF INTERVENORS, and by threatening them.

117.    DEFENDANTS'S conduct as described above was willful, despicable, knowing, and intentional; accordingly, PLAINTIFF INTERVENORS are entitled to an award of punitive and exemplary damages in an amount according to proof.

118.    DEFENDANTS'S decisions to take the adverse actions against PLAINTIFF INTERVENORS described herein were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

119.    As a direct and proximate result of the aforesaid discrimination based on protected activity, PLAINTIFF INTERVENORS sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

120.    As a proximate result of DEFENDANTS' conduct, PLAINTIFF INTERVENORS have sustained and continue to sustain losses in earnings and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof at trial.  DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

121.    PLAINTIFF INTERVENORS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorney's fees under 42 U.S.C. 5 2000(e), el seq., Title VII of the Civil Rights Act of 1964 or any other law providing for recovery of attorneys' fees.

122.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

### SIXTH CLAIM FOR RELIEF:

**UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY**
**(CALIFORNIA GOVERNMENT CODE §12940(h))**

123.    PLAINTIFF INTERVENOR TWO through FOUR hereby incorporate by reference the above allegations.

124.    At all times material hereto, DEFENDANTS owed PLAINTIFF INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by the Fair Employment and Housing Act, Government Code Section §12900 et seq.

125.    In violation of the aforesaid duty, DEFENDANTS took adverse actions against PLAINTIFF INTERVENORS because of their protected activity of complaining about the

19

harassment and discrimination against them, as described herein.

126.    DEFENDANTS'S decision to take the adverse actions against PLAINTIFF INTERVENORS described herein were wanton, willful and intentional, and committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

127.    As a direct and proximate result of the aforesaid discrimination based on protected activity, PLAINTIFF INTERVENORS sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

128.    DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

129.    PLAINTIFF INTERVENORS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorneys' fees under Government Code section 12940, et seq., or any other law providing for recovery of attorneys' fees.

130.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

### SEVENTH CLAIM FOR RELIEF:

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT,**
**(CALIFORNIA GOVERNMENT CODE §12940(k))**

131.    PLAINTIFF INTERVENOR TWO through FOUR hereby incorporate by reference each and every allegation contained above.

132.    DEFENDANTS and/or their agents and/or employees, failed to take all reasonable steps necessary to prevent the harassment and discrimination in employment described herein from occurring. DEFENDANTS knew or should have known of the discrimination against PLAINTIFF INTERVENORS described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination and failed to take immediate and appropriate corrective action so as

to discipline any of the offenders.

133.    The response of DEFENDANTS, and/or that of their agents and employees, to the discrimination and harassment described herein was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between DEFENDANTS'S inaction and the injuries suffered by PLAINTIFF INTERVENORS.

134.    By failing to take all reasonable steps necessary to prevent discrimination and harassment, and by failing to properly investigate and remedy the discrimination and harassment that occurred, DEFENDANTS committed unlawful employment practices as described in and prohibited by California Government Code §12940(k).

135.    In engaging in the aforementioned conduct, DEFENDANTS aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

136.    As a direct and foreseeable result of the aforesaid acts of said DEFENDANTS, PLAINTIFF INTERVENORS have lost and will continue to lose income and benefits in an amount to be proven at the time of trial. PLAINTIFF INTERVENORS claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

137.    As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF INTERVENORS claim general damages for mental and severe emotional distress and aggravation in an amount to be proven at the time of trial.

138.    DEFENDANTS, acting individually and/or by and through their managing agents. officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

139.    PLAINTIFF INTERVENORS are entitled to recover attorneys' fees under California

COMPLAINT IN INTERVENTION                          Case No. 2:22-cv-06039-PA-RAO

1    Government Code §12940, el seq., or any other law providing for recovery of attorneys' fees.

2        140.   WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

3    ## PRAYER FOR RELIEF

4        141.   WHEREFORE, PLAINTIFF INTERVENORS respectfully pray that this Court:

5            a.  Award PLAINTIFF INTERVENORS compensatory damages
6                including lost wages and benefits according to proof;

7            b.  Award PLAINTIFF INTERVENORS mental and emotional distress
8                damages for their emotional suffering and related medical and
9                therapeutic expenses according to proof;

10           c.  Award PLAINTIFF INTERVENORS civil penalties as provided by
11               statute;

12           d.  Award PLAINTIFF INTERVENORS punitive and exemplary
13               damages according to proof;

14           e.  Award PLAINTIFF INTERVENORS attorney fees and costs,
15               including expert witness fees, pursuant to 42 U.S.C. §2000e-5(k);

16           f.  Award PLAINTIFF INTERVENORS prejudgment interest on all
17               amounts claimed and award PLAINTIFF INTERVENORS any
18               other relief that this Court may deem proper;

19           g.  All damages which individual PLAINTIFF INTERVENORS have
20               sustained as a result of DEFENDANTS' conduct, including: general
21               and special damages for lost compensation and job benefits that they
22               would have received but for the discriminatory practices of
23               DEFENDANTS, damages for emotional distress and punitive
24               damages, in amounts according to proof;

25           h.  A declaratory judgment that the practices complained of in this
26               complaint are unlawful and violate Title VII of the Civil Rights Act
27               of 1964, 42 U.S.C. 5 2000(e), el seq.,   the California Fair
28               Employment and Housing Act, California Government Code

§§12940 et seq. ("FEHA") and other California statutory and common laws alleged herein;

i.   Grant a permanent injunction enjoining DEFENDANTS, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex;

j.   Order DEFENDANTS to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

k.   Order DEFENDANTS to make whole PLAINTIFF INTERVENORS to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

l.   Order DEFENDANTS to make whole PLAINTIFF INTERVENORS by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial;

m.  Order DEFENDANTS to pay PLAINTIFF INTERVENORS punitive and exemplary damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

n.   Grant such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF INTERVENORS hereby demand trial of their claims by jury to the extent authorized by law.

Dated: November ___, 2022

**MALLISON & MARTINEZ**


By: _____
           Hector R. Martinez
           Stan S. Mallison
           Tania Fonseca
           Attorneys for PLAINTIFF INTERVENORS