KRISTINA M. DIAZ (SBN 151566)
kristina.diaz@roll.com
LISA A. STILSON (SBN 196059)
lisa.stilson@roll.com
JENNA W. LOGOLUSO (SBN 266685)
jenna.logoluso@roll.com
MATTHEW C. ONYETT (SBN 295419)
matthew.onyett@roll.com
LAUREN BABST (SBN 313156)
lauren.babst@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone:   (310) 966-8400
Facsimile:    (310) 966-8810

Attorneys for Defendants
JUSTIN VINEYARDS & WINERY LLC
THE WONDERFUL COMPANY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-06039 PA (RAOx)<br><br>**DEFENDANTS JUSTIN VINEYARDS & WINERY LLC, AND THE WONDERFUL COMPANY LLC'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT**<br><br>[Assigned to District Judge Percy Anderson and Magistrate Judge Rozella A. Oliver]<br><br>[Filed concurrently with Declaration of Lisa A. Stilson; Proposed Order]<br><br>Judge:    Hon. Percy Anderson<br>Date:     January 23, 2023<br>Time:     1:30 p.m.<br>Ctrm:     9A<br><br>Action filed:    August 25, 2022<br>Trial date:      None set |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on January 23, 2023, at 1:30 p.m. or as soon thereafter as this matter may be heard, in Courtroom 9A of the United States District Court for the Central District of California, located at 350 W. First Street, Los Angeles, California 90012, before the Honorable Percy Anderson, Defendants Justin Vineyards & Winery LLC and The Wonderful Company LLC ("Defendants"), will and hereby do move for an order dismissing Plaintiff U.S. Equal Opportunity Employment Commission's ("EEOC") Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or, in the alternative, for a more definite statement pursuant to FRCP 12(e).

This motion is made on the following grounds:

The Court should dismiss the EEOC's Complaint for failure to state a claim under Rule 12(b)(6), as the Complaint fails to include necessary details as to the scope of the class, the timing of the alleged misconduct, the locations of the alleged misconduct, and the identity of the perpetrators involved.

Alternatively, the matter should be stayed pursuant to the Court's inherent authority, *Mach Mining, LLC v EEOC*, 575 US 480 (2015),  and 42 U.S.C. § 2000e-5(f)(1), and the EEOC should be ordered to restart and complete the conciliation process in good faith in accordance with its statutory directive.

As another alternative, the Court should order the EEOC to file a more definite statement pursuant to Rule 12(e) because the Complaint is so vague that Defendants cannot ascertain the substance of the claims nor respond to them.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Lisa A. Stilson and the exhibits attached thereto, the pleadings and papers on file herein, and upon such

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

1   other evidence and oral argument the Court may permit at the hearing of this matter.

2        This motion is made following conferences of counsel pursuant to L.R. 7-3

3   which took place on November 28, 2022.  The parties' meet and confer efforts are

4   described in further detail in the Declaration of Lisa A. Stilson, filed herewith.

5

6   DATED:  December 6, 2022     ROLL LAW GROUP PC

7

8

9        By:     */s/ Lisa A. Stilson*

10       Kristina M. Diaz

11       Lisa A. Stilson
         Jenna W. Logoluso

12       Matthew C. Onyett

13       Lauren Babst
         Attorneys for Defendant,

14       JUSTIN VINEYARDS & WINERY LLC
         THE WONDERFUL COMPANY LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................7

II.     FACTUAL AND PROCEDURAL HISTORY ...................................9

    A.      Initiating Charge and EEOC's Investigation .........................9

    B.      EEOC's Determination Letter ...............................................10

    C.      EEOC's Refusal to Describe Claims Against Justin During Conciliation ..........................................................................11

    D.      EEOC Ends Conciliation and Files Complaint .....................12

    E.      EEOC Files a Complaint Lacking Sufficient Detail .............13

    F.      The EEOC's Consistent Refusal to Disclose Information .....13

III.    LEGAL STANDARD ......................................................................14

    A.      Rule 12(b)(6) Failure to State a Claim .................................14

    B.      Motion to Stay Pursuant to the Court's Inherent Power and 42 U.S.C. § 2000e-5(f)(1) .......................................................14

IV.     ARGUMENT ...................................................................................15

    A.      EEOC's Complaint Fails to State a Claim on Behalf of a "Class" .......15

    B.      In the Alternative, The Court Should Order the EEOC to Engage in Conciliation in Compliance with Its Statutory Directive, and Stay Proceedings Until Conciliation Efforts are Exhausted in Good Faith ..................................................................17

        1.      The EEOC Failed to Inform Justin About the Specific Allegations Against It ..........................................18

        2.      The EEOC Did Not Give Justin an Opportunity to Remedy The Allegedly Discriminatory Practice .......................20

    C.      Alternatively, The Court Should Order the EEOC to File a More Definite Statement ..........................................................23

V.      CONCLUSION ...............................................................................24

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY
FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. Johnson*
    355 F.3d 1179 (9th Cir. 2004)..........................................................14

*Air Line Pilots Ass'n v. Miller*
    523 U.S. 866 (1998) ...............................................................15, 18

*Arizona ex rel. Horne v. Geo Group, Inc.*
    816 F.3d 1189 (9th Cir. 2016)........................................................19

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ....................................................................14

*Cazorla v. Koch Foods of Mississippi, LLC*
    3:10CV135-DPJ-FKP 2013 WL 11328253 (S.D. Miss. Aug. 28, 2013).........16

*Conta v. City of Huntington Beach*
    2022 WL 3574439 (C.D. Cal. June 22, 2022) ...............................23

*EEOC v. 5042 Holdings Ltd.*
    No. 3:09-CV-61, 2010 WL 148085 (N.D. W. Va. Jan. 11, 2010) .................15

*EEOC v. Bass Pro Outdoor World LLC*
    826 F.3d 791 (5th Cir. 2016).......................................................17, 18

*EEOC v. Fed Reserve Bank*
    84 F.R.D. 337 (W.D. Tenn. 1979).......................................................24

*EEOC v. Fed. Reserve Bank of St. Louis*
    84 F.R.D. 337 (W.D.Tenn.1979)........................................................15

*EEOC v. Geisinger Health*
    No. CV 21-4294-KSM, 2022 WL 10208553 (E.D. Pa. Oct. 17, 2022)....15, 22

*EEOC v. JBS USA. LLC*
    481 F. Supp. 3d 1204 (D. Colo. 2020) ...............................15, 16, 24

*EEOC v. MJC, Inc.*
    400 F. Supp. 3d 1023 (D. Haw. 2019) ..........................................19

*EEOC v. UPS*
    No. 09-cv-5291, 2013 WL 140604 (N.D. Ill. Jan. 11, 2013)..........................15

*Erickson v. Pardus*
    551 U.S. 89, 93 (2007) ................................................................15

*Mach Mining, LLC v EEOC*
    575 US 480 (2015) ..........................................9, 17, 18, 20, 21, 22

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY
FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

1

## STATUTES

2  42 U.S.C. § 2000e-5(f)(1) ................................................................9, 14, 18

3  5 U.S.C. § 552(b)(7)(A) ..............................................................................14

4

## RULES

5  Fed. R. Civ. P. 12(b)(6) ........................................................................9, 14, 16

6  Fed. R. Civ. P. 8(a)(2) ......................................................................14, 15

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         Before the EEOC files a complaint against an employer it is required by

4    statute to do at least two things: 1) inform the employer about the specific

5    allegations against it—describing both what the employer has done and which

6    employees or class has suffered as a result; and 2) attempt to engage the employer in

7    a meaningful discussion in order to give the employer an opportunity to remedy the

8    alleged practice and engage meaningfully in a conciliation process to potentially

9    resolve the claims before they are brought to litigation.  None of that was done here.

10   The EEOC refused to provide Justin with the names of class members, disclose

11   whether or not the alleged perpetrators still worked at Justin (or which department

12   they worked in if so), or what department or location the alleged harassment took

13   place in.  In a bald effort to garner a controversial headline, the EEOC told Justin

14   little more than that harassment claims had been asserted against Justin—

15   purportedly as far back as 2017—before demanding five years later that Justin

16   immediately respond to the EEOC's settlement demand of $2.7 million or else be

17   sued.

18        The EEOC's alleged effort at "conciliation" and the $2.7 million demand was

19   a farce, forcing Justin to decline the EEOC's ultimatum.  Without any opportunity to

20   meaningfully investigate the alleged claims (and/or remediate the purported issues),

21   Justin could not evaluate the strength or lack thereof of the claims asserted against

22   it.  And by hiding the ball on the evidence (or lack thereof) behind the accusations

23   against Justin, the EEOC would either extort a large settlement or litigate with an

24   accompanying press release.  In violation of its own edicts, the EEOC plainly did

25   not seek genuine conciliation in this case nor desire the remediation of any alleged

26   issues at Justin.  Instead, the EEOC got precisely what it sought—another complaint

27   on file (with a barrage of others) just before the end of its fiscal year with all the

28   attached publicity.

1  The EEOC's Complaint against Justin should be dismissed in its entirety or,
2  in the alternative, stayed until such time as the EEOC reinitiates and participates in a
3  meaningful conciliation process in good faith and in accordance with its statutory
4  directive.

5  First, the Complaint is facially deficient under FRCP 12.  This action—one of
6  many included in the EEOC's cluster of lawsuits filed at the end of its fiscal year—
7  fails to allege facts sufficient to provide adequate notice to Justin of the claims
8  alleged against it nor does the EEOC properly identify the purported class.  The
9  EEOC alleges sexual harassment *by unknown persons against a purported "class"*
10  *of unknown persons, at an unknown place and time*.  The Complaint should not
11  survive a motion to dismiss because it fails to even give a general description of the
12  purported class or its scope, information about the alleged perpetrators of the
13  harassment, the place or department(s) at issue, or general timeframe when the
14  alleged harassment took place.

15  Second, in the unlikely event that the Court is not inclined to dismiss the
16  Complaint, it should stay the proceedings and order the EEOC to engage in the
17  conciliation process in good faith and in compliance with the law.  The EEOC
18  withheld the most basic information about the claims against Justin throughout the
19  purported prelawsuit conciliation process.  Specifically, the EEOC refused to
20  provide Justin with information indicating who was involved in the alleged
21  harassment (both as offenders and victims) or where or when the harassment
22  occurred.  This information was vital to Justin's ability to investigate and assess the
23  EEOC's allegations and to remedy any existing problems.  However, despite
24  Justin's repeated requests for this information during the conciliation process, the
25  EEOC refused to provide it.  It also refused to provide the information even in
26  connection with a later FOIA request by Justin.  The EEOC never attempted to
27  eliminate the alleged unlawful employment practice through informal methods at
28  all.  To the contrary, the EEOC's conduct effectively foreclosed the possibility of

1   any substantive investigation by Justin and made it impossible to identify and

2   remedy any of the alleged improprieties or engage in a meaningful conciliation.  The

3   EEOC sought a flashy settlement payout by Justin, placing pressure on Justin by

4   refusing to disclose information about the alleged claims that, to Justin's knowledge,

5   arose from conduct occurring at least 5 years earlier.  The EEOC plainly betrayed its

6   own directive to help prevent harm in the workplace and has deprioritized that

7   directive to its desire for publicity and self-serving need to get complaints on file

8   before the end of its fiscal year.

9         For these reasons and others, the Complaint fails to state a claim for relief and

10   should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the

11   alternative, the Court should stay this action pursuant to 42 U.S.C. 2000e-5(f)(1) and

12   order the EEOC to engage in conciliation with Justin after disclosing details that

13   will allow a proper investigation and response to the EEOC's allegations.  If not

14   these options, the Court should order the EEOC to file a more definite statement to

15   provide sufficient details to support its claim, including, what occurred, when it

16   occurred, who committed the acts, and the identity of the alleged complainants or an

17   appropriate description of the purported class.

18

19   ## II.    FACTUAL AND PROCEDURAL HISTORY[1]

20        A.    Initiating Charge and EEOC's Investigation

21         On June 12, 2018, Charging Party Patricia Verduzco Avalos ("Verduzco")

22   _____

23   [1] Factual details describing the conciliation process are supported herein by extrinsic
24   evidence introduced through the declaration of Lisa A. Stilson, counsel who
     participated in the representation of Justin throughout that process.  The Court is
25   permitted to consider such extrinsic evidence in support of Justin's motion to stay.
     *Mach Mining, LLC v EEOC*, 575 US 480, 494-95 (2015) ("If, however, the
26   employer provides credible evidence of its own, in the form of an affidavit or
27   otherwise, indicating that the EEOC did not provide the requisite information about
     the charge or attempt to engage in a discussion about conciliating the claim, a court
28   must conduct the factfinding necessary to decide that limited dispute.").

filed a charge with the EEOC against Justin alleging that she was sexually harassed.[2]  (Declaration of Lisa A. Stilson ("Stilson Decl.") at ¶ 2).  On November 29, 2018, Justin submitted a position statement outlining its investigation into Verduzco's claims and its commitment to providing all employees with equal opportunity employment and fair, non-retaliatory treatment.  (Stilson Decl. at ¶ 3).  Justin received no response from the EEOC until more than a year later, when the EEOC requested additional information.  (Stilson Decl. at ¶ 4).  From December 2019 through August 2021, Justin cooperated with the EEOC's investigation into Verduzco's claims, gave detailed information about its operations, provided the EEOC with all information requested, and made its employees available for interviews at the EEOC's request.  (*Id.*)[3]

## B.   EEOC's Determination Letter

On January 11, 2022—three and a half years after the charge was originally filed—the EEOC issued a determination letter to Justin and the Wonderful Company.  (Stilson Decl. at ¶ 5).  The letter found "reasonable cause to believe that Charging Party was sexually harassed due to her sex (female), was retaliated against and/or constructively discharged, in violation of Title VII."  (Stilson Decl. at ¶ 5, Ex. B).  The letter further claims, "that a class of similarly situated individuals who worked at Respondents' Paso Robles California locations between August 1, 2017 to present were sexually harassed because of their sex, subjected to retaliation for participating in protected activity, and/or constructively discharged."  (*Id.*)  The letter provided no additional details describing this "class" nor did it outline any allegations made by alleged "class" members or identify any alleged perpetrators.

---

[2] The Wonderful Company was not referenced in the charge.

[3] On February 27, 2020, Verduzco filed a lawsuit against Justin in the Superior Court for the County of San Louis Obispo alleging sexual harassment.  Verduzco was ordered to arbitrate her claims on September 1, 2020, and the arbitration remains pending.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

### C.     EEOC's Refusal to Describe Claims Against Justin During Conciliation

On January 18, 2022, Justin—through counsel—expressed their desire to participate in the conciliation process.  (Stilson Decl. at ¶ 6).  On April 14, 2022, the EEOC sent a conciliation demand letter, which now identified two separate "classes" described as "a class of female employees since at least 2018 [who] were also subjected to sexual harassment because of their sex, female" and "a class of similarly situated employees [who] were subjected to retaliation for engaging in protected activity and/or were constructively discharged."  (Stilson Decl. at ¶ 7, Ex. C).  The Demand sought $2.7 million on behalf of Verduzco as well as "six (6) identified class members who experienced sexual harassment."  (*Id.*)  The EEOC did not provide Justin with the names of the six "identified class members" nor did it inform Justin of their employment status, where they worked, who the alleged perpetrators were, *whether the perpetrators still worked at Justin,* nor did it provide any details whatsoever regarding the class members' allegations.  (*Id.*)

Justin responded to the demand, by phone, in an email, and in a letter dated May 2, 2022, requesting additional information regarding the claims against it, including which individuals were involved and when the alleged conduct took place. (Stilson Decl. at ¶ 12, Ex. D).  Justin again explained that it is committed to ensuring its workplace is free from discrimination or harassment, but that it could not adequately participate in the conciliation process without the ability to investigate and remediate the allegations against it—which was impossible so long as the EEOC refused to provide details of the allegations.  (*Id.*)

In response, in a letter dated May 12, 2022, the EEOC only told Justin the unnamed claimants "were sexually harassed by male managers and other employees" and that "[t]he harassment included, but was not limited to[,] inappropriate touching including kissing, rubbing genitals on female employees, and repeated sexually explicit comments and requests."  (Stilson Decl. at ¶ 13, Ex. E).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY
FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

1   The EEOC continued to refuse to provide the names of the accusers, the accused,

2   the timing of the alleged harassment, or in which of Justin's facilities the harassment

3   allegedly took place.  (*Id.*)  The letter provided Justin with just five business days to

4   respond to the EEOC.

5       Justin responded to the letter on May 18, 2022, explaining once again that the

6   lack of information prevented Justin from being able to investigate the incident,

7   remediate the alleged behavior, and adequately respond to the EEOC's demand.

8   (Stilson Decl. at ¶ 14, Ex. F).  To that end, Justin repeated its prior request for the

9   names of the six unidentified claimants and the managers allegedly involved.  (*Id.*)

10      The EEOC responded on June 3, 2022, disclosing that the unnamed claimants

11  worked at Respondent's Chimney Rock and Wisteria locations—the two locations

12  where the majority of Justin's workforce is employed—since at least 2013.  (Stilson

13  Decl. at ¶ 15 Ex. G).  The EEOC also provided a list of five positions held by the

14  alleged perpetrators of the harassment. (*Id.*)  Notably, however, the EEOC continued

15  to refuse to provide sufficient details about the unnamed claimants, the perpetrators,

16  or the alleged harassing conduct which would allow Justin to investigate and engage

17  in conciliation.  (*Id.*)

18      **D.    EEOC Ends Conciliation and Files Complaint**

19      After repeated requests for the details that would permit Justin to investigate

20  the EEOC's allegations and attempt to remediate any issues, on June 23, 2022, the

21  EEOC finally provided the names of the alleged perpetrators.  (Stilson Decl. ¶ 16).

22  However, the EEOC continued to refuse to provide the names of the claimants, a

23  more detailed definition of the purported class, or provide any specificity with

24  regards to the time and location of the allegations.  (*Id.*)

25      Regardless, knowledge of the perpetrators would at least provide Justin the

26  opportunity to do some investigatory work necessary to meaningfully participate in

27  conciliation and to prevent future harassment.  (*Id.*)  However, the EEOC foreclosed

28  that opportunity by demanding that Justin provide a response to its conciliation offer

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY
FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

*the very next day*, refusing to give Justin any time to investigate based on the new information.  (*Id*.)  The EEOC made clear in its June 23, 2022, email that it would not provide *any* additional details during conciliation.  (*Id*.)  On June 29, 2022, the EEOC sent Justin a Conciliation Failure Letter.  (Stilson Decl. at ¶ 17, Ex. H).  Two days earlier, the EEOC sent a letter to the Charging Party which indicated that "the EEOC has decided that it will not bring suit against [Justin] at this time based on [Verduzco's] charge and will close its file in this case."  (*Id*.)

### E.   EEOC Files a Complaint Lacking Sufficient Detail

Despite its prior representation, on August 25, 2022, the EEOC reversed course and filed the Complaint in this action against Justin based on Verduzco's charge.  See ECF Doc. 1 (Complaint).  The Complaint names Verduzco as the Charging Party but does not name any additional individuals (claimants or alleged wrongdoers).  (Comp. ¶¶ 16, 23).  Instead, the EEOC's complaint purports to seek damages on behalf of a "class" of "aggrieved individuals" but does not provide any details whatsoever about the class.  (Compl. ¶ 23).  Nor does it specify when or where the alleged misconduct occurred—stating only that it occurred sometime in the past five years.

### F.   The EEOC's Consistent Refusal to Disclose Information

As described above, the EEOC consistently refused to provide Justin with key details of the claims against it, despite Justin's repeated requests for information necessary for it to be able to meaningfully investigate the claims, remediate any issues and ensure that its employees and workplace are free from harassment.  After each request Justin made during the conciliation process, the EEOC took weeks to respond; then when it did, it provided only a tiny fraction of the information sought by Justin, if any.  The EEOC then demanded an immediate response from Justin— effectively foreclosing any opportunity for Justin to properly investigate the claims and meaningfully participate in the conciliation process.

After the EEOC terminated conciliation, Justin submitted a FOIA request

seeking the EEOC's case file.  (Stilson Decl. at ¶ 20).  The EEOC summarily denied Justin's FOIA request based on its blanket assertion of the statutory exemption in 5 U.S.C. § 552(b)(7)(A), which permits withholding documents "compiled for law enforcement purposes but only to the extent that the production of such law enforcement records or information…could reasonably be expected to interfere with enforcement proceedings."  (Stilson Decl. at ¶ 20, Ex. J).  Justin appealed, and the EEOC denied the appeal on the same basis.  (Stilson Decl. at ¶ 21, Ex. K).

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, in order to state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 678, *quoting Twombly*, 550 U.S. at 557.

### B.   Motion to Stay Pursuant to the Court's Inherent Power and 42 U.S.C. § 2000e-5(f)(1)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998).  "Upon request, the court may, in its discretion, stay further proceedings ... pending the termination of ... further efforts of the Commission to obtain voluntary compliance."  § 2000e-5(f)(1).

## IV.   ARGUMENT

### A.   EEOC's Complaint Fails to State a Claim on Behalf of a "Class"

FRCP 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary" however, the Complaint must "'***give the defendant fair notice*** of what the…claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  Courts have generally held that, to pass muster, an EEOC complaint must identify the following: (1) the statutes that the employer allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the names of at least one presently identified victim; (4) a general description of the class of aggrieved persons; (5) the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; (6) the types of conduct to which the named claimants and the identified class members were subjected; and (7) the remedies being sought."  *EEOC v. JBS USA, LLC*, 481 F. Supp. 3d 1204, 1216 (D. Colo. 2020);  *EEOC v. Geisinger Health*, No. CV 21-4294-KSM, 2022 WL 10208553, at *17 (E.D. Pa. Oct. 17, 2022); *EEOC v. UPS*, No. 09-cv-5291, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013); *EEOC v. 5042 Holdings Ltd.*, No. 3:09-CV-61, 2010 WL 148085, at *2 (N.D. W. Va. Jan. 11, 2010).

While the EEOC is not required to name each member of the class, "it must provide some indication of the ***scope of the class***."  *EEOC v. JBS USA, LLC*, No. 8:10-cv-318, 2015 WL 4506709, at *6 (D. Neb. July 24, 2015); *see EEOC v. Fed. Reserve Bank of St. Louis,* 84 F.R.D. 337, 341 (W.D.Tenn.1979) ("The proper

1  standard under Rule 23, and equally appropriate here, is to require the plaintiff to

2  identify the general outlines of the membership of the class at the outset of the

3  litigation.").  Additionally, "the EEOC has a continuing duty to disclose, with as

4  much particularity as possible, the names and factual circumstances of those alleged

5  discriminatees about whom it obtains knowledge." *JBS USA, LLC,* 2015 WL

6  4506709 at *6.  Failure to do so warrants dismissal under Rule 12(b)(6).  *See, e.g.*,

7  *Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10CV135-DPJ-FKB, 2013 WL

8  11328253, at *7 (S.D. Miss. Aug. 28, 2013) ("[A]bsent *any* particularized facts, the

9  SAC fails to state a claim for hostile-work environment or retaliation … as to the

10  111 newly added class members.") (emphasis in original).

11       Here, the Complaint makes no attempt to provide any definition whatsoever

12  of the "class" of potential claimants.  Instead, it merely alleges that "a class of

13  aggrieved individuals" were subjected to "sexual harassment, retaliation, and/or

14  constructive discharge" "[s]ince at least August 2017."  (Compl. ¶ 23).  The

15  Complaint separately states, apparently identifying a second class, that "[s]ince at

16  least August 2017," Defendants violated Title VII by "subjecting a class of

17  aggrieved employees to ongoing, unwelcome, severe or pervasive sexual

18  harassment, and creating and maintaining an offensive, abusive, intimidating hostile

19  work environment because of sex (female)."  (Compl. ¶ 24).

20       The Complaint fails to provide any scope or general description of the class

21  that could reasonably allow Justin to understand the claims against it.  The two

22  classes theoretically encompass any of Justin's employees since the definitions

23  provide no limiting characteristics.  While the second definition does state "because

24  of sex (female)," the first definition would seem to encompass any individuals—

25  including men—who were retaliated against for making complaints.  The lack of

26  any details whatsoever attempting to define the contours of the class warrants

27  dismissal of the Complaint.  *Cazorla*, 2013 WL 11328253, at *7.

28       Furthermore, the threadbare Complaint fails to provide additional information

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY
FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

necessary to give Justin notice of the claims.  At no point in the Complaint does the EEOC provide details about the alleged perpetrators of the harassment, the place or department(s) where the alleged harassment occurred, or general timeframe when the alleged harassment took place.  Absent these crucial details, the EEOC fails to set forth a viable claim.

**B.    In the Alternative, The Court Should Order the EEOC to Engage in Conciliation in Compliance with Its Statutory Directive, and Stay Proceedings Until Conciliation Efforts are Exhausted in Good Faith**

Prior to bringing suit, the EEOC is obligated by statute to attempt "'to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.'"  *Mach Mining, LLC v EEOC*, 575 US 480, 488 (2015) (quoting § 2000e-5(b)).  As required by the Supreme Court, judicial review of the conciliation process must determine:

> (1) that the [EEOC] has informed the employer about the specific allegation, including 'what the employer has done and which employees (or what class of employees) have suffered as a result,' and

> (2) that the [EEOC] has 'tr[ied] to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice.'

*EEOC v. Bass Pro Outdoor World LLC*, 826 F.3d 791, 804 (5th Cir. 2016).

Where an employer provides "credible evidence…in the form of an affidavit or otherwise" to show that the EEOC did not provide the required information about the charge, or that the EEOC did not attempt to engage in conciliation discussions, "a court ***must*** conduct the factfinding necessary to decide that limited dispute" (i.e. whether the EEOC complied with its conciliation obligation).  *Mach Mining*, 575 U.S. at 495 (emphasis added).  If the Court finds that the EEOC failed to conciliate, "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance."  *Id.*  To do this, the Court has discretion to "stay

further [court] proceedings ... pending the termination of ... further efforts of the Commission to obtain voluntary compliance." 42 U.S.C. § 2000e-5(f)(1); *see also Air Line Pilots Ass'n*, 523 U.S. at 879 n.6  ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants…").

While the standard of review explained by *Mach Mining* is intended to be limited, it must be more than a rubber stamp.  The Supreme Court stressed that if Courts did not review the conciliation process to determine whether these two elements were met, "the Commission's compliance with the law would rest in the Commission's hands alone." *Mach Mining*, 575 U.S. at 488.  Absent judicial review, Congress's directive is rendered a mere suggestion which the EEOC can choose to ignore.  As described below, the EEOC did not meet the requirements of *Mach Mining* as the EEOC both failed to inform Justin about the specific allegations against it and failed to engage in a discussion that would provide Justin the opportunity to remediate the alleged discriminatory practice.  Therefore, the Court should stay this case and require the EEOC to meaningful participate in conciliation efforts with, Justin, which include, at a minimum, that the EEOC (a) provide information about the specific allegations such as "'what the employer has done and which employees (or what class of employees) have suffered as a result,'" and (b) engage in discussions with Justin that allow Justin an "opportunity to remedy the alleged discriminatory practice." *Bass Pro Outdoor World LLC*, 826 F.3d at 804.

### 1.     The EEOC Failed to Inform Justin About the Specific Allegations Against It

At no point during the conciliation process did the EEOC inform Justin "what the employer has done, and which employees (or what class of employees) have suffered as a result" as required by *Mach Mining*.  While the EEOC is not obligated to tell Justin "*why* the investigation culminated in the reasonable cause

1   determination," it is certainly obligated to "describe what it thought [Justin] had

2   done and who had suffered as a result."   *EEOC v. MJC, Inc.*, 400 F. Supp. 3d 1023,

3   1042-43 (D. Haw. 2019) (internal quotes and brackets omitted)(emphasis in

4   original).

5        During conciliation the EEOC indicated that six unnamed individuals made

6   claims against Justin or its employees but the EEOC refused to give Justin the

7   names of those individuals.  While the EEOC is not required to conciliate on an

8   individual basis, it is permitted to conciliate on behalf of an "identified class of

9   individuals." *Arizona ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1200 (9th

10  Cir. 2016) (The EEOC can "satisfy their pre-suit conciliation requirements to bring

11  a class action if they attempt to conciliate on behalf of an *identified class of*

12  *individuals* prior to bringing suit.").  The EEOC refused, however, during

13  conciliation to "identify" with any detail whatsoever the class of individuals on

14  whose behalf it intended to bring suit.

15       In *Arizona ex rel. Horne v. Geo Group, Inc.*, the EEOC satisfied its

16  conciliation obligations because it provided a specific definition of the "class" of

17  aggrieved individuals.  816 F.3d at 1199.  Specifically, the EEOC described the

18  class as "female employees who had also been subject to discrimination,

19  harassment, and retaliation at the low-to-medium security return-to-custody and

20  driving-under-the-influence unit at Florence West and the medium-security sex-

21  offender unit, which was located at the CACF."  *Id.*  The Ninth Circuit held that the

22  definition sufficiently identified the class because it disclosed the three discrete

23  units, at two distinct locations, where the class of aggrieved individuals suffered

24  discrimination.

25       Here, no such details were provided.  In the Reasonable Cause Determination,

26  the EEOC merely identified the "class" as "similarly situated [to the Charging Party]

27  individuals who worked at Respondents' Paso Robles California locations between

28  August 1, 2017 to present."  (Stilson Decl. at ¶ 5).  Then in the conciliation demand

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY
FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT

letter, the EEOC described two equally vague classes: "a class of female employees since at least 2018 [who] were also subjected to sexual harassment because of their sex, female" and "a class of similarly situated employees [who] were subjected to retaliation for engaging in protected activity and/or were constructively discharged." Justin has several locations in Paso Robles, California—in fact, almost all its operations are located in Paso Robles.  (Stilson Decl. at ¶ 6).  Furthermore, those locations have multiple units or departments that report to different supervisors. Essentially, the only notice provided to Justin was that something happened to some of its employees, at some of its facilities, at some time between August 1, 2017 and the present.

In *Mach Mining*, the EEOC argued "for the most minimalist form of review imaginable" which would only have looked to whether the EEOC sent a reasonable cause determination and a conciliation failure letter.  *Mach Mining*, 575 U.S. at 489-490.  The Supreme Court rejected that argument and ruled that the EEOC must provide notice of "both what the employer has done and which employees (or what class of employees) have suffered as a result."  To permit the EEOC to essentially identify the class of employees as *all* employees would serve to eliminate the notice requirement mandated by the Supreme Court.

### 2. The EEOC Did Not Give Justin an Opportunity to Remedy The Allegedly Discriminatory Practice

In addition, to satisfy the conciliation requirement, the EEOC "must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance."  *Mach Mining*, 575 U.S. at 488.  The EEOC "must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer *an opportunity to remedy the allegedly discriminatory practice*."  *Id.* at 494.

Here, the EEOC did not identify any policy or practice of Justin's that could be remedied as a general manner.  Instead, the claims by the EEOC are that specific

supervisors at Justin engaged in behavior that sexually harassed certain unidentified parties.  In order to have an opportunity to remedy such an "allegedly discriminatory practice," Justin must know the details of the alleged conduct.  It needs the ability to investigate the claims, determine their veracity, and decide what, if any action should be taken.  Instead, however, the EEOC refused to provide Justin with details about the claimants and their allegations, effectively depriving Justin of "an opportunity to discuss the matter to achieve voluntary compliance."  As described above, the EEOC notified Justin only that harassing conduct occurred at its Paso Robles facilities since 2017 to female employees "similarly situated" to Verduzco.  (Stilson Decl. at ¶ 5).  Because the EEOC provided no further limitations upon the purported class, investigating and remediating the discriminatory practices would have required Justin to investigate every supervisor over a nearly half-decade span and speak with nearly all of its female employees and former female employees to see if they were victimized.  Such an investigation would be arduous under the best of circumstances, but the EEOC's consistent refusal to provide Justin any time to conduct the investigation ultimately rendered any such investigation impossible.

Indeed, while the EEOC did eventually provide the names of the alleged perpetrators (after Justin made numerous requests for the same), the EEOC shared that information only as part of its ultimatum: the EEOC demanded that Justin provide a counteroffer to the EEOC's $2.7 million settlement demand **the very next day,** and if it failed to do so, the EEOC threatened to end conciliation.  The EEOC's ultimatum made it impossible for Justin to remedy the situation since it gave Justin no time to investigate the allegations against the newly-revealed perpetrators.  Evidently, the EEOC had no interest in providing Justin that opportunity.  Whether the EEOC wanted to force a large settlement out of Justin, or proceed to litigation, neither is permissible under the EEOC's mandatory directive to engage in conciliation.  *Mach Mining*, 575 U.S. at 488.

Therefore, the Court should find that the EEOC failed to engage in a

discussion with Justin to provide it an opportunity to remediate the claims, and this failure was so egregious (particularly given the EEOC's ultimatum and threats to end conciliation) that the EEOC is obligated to renew conciliation efforts in order to comply with its statutory directive.  The EEOC's ultimatum made it entirely impossible for Justin to remedy the situation since it was given no time to investigate the allegations against the now-named perpetrators, particularly since the EEOC still refused to say when the harassment occurred or who was allegedly harassed.  It appears that the EEOC had no interest in providing Justin that opportunity; instead, its interest was to collect a large settlement or proceed to litigation.

In *Mach Mining*, the Supreme Court made evident that courts' review of the conciliation process is limited *but there still is some review*.  The obligation of the EEOC to engage in the conciliation process is a "key component" of the Title VII statutory scheme.  *Mach Mining*, 575 U.S. at 486.  During that process, the EEOC "***shall*** endeavor to eliminate [an] alleged unlawful employment practice." *Id.* (citing § 2000e-5(b)) (emphasis added).  Conciliation "explicitly serves a substantive mission: to 'eliminate' unlawful discrimination from the workplace." *Id.* at 491 (citing § 2000e-5(b)).  The EEOC failed to meet this mission.  The EEOC's complete failure to engage in a discussion and provide Justin any opportunity to remediate the claims should be considered so egregious as to justify a stay of this case and order the EEOC to restart conciliation in good faith, so the parties can work toward an informal resolution in accordance with the EEOC's statutory directive.  *Cf. Geisinger Health*, 2022 WL 10208553, at *8-9 (acknowledging that letter of determination's failure to identify retaliation and interference claims was a "close call" when determining whether the EEOC provided an opportunity in conciliation for the employer to remediate the claims).

### C.     Alternatively, The Court Should Order the EEOC to File a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e).  While motions for a more definite statement are disfavored, they are "appropriate when the responding party cannot ascertain the substance of the asserted claim."  *Conta v. City of Huntington Beach*, 2022 WL 3574439, at *2 (C.D. Cal. June 22, 2022).

As stated above in Section IV A, the Complaint fails to define the "class" that the EEOC represents, as it provides no specifics about the class other than to say it consists of "aggrieved individuals."  No actual details are provided to identify the class itself, instead relying on conclusory and circular language.  Justin is not requesting that the Complaint's class definition meet the requirements of Rule 23, but certainly some details about the class must be provided to allow Justin to ascertain the claims against it.  Moreover, the Complaint fails to state when and where the events occurred and fails to identify any alleged perpetrators.  These are very basic details that are necessary for Justin to be able to ascertain the substance of the allegations and prepare a response.

If the EEOC is not required to define the class whatsoever, the Complaint would permit it to go on a fishing expedition in discovery and seek to recover for the claims of any individuals it believes have been harassed, retaliated against or constructively discharged.  Thus, if the Court declines to dismiss the Complaint for failure to state a claim, it should at least order the EEOC to file a more definite statement—one that provides an appropriate description of the purported class, as well as the very basic details of who committed the alleged harassment and where and when it occurred.

If the Court is not inclined to require a more definite statement, Justin requests the Court direct the EEOC to comply with its "continuing duty to disclose,

with as much particularity as possible, the names and factual circumstances of those alleged discriminates about whom it obtains knowledge." *EEOC v. JBS USA, LLC*, 2015 WL 4506709, at *6  (citing *EEOC v. Fed Reserve Bank*, 84 F.R.D. 337, 340 (W.D. Tenn. 1979)).  Justin asks that the Court direct the EEOC to name the known members of the class and provide other known details about the claim in its Rule 26f disclosures.

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for failure to state a claim.  If the Court is unwilling to do so, it should alternatively stay the case and order the EEOC to participate in good faith meaningful conciliation efforts. Alternatively, the Court should order the EEOC to file a more definite statement, or to provide details regarding the known class members, the alleged perpetrators, the acts committed, and where and when the acts occurred.


DATED: December 6, 2022          ROLL LAW GROUP PC



                                 By: _____/s/ Lisa A. Stilson_____
                                     Kristina M. Diaz
                                     Lisa A. Stilson
                                     Jenna W. Logoluso
                                     Matthew C. Onyett
                                     Lauren Babst
                                     Attorneys for Defendant,
                                     JUSTIN VINEYARDS & WINERY LLC
                                     THE WONDERFUL COMPANY LLC