1  KRISTINA M. DIAZ (SBN 151566)
   kristina.diaz@roll.com
2  LISA A. STILSON (SBN 196059)
   lisa.stilson@roll.com
3  JENNA W. LOGOLUSO (SBN 266685)
   jenna.logoluso@roll.com
4  MATTHEW C. ONYETT (SBN 295419)
   Matthew.Onyett@roll.com
5  LAUREN BABST (SBN 313156)
   lauren.babst@roll.com
6  ROLL LAW GROUP PC
   11444 West Olympic Boulevard
7  Los Angeles, California 90064-1557
   Telephone:   (310) 966-8400
8  Facsimile:   (310) 966-8810

9  Attorneys for Defendants,
   JUSTIN VINEYARDS & WINERY LLC
10 THE WONDERFUL COMPANY LLC

11          **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13

14 U.S. EQUAL EMPLOYMENT              Case No. 2:22-cv-06039 PA (RAOx)
   OPPORTUNITY COMMISSION,
15                                    **DECLARATION OF LISA A.**
              Plaintiff,              **STILSON IN SUPPORT OF**
16                                    **DEFENDANTS  JUSTIN**
       vs.                           **VINEYARDS & WINERY LLC,**
17                                    **AND THE WONDERFUL**
   JUSTIN VINEYARDS & WINERY         **COMPANY LLC'S NOTICE OF**
18 LLC, THE WONDERFUL COMPANY        **MOTION AND MOTION TO**
   LLC, and DOES 1-10, inclusive,    **DISMISS, OR IN THE**
19                                    **ALTERNATIVE, FOR A STAY FOR**
              Defendants.            **FAILURE TO ENGAGE IN THE**
20                                    **CONCILIATION PROCESS, OR**
                                     **FOR A MORE DEFINITE**
21                                    **STATEMENT**

22

23                                   [Assigned to the Honorable Judge Percy
                                     Anderson]
24

25                                   [Filed concurrently with Notice of
                                     Motion, Memorandum of Points and
26                                   Authorities, Proposed Order]

27

28

## DECLARATION OF LISA A. STILSON

I, Lisa A. Stilson, declare as follows:

1. I am Senior Managing Counsel at Roll Law Group PC and counsel for Defendants, JUSTIN VINEYARDS & WINERY LLC and THE WONDERFUL COMPANY LLC. I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would competently testify thereto. I submit this declaration in support of Defendants Justin Vineyards & Winery LLC and The Wonderful Company LLC's Notice of Motion and Motion to Dismiss, Or in the Alternative, For A Stay, Or For a More Definite Statement.

2. On June 12, 2018, Charging Party Patricia Verduzco Avalos ("Verduzco") filed a charge with the EEOC against Justin alleging that she was sexually harassed. A true and correct copy of the charge is attached hereto as **Exhibit A**.

3. On November 29, 2018, Justin submitted a position statement outlining its investigation into Ms. Verduzco's claims and its commitment to providing all employees with equal opportunity employment and fair, non-retaliatory treatment.

4. Justin received no response from the EEOC until more than a year later, when the EEOC requested additional information in December 2019. From December 2019 through August 2021, Justin cooperated with the EEOC's investigation into Ms. Verduzco's claims, gave detailed information about its operations, provided the EEOC with all information requested, and made its employees available for interviews at the EEOC's request.

5. On January 11, 2022, the EEOC issued a determination letter to Justin and the Wonderful Company which was received by my office. A true and correct copy of the determination letter is attached hereto as **Exhibit B**.

6. On January 18, 2022, my colleague Jenna Logoluso emailed the EEOC to express Justin's desire to participate in the conciliation process.

1       7.    On April 14, 2022, the EEOC issued a conciliation demand letter which

2   was received by my office.  A true and correct copy of the EEOC's conciliation

3   demand letter dated April 14, 2022 is attached hereto as **Exhibit C**.

4       8.    On April 14, 2022, my colleague, Jenna Logoluso, responded to the

5   conciliation demand letter via email requesting a 30 day extension to respond to the

6   letter due to scheduling conflicts.

7       9.    On April 19, 2022, the EEOC provided Justin with an extension to May

8   2, 2022, to respond to its conciliation demand letter.

9       10.    On April 20, 2022, I called Richie Quinteros, the EEOC investigator

10   handling the above-referenced charge, to discuss Justin's need for additional

11   information in order to substantively respond to the EEOC's conciliation demand

12   letter and meaningfully participate in the conciliation process.  Mr. Quinteros

13   advised that I should email Justin's request to him.

14       11.    I sent an email to Mr. Quinteros on April 21, 2022, explaining that

15   Justin could not investigate or attempt to remedy the alleged claims without

16   knowing what practices, policies, or actions the EEOC believes resulted in sexual

17   harassment and which individuals were purportedly involved.  I did not receive a

18   response from the EEOC to my April 21, 2022 email.

19       12.    On May 2, 2022, I sent a letter in response to the conciliation demand

20   to the EEOC on behalf of Justin requesting additional information in order to

21   respond.  A true and correct copy of Justin's May 2, 2022 letter to the EEOC is

22   attached hereto as **Exhibit D**.

23       13.    On May 12, 2022, my office received a letter from the EEOC in

24   response to my May 2, 2022 letter.  A true and correct copy of the EEOC's response

25   letter to Justin dated May 12, 2022 is attached hereto as **Exhibit E**.

26       14.    On May 18, 2022, I sent the EEOC a response to its May 12, 2022

27   letter.  A true and correct copy of Justin's May 18, 2022 letter to the EEOC is

28   attached hereto as **Exhibit F**.

15.    On June 3, 2022, my office received a letter from the EEOC in response to my most recent letter.  A true and correct copy of the EEOC's response letter to Justin dated June 3, 2022 is attached hereto as **Exhibit G**.

16.    From June 3, 2022, until June 23, 2022, I corresponded with the EEOC's investigator discussing the conciliation process and further emphasizing the inability of Justin to respond to the settlement demand without the details supporting the EEOC's threadbare claims.  On June 23, 2022, the EEOC finally provided the names of three individuals it claims had engaged in discriminatory conduct.  However, the EEOC continued to refuse to provide the names of the claimants, a more detailed definition of the purported class, or provide any specificity with regards to the time and location of the allegations.  Regardless, knowledge of the perpetrators would at least provide Justin the opportunity to do some investigatory work necessary to meaningfully participate in conciliation and to prevent future harassment.  However, the EEOC foreclosed that opportunity by demanding that Justin provide a response to its conciliation offer *the very next day*, refusing to give Justin any time to investigate based on the new information.  The EEOC made clear in its June 23, 2022, email that it would not provide *any* additional details during conciliation.  The EEOC demanded that Justin respond the very next day with a meaningful counteroffer, otherwise, it will assume that Justin is no longer willing to engage in conciliation.

17.    On June 29, 2022, my office received a Conciliation Failure Notice from the EEOC.  A true and correct copy of the EEOC's Conciliation Failure Notice dated June 29, 2022 is attached hereto as Exhibit H.

18.    On October 10, 2022, my office received a letter from the EEOC dated September 29, 2022, enclosing a letter titled Conciliation Failure and Notice of Rights sent by the EEOC to Charging Party Verduzco issued on June 27, 2022.  While Justin and I were CC'd on the letter, it was not received until October 10,

1  2022.  A true and correct copy of this correspondence is attached hereto as **Exhibit
2  I.**

3       19.    On February 27, 2020, Charging Party Verduzco filed a lawsuit against
4  Justin in the Superior Court for the County of San Louis Obispo alleging sexual
5  harassment.  Verduzco was ordered to arbitrate her claims on September 1, 2020,
6  and the arbitration remains pending.

7       20.    After the EEOC terminated conciliation, my colleague, Jenna
8  Logoluso, submitted a request on behalf of Justin seeking the EEOC's case file on
9  September 1, 2022 pursuant to the Freedom of Information Act (FOIA).  A true and
10 correct copy of the FOIA request confirmation is attached hereto as **Exhibit J.**

11      21.    The EEOC summarily denied Justin's FOIA request on September 7,
12 2022 based on its blanket assertion of the statutory exemption in 5 U.S.C.
13 § 552(b)(7)(A), which permits withholding documents "compiled for law
14 enforcement purposes but only to the extent that the production of such law
15 enforcement records or information…could reasonably be expected to interfere with
16 enforcement proceedings."  A true and correct copy of the denial is attached hereto
17 as **Exhibit K**.

18      22.    Justin appealed the denial of the FOIA request on September 8, 2022.
19 A true and correct copy of the appeal is attached hereto as **Exhibit L.**

20      23.    The EEOC denied the appeal based on the same denials in the original
21 denial on September 21, 2022.  A true and correct copy of the denial is attached
22 hereto as **Exhibit M**.

23      24.    On November 28, 2022, I participated in a meet and confer conference
24 via telephone with counsel for the EEOC.  During the conference, counsel for the
25 respective parties discussed Justin's anticipated motion and potential avenues to
26 avoid the necessity for the motion or to streamline the issues presented to the Court.
27 Counsel then exchanged email correspondence following up on the conference but
28 were unable to reach an agreement.

1        I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct and that this declaration was executed

3    in Los Angeles, California on December 6, 2022.

4

5                            /s/  Lisa A. Stilson

6                            Lisa A. Stilson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Jun 12 2018 03:54PM Mattson & Martinez 5108321101                    page 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, If any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Patricia Verduzco Avalos | (805) 369-3175 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 208 Mohawk Court, Paso Robles, CA 93446 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees. Members | Phone No. (Include Area Code) |
|---|---|---|
| JUSTIN VINEYARDS & WINERY LLC | 300 or More | (805) 591-3224 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2295 Wisteria Lane, Paso Robles, CA 93446 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: 08-28-2017   Latest: 05-11-2018<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. In or about August 2015, I was hired by Justin Vineyards & Winery as a non-exempt worker. Since in or about the last week of August 2017, I was subjected to harassment by management employees such as James Norton ("JJ"); and non-management employees, based on my sex, that included, but was not limited to: JJ forcibly slapping and grabbing my buttocks and putting his hands on my waist while standing behind me and touching part of my buttocks. Despite my request that he stop the sexual harassment, JJ continued to sexually harass me. Since in or about September 2017, JJ also retaliated against me and subjected me to different terms and condition of employment that consisted but were not limited to: yelling at me, physically intimidated me by getting in my face, making fun of my English accent, pulled me by my arm to take me to Human Resources ("HR") when he could not understand my English, not allowing me to take breaks with my co-workers. On or about May 11, 2018, I reported the sexual harassment and abusive behavior to Alicia Ballesteros, HR Manager, who requested that I submit a written report, which I did. Approximately nine (9) of my co-workers also submitted written reports regarding the abusive behavior and/or sexual harassment. On

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>12-06-18   Patricia Verduzco<br>Date   Charging Party Signature | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE   JUN 12 2018<br>(month, day, year)<br><br>EEOC/LADO<br>INTAKE |

Jun 12 2018 03:34PM Mattison & Martinez 5106521101                               page 4



EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:    Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC

California Department Of Fair Employment & Housing       and EEOC

*State or local Agency, if any*

or about May 11, 2018, I was forced to take a leave of absence because of the unbearable hostile work environment.

II. No reason was given as to why I was sexually harassed and harassed based on my sex, female, and race (Mexican). No reason was given as to why I was subjected to different terms and conditions of employment.

III. I believe I was discriminated against on the basis of my sex, female, and race, Mexican, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, amended.

IV. I believe a class of female and/or Mexican employees have been discriminated against on the basis of their sex, female, and/or their race, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12-06-18       *Patricia Vardenos*

Date       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4<sup>th</sup> Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

Charge No.: 480-2018-03647

Patricia Verduzco Avalos                          Charging Party
208 Mohawk Court
Paso Robles, CA 93446

Justin Vineyards & Winery, LCC                    Respondents
2265 Wisteria Lane
Paso Robles, CA 93446

The Wonderful Company, LLC
11444 W Olympic Blvd., 10<sup>th</sup> Floor
Los Angeles, CA 90064

## <u>LETTER OF DETERMINATION</u>

I issue the following determination as to the merits of the charge.

Respondents are an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000-e et. seq. ("Title VII"). Timeliness and all requirements for coverage have been met.

Charging Party alleges that she was harassed and subjected to different terms and conditions of employment because of her race/national origin (Mexican), sexually harassed because of her sex (female), was retaliated against, and was constructively discharged, in violation of Title VII. Charging Party also alleges that a class of similarly situated female employees were subjected to sexual harassment because of their sex (female), that a class of similarly situated Mexican employees were harassed because of their race/national origin (Mexican), and that a class of employees who engaged in protected activity faced retaliation.

Respondents deny the allegations.

Examination of the evidence obtained in the Commission's investigation, including but not limited to, documents, testimony, and on-site inspection/interviews, supports a finding that there is reasonable cause to believe that Charging Party was sexually harassed due to her sex (female), was retaliated against and/or constructively discharged, in violation of Title VII. The Commission also finds that a class of similarly situated individuals who worked at Respondents'

Paso Robles California locations between August 1, 2017 to present were sexually harassed because of their sex, subjected to retaliation for participating in protected activity, and/or constructively discharged.

No finding is made regarding Charging Party's other allegations.

Respondents are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in EEOC investigations is also prohibited. These protections apply regardless of the EEOC's determination on the merits of the charge.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email [Richie Quinteros richie.quinteros@eeoc.gov], within 10 calendar days from the date of this Letter of Determination.

When the Respondents decline to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

On Behalf of the Commission:

# Patricia Kane

Digitally signed by Patricia Kane
Date: 2022.01.11 15:25:29 -08'00'       (FOR)

_____                    _____
Date                                       Christine Park-Gonzalez, Acting District Director
                                           Los Angeles District Office

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 785-3090
FAX (213) 894-1118
Website:  www.eeoc.gov

April 14, 2022

**ELECTRONIC UPLOAD**

Danny Hanson
Human Resources Director
JUSTIN VINEYARDS & WINERY LLC
2295 Wisteria Lane
Paso Robles, CA 93446

Re:    Patricia Verduzco Avalos vs. Justin Vineyards & Winery LLC
EEOC Charge Number: 480-2018-03647

Dear Mr. Hanson,

The Commission has determined that there is reasonable cause to believe that Charging Party was subjected to sexual harassment because of her sex, female, retaliated against for engaging in protected activity and constructively discharged. The Commission also determined that a class of female employees since at least 2018 were also subjected to sexual harassment because of their sex, female. Finally, the Commission determined that, since 2018, a class of similarly situated employees were subjected to retaliation for engaging in protected activity and/or were constructively discharged.

Having made a reasonable cause determination, we are formally inviting Respondent to enter the conciliation process for the above listed charge. The focus of conciliation is resolution as opposed to analyses or disclosure of evidence already in hand. Reasonable resolutions, alternatives, proposals, and offers are welcome and encouraged. Statements, documents, settlement offers, or other evidence presented during conciliation are confidential unless required by law to be disclosed.

In the interest of making the conciliation process a collaborative effort, and reaching a just resolution of this matter, the Commission seeks the following relief:

1.  The Commission is seeking the total monetary relief in the amount of $2,700,000 (two million, seven hundred thousand). This relief includes the following:

    a.  Counsel for Charging Party has informed the Commission that it will make an initial demand of $600,000 for Charging Party's non-wage and hour claims, including Title VII and FEHA claims for compensatory and punitive damages, backpay, fees and costs.
    b.  EEOC seeks compensatory and punitive damages in the amount of $1,500,000 is sought on behalf of six (6) identified class members who experienced sexual harassment.
    c.  EEOC seeks backpay in the amount of $100,000 is sought for the six identified class members.
    d.  The EEOC believes there is a significant unidentified group of claimants. Accordingly, the Commission is also seeking monetary relief in the amount of $500,000 in compensatory and backpay damages on behalf of the unidentified class.

2.  Respondent shall draft or review and revise their Equal Employment Opportunity (EEO) and harassment policies and procedures in Spanish and English within thirty (30) days of the effective date of the agreement. These policies and procedures shall include, but are not necessarily limited to the following: a clear statement explaining that discrimination based on any protected class status will not be tolerated; a clear statement that employees have the right to complain if they are being discriminated against; assurance that if an employee makes a complaint of discrimination, he/she will not be subjected to retaliation for making the complaint; a clearly described, formal procedure for making complaints of discrimination, harassment, and retaliation in a manner that is confidential, thorough, impartial, and expeditious; a procedure for communicating with the employee/complainant in writing regarding the status of his/her complaint, an investigation, and any determination or remedial action taken; and contact information for the EEOC's Los Angeles District Office and for the California Department of Fair Employment and Housing.

3.  Respondent shall affirm its commitment to its newly implemented EEO and harassment policies and procedures within thirty (30) days of the effective date of the agreement. Respondent will require all employees to sign a statement acknowledging receipt of these policies. The statement shall be dated when signed. These statements shall be maintained in the employee's personnel file and made available for review upon request by the Commission for the duration of the agreement. Employees subsequently hired will be required to comply with and sign a statement which acknowledges said obligations.

4.  Respondent shall provide two (2) hours of web based on in-person EEO training for all executives, management, supervisory, and human resources personnel to be conducted within forty-five (45) days of the effective date of the agreement and conducted on an annual basis for a period of three (3) years. This training shall include training for managers regarding their responsibilities under Title VII of the Civil Rights Act of 1964, as amended and Respondent's anti-discrimination policies and procedures, and how to handle allegations of sexual harassment, and how to handle complaints of discrimination.

5.  Respondent shall provide one (1) hour of web based or in-person EEO training for all employees to be conducted within forty-five (45) days of the effective date of the agreement and conducted on an annual basis for a period of three (3) years. This training shall focus on employee rights under Title VII and Respondent's newly created harassment and anti-discrimination policies and procedures. Respondent shall send a signature list of the attendees within three (3) weeks of compliance to the Los Angeles District Director.

6.  Respondent shall retain an outside Equal Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of employment discrimination -- specifically on issues related to sexual harassment and retaliation -- to monitor and conduct audits regarding Respondent's compliance with Title VII and the Conciliation Agreement. Respondent shall bear all costs associated with the selection and retention of the Consultant and the performance of its duties.

7.  Respondent shall post a notice to employees about federal non-discrimination statutes for the three-year duration. The Commission shall provide Respondent with this notice/posting.

8.  Respondent shall create and maintain a centralized system for tracking complaints of sexual harassment and retaliation and report on such complaints received during the Agreement to the Consultant and the EEOC.

9. Respondent shall submit annual reports to the EEOC for the three-year duration detailing its compliance with items provided for in the final, executed conciliation agreement. Respondent shall produce to the Consultant and the EEOC copies of all sexual harassment and retaliation investigations conducted during the Agreement term, as well as the outcome of those investigations.

If Respondent intends to propose a written counteroffer providing substantial relief, please submit your response in writing by April 24, 2022. A timely and substantive response assures us of your good faith efforts to resolve this matter. The Commission is willing to consider all reasonable, bona fide counterproposals. Settlement offers made during conciliation are to remain confidential.

Please be advised that should you fail to submit a bona fide counterproposal or refuse to respond by 10 business days the Commission will assume further conciliation attempts would be proven to be futile and will be obligated to continue the administrative processing of this charge. Moreover, please be advised that the Commission reserves the right to seek any and all appropriate monetary and equitable/injunctive relief for the maximum amount allowed under federal law should conciliation prove unsuccessful and litigation is commenced. In other words, the Commission may seek monetary and injunctive-type remedies during litigation that are beyond what is reflected in the current conciliation proposal.

If you have any questions, you can contact Investigator Richie Quinteros at richie.quinteros@eeoc.gov.

Sincerely,

Richie Quinteros
Investigator

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D



LISA A. STILSON
SENIOR MANAGING COUNSEL
lisa.stilson@roll.com

May 2, 2022

*Via Email to* richie.quinteros@eeoc.gov *and EEOC Respondent's Portal*
Mr. Richie Quinteros
Investigator
Equal Opportunity Commission
Los Angeles District Office
255 East Temple Street, 4th Floor
Los Angeles, CA 90012

   Re: Patricia Verduzco Avalos vs. Justin Vineyards & Winery LLC
       EEOC Charge Number: 480-2018-03647

Dear Mr. Quinteros:

   As you are aware, this firm represents Respondent Justin Vineyards & Winery LLC ("Justin") in the above-referenced matter. This letter is in response to the EEOC's conciliation demand letter dated April 14, 2022.

   Justin has reviewed the EEOC's April 14, 2022 letter and would like to be able to respond substantively with a counterproposal; however, as set forth in my April 21, 2022 email to you, Justin cannot adequately participate in the EEOC's conciliation process without information setting forth the specific practices, policies or actions the EEOC believes constituted sexual harassment including which individuals were purportedly involved, and when the alleged conduct took place. *See Mach Mining, LLC v. E.E.O.C.,* 575 U.S. 480, 488, 135 S. Ct. 1645, 1652, 191 L. Ed. 2d 607 (2015) ("the EEOC, to meet the statutory condition, must tell the employer about the claim—essentially, what practice has harmed which person or class—andmust provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance").

   Justin is firmly committed to ensuring its workplace is free from any discrimination or sexual harassment. However, without any detailed information from the EEOC concerning the class claims referenced in its April 14, 2022 letter, Justin is unable to meaningfully participate in

Mr. Richie Quinteros
May 2, 2022
Page 2

EEOC's conciliation process at this time. We hope that the EEOC will provide the requested information to allow Justin an opportunity to engage in the conciliation process.

Best,

*Lisa A. Stilson*

Lisa A. Stilson

LS:LS

{3290687.1}

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT E**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

May 12, 2022

**ELECTRONIC UPLOAD**

Danny Hanson
Human Resources Director
JUSTIN VINEYARDS & WINERY LLC
2295 Wisteria Lane
Paso Robles, CA 93446

  Re: Patricia Verduzco Avalos vs. Justin Vineyards & Winery LLC
     EEOC Charge Number: 480-2018-03647

Dear Mr. Hanson:

  This correspondence is in response to your email dated April 21, 2022, regarding the conciliation for the above-mentioned Charge of Discrimination filed against your client Justin Vinyards & Winery, LLC. Per your April 21, 2022, request for further information and in the interest of reaching a just resolution of this matter, the Commission provides the following additional information with respect to the Charging Party and six (6) identified Claimants.

  Charging Party and the Claimants were sexually harassed by male managers and other employees. The harassment included, but was not limited to inappropriate touching including kissing, rubbing genitals on female employees, and repeated sexually explicit comments and requests. Justin Vinyards & Winery, LLC. failed to take appropriate corrective action to stop the harassment, despite several complaints from the affected female employees to management. Some of the employees who complained were subjected to retaliation, including but not limited to constructive discharge.

  Now that the Commission has provided you with this additional information, the Commission once again encourages Justin Vinyards & Winery, LLC. to provide a meaningful counteroffer to the Commission's demands. The Commission continues to reserve the right to seek any and all appropriate monetary and equitable/injunctive relief for the maximum amount allowed under federal law should conciliation prove unsuccessful and litigation is commenced. The Commission may seek monetary and injunctive-type remedies during litigation that are beyond what is reflected in the current conciliation.

  If Justin Vinyards & Winery, LLC. intends to propose a written counteroffer, please submit your response in writing to me by May 19, 2022, at Richie.Quinteros@eeoc.gov. If you have any questions, I can be reached at (213) 785-3046.

Sincerely,

Richie Quinteros
Investigator

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT F**



JENNA W. LOGOLUSO
SENIOR COUNSEL
jenna.logoluso@roll.com

May 18, 2022

**VIA E-MAIL AND EEOC RESPONDENT'S PORTAL**

Mr. Richie Quinteros
Investigator
U.S. Equal Employment Opportunity
Commission
Los Angeles District office
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
E-Mail: richie.quinteros@eeoc.gov

> Re:   Patricia Verduzco Avalos vs. Justin Vineyards & Winery LLC
>       EEOC Charge Number:  480-2018-03647

Dear Mr. Quinteros:

As you are aware, this firm represents Respondent Justin Vineyards & Winery LLC ("Justin") in the above-referenced matter.  This letter is in response to the EEOC's May 12, 2022 letter.

Thank you for the information provided.  As you know, Justin takes these allegations very seriously and is committed to ensuring its workplace is free from any discrimination or sexual harassment.  Unfortunately, the information provided does not include any of the specific information Justin needs to investigate the allegations or to appropriately consider and counter the EEOC's proposal.  At this time, Justin remains wholly in the dark regarding the facts underlying these allegations, including the identity of the individuals involved—both in terms of complainants and alleged harassers.  Most importantly, without this information, Justin cannot know whether or how to appropriately remediate the alleged behavior.

Thus, Justin requests the EEOC provide the names of the six complainants for whom it seeks individual compensation, as well as the names of all managers believed to be involved. Without this information, Justin is not able to appropriately investigate, fairly consider the EEOC's proposal and provide a substantive counter-proposal.

Justin remains committed to working with the EEOC to provide its employees with a safe workplace.  To that end, we believe it may be more productive to discuss some of these issues telephonically rather than in writing.  Please let us know your availability for a phone call with

Mr. Richie Quinteros
May 18, 2022
Page 2


you and your supervisor.  We look forward to discussing these issues and engaging in a
productive conciliation process.

                                                    Best,

                                                    *Jenna W. Logoluso*

                                                    Jenna W. Logoluso


JL
cc:      Lisa Stilson, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4<sup>th</sup> Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

June 3, 2022

**ELECTRONIC UPLOAD**

Danny Hanson
Human Resources Director
JUSTIN VINEYARDS & WINERY LLC
2295 Wisteria Lane
Paso Robles, CA 93446

Re:   Patricia Verduzco Avalos vs. Justin Vineyards & Winery LLC
EEOC Charge Number: 480-2018-03647

Dear Mr. Hanson:

This correspondence is in response to your email dated May 18, 2022, regarding the conciliation for the above-mentioned Charge of Discrimination filed against your client Justin Vineyards & Winery, LLC. Per your May 18, 2022, request for further information and in the interest of reaching a just resolution of this matter, the Commission provides the following additional information with respect to the six (6) identified Claimants and alleged discriminatory officials.

- The claimants and alleged discriminatory officials worked in the Respondent's Chimney Rock and Wisteria locations since at least 2013.

- The positions of the individuals alleged to have harassed claimants are: Servers/Food Prep, Assistant Manager, Manager, Chef, and Executive Chef.

Please provide a written counteroffer or response to me by June 10, 2022, at Richie.Quinteros@eeoc.gov. If you have any questions, I can be reached at (213) 785-3046.

Sincerely,

*Richie Quinteros*

Richie Quinteros
Investigator

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT H**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

Patricia Verduzco Avalos
208 Mohawk Court
Paso Robles, CA 93446
Hector R Martinez
enotices@themmlawfirm.com

Justin Vineyards & Winery, LLC
2265 Wisteria Lane
Paso Robles, CA 93446

The Wonderful Company, LLC
11444 W Olympic Blvd., 10th Floor
Los Angeles, CA 90064

Jenna Logoluso
jenna.logoluso@roll.com
Danny Hanson
danny.hanson@justinwine.com
Lisa Stilson
lisa.stilson@roll.com

Re:  Patricia Verduzco Avalos v. JUSTIN VINEYARDS & WINERY LLC
     EEOC Charge Number: 480-2018-03647

The Commission has determined that efforts to conciliate this charge as required Title VII of the
Civil Rights Act of 1964 (Title VII) have been unsuccessful.   This letter is the notice required by
§1601.25 of the Commission's Regulations, which provides that the Commission shall notify a
Respondent in writing when it determines that further conciliation efforts would be futile or non-
productive. No further efforts to conciliate this case will be made.

Accordingly, this case will be reviewed to determine whether the EEOC will take further action
against the above-named Respondent. A determination should be forthcoming in the near future.

On Behalf of the Commission:

Digitally Signed By:Christine Park-Gonzalez
06/29/2022
Christine Park-Gonzalez
Acting District Director

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT I**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

PLDG: 208150

## DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

ROLL LAW GROUP

OCT 1 0 2022

LISA STILSON
Justin Vineyards & Winery Llc
11444 W. Olympic Blvd., 7Th Floor
Los Angeles, CA 90064

Re: Patricia Verduzco Avalos v. JUSTIN VINEYARDS & WINERY LLC
EEOC Charge Number: 480-2018-03647

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party must file a lawsuit within 90 days of the date they receive the Notice. The 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

I hope this information is helpful. If you have questions, please contact Julie Borzage by telephone at  or email at JULIE.BORZAGE@EEOC.GOV.

Sincerely,

09/29/2022

Mauricio Ortiz-Castro

Digitally signed by Mauricio Ortiz-Castro
Date: 2022.09.29 16:09:47 -07'00'

Enclosure



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/27/2022

**To:** Patricia Verduzco Avalos
208 Mohawk Court
Paso Robles, CA 93446
Charge No: 480-2018-03647

EEOC Representative and email:   Richie Quinteros
Investigator
richie.quinteros@eeoc.gov

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 480-2018-03647.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
06/27/2022

Christine Park-Gonzalez
Acting District Director

**Cc:**
Jenna Logoluso
Roll Law Group PC
jenna.logoluso@roll.com

Danny Hanson
JUSTIN VINEYARDS & WINERY LLC
danny.hanson@justinwine.com

Lisa Stilson
Roll Law Group PC
lisa.stilson@roll.com

Hector R Martinez
MALLISON & MARTINEZ
enotices@themmlawfirm.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 480-2018-03647 to the District Director at Christine Park-Gonzalez, 255 East Temple St 4th Floor

Los Angeles, CA 90012.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

1
2
3
4
5
6
7
8
9
10
11
12
13
14            **EXHIBIT J**
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 East Temple St., 4th Floor Los
Angeles, CA 90012
Free: (877)-869-1802
TTY (800) 669-6820
FAX (213) 894-1118
Website: www.eeoc.gov

09/01/2022

Dear  Jenna  Logoluso,

Your request has been delivered to the U.S. Equal Employment Opportunity Commission.  The request has been
assigned tracking # 480-2022-012900, please log into your account and review your submission.

The application address is  https://eeoc.arkcase.com/foia/portal/

Thank you,

U.S. Equal Employment Opportunity Commission

*Notice of Confidentiality:  The information contained in this transmission may contain privileged and confidential
information, including information protected by federal and state privacy laws.  It is intended only for the use
of the person(s) named above.  If you are not the intended recipient, you are hereby notified that any review,
dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful.  If you
are not the intended recipient, please contact us at* foia@eeoc.gov  *and destroy all copies of the original message
and attachments.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT K



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 East Temple St., 4th Floor
Los Angeles, CA 90012
Free: (833) 827-2920
TTY: (800) 669-6820
FAX: (213) 894-1118
Website: www.eeoc.gov

09/07/2022

VIA: jenna.logoluso@roll.com
Jenna  Logoluso
Roll Law Group
11444 West Olympic Blvd.
Los Angeles, CA 90064

Re: FOIA No.: 480-2022-012900
Charge No.: 480-2018-03647

Dear Ms. Logoluso:

Your Freedom of Information Act (FOIA) request, received on 09/01/2022, is processed. Our search began on 09/01/2022. All agency records in creation as of 09/01/2022 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

**[ X ]**    **Your request is procedurally denied as the charge is in an Open / In Litigation state.**

[ X ]    The denial is pursuant to the subsections of the FOIA indicated at the end of this letter. The end of this letter explains the use of these exemptions in more detail.

**[ X ]**    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202) 741-5769.

The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 653-6034.

**[ X ]**    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 653-6034. Your appeal will be governed by 29 C.F.R. § 1610.11.

480-2022-012900

Sincerely,

Thomas
Chang

Digitally signed
by Thomas Chang
Date: 2022.09.07
13:08:49 -07'00'

Thomas Chang
Records Disclosure Assistant
Thomas.Chang@eeoc.gov

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

[ ]  (b)(3)(A)(i)
    [ ]  § 706(b)
    [ ]  § 709(e)
    [ ]  § 107 of the ADA
    [ ]  § 207 of the GINA
[ ]  (b)(4)
[ ]  (b)(5)

[ ]  (b)(6)
**[ X ]  (b)(7)(A)**
[ ]  (b)(7)(C)
[ ]  (b)(7)(D)
[ ]  (b)(7)(E)
[ ]  (b)(7)(F)

For a full description of the exemption codes used please find them at the following URL:
https://www.eeoc.gov/foia/freedom-information-act-reference-guide

This response was prepared by Thomas Chang, who may be reached at Thomas.Chang@eeoc.gov.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT L**



JENNA W. LOGOLUSO
SENIOR COUNSEL
jenna.logoluso@roll.com

September 8, 2022

**VIA E-MAIL AND ONLINE PORTAL**

Office of Legal Counsel
FOIA Division
Equal Employment Opportunity Commission
131 M Street, NE
5NW02E
Washington, D.C. 20507

E-Mail: FOIA@eeoc.gov

     Re:    <u>FOIA No.: 480-2022-012900</u>
            Charge No.: 480-2018-03647

To Whom it May Concern:

     This is an appeal under the Freedom of Information Act.

     On September 1, 2022, my firm requested documents on behalf of our client Justin Vineyards & Winery LLC ("Justin") under the Freedom of Information Act relating to the Charge of Discrimination brought by Patricia Verduzco Avalos against Justin (EEOC Charge No. 480-2018-03647). Specifically, the request asked for "any and all documents relating to the [Charge], including, but not limited to: all notes (investigator notes, witness interview notes, etc.), questionnaire responses, position statements, correspondence (including emails and letters), witness affidavits, and investigation summaries." A copy of the FOIA request is attached hereto as Exhibit A.

     The request was assigned the following identification number: 480-2022-012900. On September 7, 2022, we received a response to the request in a letter signed by Thomas Chang. We appeal the denial of the request. A copy of the agency determination which is the subject of this appeal is attached hereto as Exhibit B.

     The documents that were withheld must be disclosed under the FOIA because Justin is entitled to know the details of the investigation against it. The investigation itself was closed on January 11, 2022 when the Letter of Determination was issued.

     The FOIA request was denied under 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)"), which excludes "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings . . . ." *The exemption, however, cannot be*

Office of Legal Counsel
September 8, 2022
Page 2

*applied wholesale as to an entire file identified in a FOIA request as the EEOC has done here. See, e.g., Equal Emp. Opportunity Comm'n v. Whiting-Turner Contracting Co.*, No. 3:21-CV-00753, 2022 WL 3221825, at *4 (M.D. Tenn. Aug. 9, 2022), *North v. Walsh*, 881 F.2d 1088, 1097 (D.C. Cir. 1989) ("Exemption 7(A) does not authorize automatic or wholesale withholding of records or information simply because the material is related to an enforcement proceeding."), *J.P. Stevens & Co. v. Perry*, 710 F.2d 136, 140-41 (4th Cir. 1983) (rejecting EEOC's "blanket exemption" argument "that disclosure of any law enforcement record is interference with the enforcement proceedings"), *Cuban v. S.E.C.*, 744 F. Supp. 2d 60, 85 (D.D.C. 2010) ("[T]his exemption is not meant to be a 'blanket exemption' for any files or records that are relevant to an investigation—their disclosure must be reasonably expected to interfere in a 'palpable, particular way' with the investigation." (internal citation omitted).) "An agency may withhold *only* exemption information and must provide all 'reasonably segregable' portions of the record to the requestor." *Sigler v. H.H.S.*, 2019 WL 4749896 at *3 (C.D. Cal. 2019) (citing 5 U.S.C. § 552(b)) (emphasis added).

The EEOC has also failed to make the required "particularized showing" to apply Exemption 7(A), which requires three steps: (1) to define its categories of documents functionally, (2) to conduct a document-by-document review in order to assign documents to the proper category, and (3) to explain how the release of each category would interfere with enforcement proceedings. *See Whiting-Turner Contracting Co.*, 2022 WL 3221825 at *5 (citing *Bevis v. Dep't of State*, 801 F.2d 1386, 1389-90 (D.C. Cir. 1986).)

Here, Justin is a defendant to two lawsuits stemming from Ms. Verduzco Avalos' EEOC Charge—one brought by the Claimant herself, and the other filed by the EEOC. Neither support the EEOC's denial of Justin's FOIA request. The documents Justin requests are not privileged and will not "interfere with enforcement proceedings." Indeed, Justin specifically did *not* request privileged documents related to conciliation or to the EEOC's decision to file a lawsuit. Justin is, however, entitled to the documents related to the investigation both under FOIA and through pending litigation. These documents should be produced. Alternatively, to the extent any documents are subject to Exemption 7(A), the EEOC must provide any portions of the requested documents that are reasonably segregable from the exempted materials.

Thank you for your consideration of this appeal.

Very truly yours,

/s/ Jenna Logoluso

Jenna W. Logoluso

JL:JL
Encl.
cc:    Lisa Stilson
       Matthew Onyett
       Lauren Babst

{3324900.1}

**EXHIBIT A**

| From: | eeoc.foia@arkcase.com |
|---|---|
| To: | Logoluso, Jenna |
| Subject: | New Request 480-2022-012900 |
| Date: | Thursday, September 1, 2022 11:24:39 AM |
| Attachments: | Confirmation Notice.pdf |


logo

Dear Jenna Logoluso,

Your request has been delivered to the U.S. Equal Employment Opportunity Commission. The request has been assigned tracking # 480-2022-012900, please log into your account and review your submission.

The application address is https://eeoc.arkcase.com/foia/portal/login

Thank you,

U.S. Equal Employment Opportunity Commission

Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at foia@eeoc.gov and destroy all copies of the original message and attachments.

<![endif]-->

# Request Details

| Title | 480-2022-012900 - Any and all documents relating to the Charge of Discrimination brought by Patricia Verduzco against Justin Vineyards & Winery, LLC (Charge No. 480-2018-03647), including, but not limited to: all notes (investigator notes, witness interview notes, etc), questionnaire responses, position statements, correspondence (including emails and letters), witness affidavits, and investigation summaries. | | |
|---|---|---|---|
| Type | New Request | Queue | Intake |
| Created | 09/01/2022 18:22 (UTC) | Received | 09/01/2022 18:22 (UTC) |
| Assignee | | Owning Group | AO_FOIA_LOGGER_INTAKE_LOSANGELES-480@EEOC.ARKCASE.COM |
| Due | 09/30/2022 21:30(UTC) | Priority | Normal |
| Modified | 09/01/2022 18:22 (UTC) | Modified By | |

This is an automated email notification sent from ArkCase.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 East Temple St., 4th Floor Los
Angeles, CA 90012
Free: (877)-869-1802
TTY (800) 669-6820
FAX (213) 894-1118
Website: www.eeoc.gov

09/01/2022

Dear  Jenna  Logoluso,

Your request has been delivered to the U.S. Equal Employment Opportunity Commission.  The request has been assigned tracking # 480-2022-012900, please log into your account and review your submission.

The application address is  https://eeoc.arkcase.com/foia/portal/

Thank you,

U.S. Equal Employment Opportunity Commission

*Notice of Confidentiality:  The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws.  It is intended only for the use of the person(s) named above.  If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful.  If you are not the intended recipient, please contact us at* foia@eeoc.gov   *and destroy all copies of the original message and attachments.*

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 East Temple St., 4th Floor
Los Angeles, CA 90012
Free: (833) 827-2920
TTY: (800) 669-6820
FAX: (213) 894-1118
Website: www.eeoc.gov

09/07/2022

VIA: jenna.logoluso@roll.com
Jenna  Logoluso
Roll Law Group
11444 West Olympic Blvd.
Los Angeles, CA 90064

Re: FOIA No.: 480-2022-012900
Charge No.: 480-2018-03647

Dear Ms. Logoluso:

Your Freedom of Information Act (FOIA) request, received on 09/01/2022, is processed. Our search began on 09/01/2022. All agency records in creation as of 09/01/2022 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[ X ]    **Your request is procedurally denied as the charge is in an Open / In Litigation state.**

[ X ]    The denial is pursuant to the subsections of the FOIA indicated at the end of this letter.
The end of this letter explains the use of these exemptions in more detail.

[ X ]    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448; or facsimile at (202) 741-5769.

The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 653-6034.

[ X ]    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 653-6034. Your appeal will be governed by 29 C.F.R. § 1610.11.

480-2022-012900

Sincerely,

**Thomas Chang**

Digitally signed
by Thomas Chang
Date: 2022.09.07
13:08:49 -07'00'

Thomas Chang
Records Disclosure Assistant
Thomas.Chang@eeoc.gov

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

[ ] (b)(3)(A)(i)
    [ ] § 706(b)
    [ ] § 709(e)
    [ ] § 107 of the ADA
    [ ] § 207 of the GINA
[ ] (b)(4)
[ ] (b)(5)

[ ] (b)(6)
**[ X ] (b)(7)(A)**
[ ] (b)(7)(C)
[ ] (b)(7)(D)
[ ] (b)(7)(E)
[ ] (b)(7)(F)

For a full description of the exemption codes used please find them at the following URL:
https://www.eeoc.gov/foia/freedom-information-act-reference-guide

This response was prepared by Thomas Chang, who may be reached at Thomas.Chang@eeoc.gov.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT M**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Legal Counsel**

<div align="right">
131 M St, N. E., Fifth Floor<br>
Washington, D. C. 20507<br>
Free: (833) 827-2920<br>
ASL: (844) 234-5122<br>
FAX: (202) 827-7545<br>
Website: www.eeoc.gov
</div>

September 21, 2022

VIA: jenna.logoluso@roll.com

Jenna Logoluso
ROLL LAW GROUP
11444 West Olympic Blvd.
Los Angeles, CA 90064

Re:     FOIA Appeal No.: **820-2022-000186A**
        *Appealing FOIA No. 480-2022-012900*

Dear Ms. Logoluso:

Your appeal under the Freedom of Information Act (FOIA) received on 09/08/2022, is processed. The paragraph(s) checked below apply:

[X]     The initial determination issued on your request is affirmed and your appeal is denied.

    [X]     Pursuant to the FOIA Exemptions cited in the initial denial of your request.

[X]     If you are dissatisfied with this decision, you may file a civil action in the United States district court in the district where you reside or have your principal place of business, where the agency records are situated, or in the District of Columbia.

    You may contact the EEOC FOIA Public Liaison, Michael L. Heise, for further assistance or to discuss any aspect of your appeal. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

    The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free (877) 684-6448; or facsimile at (202)741-5769.

    The contact information for the FOIA Public Liaison: (see contact information in the above letterhead or under signature line).

[X]     See the attached Comments page for further information.

                                Sincerely,

                                *Michael L. Heise, Esq*

                                Michael L. Heise
                                Assistant Legal Counsel | FOIA Division
                                foia@eeoc.gov

820-2022-000186A

## **COMMENTS**

On September 1, 2022, you made a FOIA request for any and all documents related to EEOC Charge No. 480-2018-03647. This request was assigned to the Los Angeles District Office (LADO) for processing. On September 7, 2022, LADO denied your request in full pursuant to FOIA Exemption 7 ((b)(7)(A)).

You appealed that decision on September 8, 2022. On appeal we conducted a *de novo* review of your request, and we affirm LADO's determination under the seventh exemption to the FOIA, found at 5 U.S.C. § 552(b)(7)(A). Exemption (b)(7)(A) authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . .

The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *General Electric Co. v. United States EPA*, 18 F.Supp.2d 138, 143 (D. Mass. 1998). Premature disclosure of records compiled during an agency investigation will allow requester to know the possible nature, scope, direction, and limits of the investigation. *J.P. Stevens & Co. v. Perry*, 710 F. 2d 136, 143 (4th Cir. 1983); *Hambarian v. Commissioner of IRS*, No. CV 99-9000, 2000 WL 637347 (C.D. Cal. Feb. 16, 2000). Release of statements by witnesses creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 239 (1978); *Manna v. United States Dep't of Justice*, 51 F.3d 1158, 1164 (3d Cir. 1995). Exemption 7(A) applies "until . . . all reasonably foreseeable administrative and judicial proceedings are concluded" *Service Employees Int. Union, AFL-CIO v. GSA*, No. 97 Civ. 8509, 1998 WL 726000 (S.D.N.Y. Oct. 15, 1998); *Southern Baptist Hospital v. EEOC*, 28 Empl. Prac. Dec. ¶ 32,585 at 24,642, 1982 WL 209 (E.D. La. 1982).

EEOC Charge No. 480-2018-03647 relates to a matter currently pending in Federal court, **2:22-cv-6039, EEOC v. Justin Vineyards Winery, LLC**. FOIA Exemption 7 ((b)(7)(A)) is applicable as all reasonably foreseeable administrative and judicial proceedings have yet to conclude. We therefore affirm LADO's decision and deny your appeal.