Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, SBN 338942
maurice.neishlos@eeoc.gov
Chanmealea Thou, SBN 326469
chanmealea.thou@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3008
Facsimile:  (213) 894-1301
Email:  lado.legal@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-6039-PA (RAOx)<br><br>**PLAINTIFF EEOC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT (DKT NO. 21) AND CERTIFICATE OF SERVICE** |

TO THE COURT, DEFENDANTS, AND THEIR COUNSEL:

Plaintiff the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") submits the following Memorandum of Points and Authorities in opposition to the Motion to Dismiss, or in the Alternative, for a Stay for Failure to Engage in the Conciliation Process, or for a More Definite Statement ("Defendants' Motions") filed by Defendants Justin Vineyards & Winery LLC and The Wonderful Company LLC (collectively, "Defendants"). (Docket No. 21).

Defendants' Motions wrongly seek to dismiss the EEOC's Complaint (Docket No. 1) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendants request that this Court stay this action and order the EEOC to "restart and complete the conciliation process" or to provide a more definite statement pursuant to Rule 12(e)(6) of the Federal Rules of Civil Procedure.

Defendants' Motions are based on erroneous factual assertions and stand in stark contrast to well-established federal precedent regarding the EEOC's litigation authority and applicable pleading requirements under federal laws. As such, the EEOC respectfully requests that Defendants' Motions be denied. The specific grounds upon which the EEOC is seeking denial of Defendants' Motions are briefly summarized as follows:

1. The EEOC's Complaint sufficiently states a claim upon which relief can be granted on behalf of a class. Specifically, the Complaint alleges that Defendants, through their male supervisors, violated Title VII by subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating, hostile work environment because of sex (female) since August 2017. The Complaint also sufficiently pled claims of retaliation and constructive discharge perpetrated by Defendants and described the relief sought by the EEOC on behalf of the public interest in enforcing Title VII and the aggrieved employees. In

conjunction with these claims, the EEOC provided detailed factual allegations including examples of sexually harassing comments and conduct, adverse employment actions, and Defendants' repeated failure to remediate these unlawful employment practices. At the notice-pleading stage of this litigation, these allegations are sufficient to comply with the pleading requirements under Rules 8 and 12. As such, the EEOC respectfully requests that Defendants' motion to dismiss pursuant to Rule 12(b)(6) be denied.

2.     The EEOC has fulfilled its duty to conciliate with Defendants prior to filing this lawsuit. Specifically, the EEOC has provided Defendants with: (1) notice of the specific allegations against them by describing the discriminatory conduct in which Defendants and their management employees engaged and the class of employees who suffered harm because of this conduct and (2) numerous opportunities to remedy the alleged discrimination as evidenced by the months of communication with Defendants during the conciliation process. Because the EEOC has met its duty to conciliate, the EEOC respectfully requests that Defendants' motion for a stay also be denied.

3.     The EEOC's Complaint is intelligible and provides a sufficient basis for Defendants to answer the Complaint. As such, the EEOC respectfully requests that Defendants' motion for a more definite statement pursuant to Rule 12(e) also be denied.

This Opposition is based upon the Points and Authorities, attached Exhibits, and pleadings and papers already filed with the Court.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Anna Y. Park
Regional Attorney

Date:  <u>December 29, 2022</u>          By:     <u>/s/ Chanmealea Thou</u>
                                                Chanmealea Thou
                                                Trial Attorney

# TABLE OF CONTENTS

I.   PROCEDURAL AND FACTUAL HISTORY ....................................................1

II.  LEGAL STANDARDS AND ARGUMENTS...................................................5

    A.   MOTION TO DISMISS: THE EEOC SUFFICIENTLY PLED A CLAIM UPON WHICH RELIEF CAN BE GRANTED ON BEHALF OF A CLASS AND DEFENDANTS' RULE 12(B)(6) MOTION SHOULD BE DISMISSED ............................................................................................5

    B.   MOTION FOR A STAY: AS THE EEOC MET ALL CONCILIATION REQUIREMENTS, DEFENDANTS' MOTION FOR A STAY SHOULD BE DENIED ...............................................................................................11

        i.   The EEOC Provided Defendants with Notice of Their Unlawful Employment Practice and Which Class of Employees was Harmed Through its Letter of Determination.................................................12

        ii.  The EEOC Provided Defendants with Opportunity to Remedy the Alleged Discriminatory Practice Through Months of Communication...................................................................................13

    C.   MOTION FOR MORE DEFINITE STATEMENT: AS THE COMPLAINT IS INTELLIGIBLE AND PROVIDES A SUFFICIENT BASIS FOR DEFENDANTS TO ANSWER THE COMPLAINT, DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED..........................................................................16

III. CONCLUSION ............................................................................................19

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009) ...................................................................6

*Beery v. Hitachi Home Elecs. (Am.), Inc.*,
     157 F.R.D. 477 (C.D. Cal. 1993) ...............................................16

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007) ..............................................................6, 16

*Broam v. Bogan*,
     320 F.3d 1023 (9th Cir. 2003) .....................................................6

*Cahill v. Liberty Mutual Ins. Co.*,
     80 F.3d 336 (9th Cir. 1996) .........................................................6

*Castillo v. Norton*,
     219 F.R.D. 155 (D. Ariz. 2003).................................................18

*E.E.O.C. v. Rockwell Intern. Corp.*,
     922 F.Supp. 118 (N.D.Ill. 1996)..................................................2

*E.E.O.C. v. Spoa, LLC*,
     No. CIV. CCB-13-1615, 2013 WL 5634337 (D. Md. Oct. 15, 2013) ...............8

*EEOC v. 5042 Holdings Ltd.*,
     No. 3:09- CV-61, 2010 WL 148085 (N.D. W. Va. Jan. 11, 2010) ..................10

*EEOC v. Dimensions Healthcare Sys.*,
     188 F. Supp. 3d 517 (D. Md. 2016) .............................................13

*EEOC v. Geisinger Health*,
     No. CV 21-4294-KSM, 2022 WL 10208553 (E.D. Pa. Oct. 17, 2022)............10

*EEOC v. JBS USA, LLC*,
     481 F. Supp. 3d 1204 (D. Colo. 2020) ...........................................10

*EEOC v. JBS USA, LLC*,
     No. 8:10-cv-318, 2015 WL 4506709 (D. Neb. July 24, 2015) ......................18

*EEOC v. Lawler Foods, Inc.*,
No. 4:14-CV-03588, 2015 WL 8457816 (S.D. Tex. Dec. 4, 2015)............13, 14

*EEOC v. UPS*,
No. 09-cv-5291, 2013 WL 140604 (N.D. Ill. Jan. 11, 2013)............................10

*EEOC v. Waffle House, Inc.*,
534 U.S. 279 (2002) ......................................................................................10

*Famolare, Inc. v. Edison Bros. Stores, Inc.*,
525 F. Supp. 940 (E.D. Cal. 1981) ................................................................17

*Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*,
446 U.S. 318 (1980) ......................................................................................19

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997) ...........................................................................6

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
816 F.3d 1189 (9th Cir. 2016)..................................................................13, 15

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) .........................................................................6

*Mach Mining, LLC v. EEOC*,
575 US 480 (2015) ............................................2, 5, 11, 12, 13, 14, 15

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ...........................................................................6

*Neveau v. City of Fresno*,
392 F.Supp.2d 1159 (E.D. Cal. 2005) .......................................................16, 17

*Parks v. Sch. of Business, Inc., v. Symington*,
51 F.3d 1480 (9th Cir. 1995) ...........................................................................6

*San Bernardino Pub. Employees Ass'n v. Stout*,
946 F.Supp. 790 (C.D.Cal. 1996)..............................................................16, 17

*United States EEOC v. Bay Club Fairbanks Ranch, LLC*,
No. 18-cv-1853, 2019 U.S. Dist. LEXIS 16708 (S.D. Cal. Feb. 1, 2019)......7, 8

*United States EEOC v. Pioneer Hotel, Inc.*,
   No. 2:11-CV-01588-LRH-RJJ, 2013 U.S. Dist. LEXIS 98350 (D. Nev. July
   12, 2013) ...................................................................................................7, 8

*United States v. Redwood City*,
   640 F.2d 963 (9th Cir. 1981) ...............................................................................6

*United States v. Sequel Contractors, Inc.*,
   402 F. Supp. 2d 1142 (C.D. Cal. 2005) .......................................................16, 17

*Voggenthaler v. Maryland Square, LLC*,
   No. 2:08-CV-1618-RCJ-GWF, 2010 WL 2998253
   (D. Nev. July 22, 2010) ................................................................................16, 18

**STATUTES**

42 U.S.C. § 2000e-5(b)......................................................................2, 11, 14, 19

42 U.S.C. §2000e-5(f)(1)...............................................................................5, 14

Civil Rights Act of 1964 Title VII ........................... ii, 1,3, 7, 8, 10, 11, 12, 13, 14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8................................................................................................10

Fed. R. Civ. P. 8(a) .......................................................................................5, 16

Fed. R. Civ. P. 8(e) ...........................................................................................16

Fed. R. Civ. P. 12(b)(6) ..............................................................................5, 6, 10

Fed. R. Civ. P. 12(e) ..................................................................................5, 16, 17

Fed. R. Civ. P. 23..............................................................................................19

Fed. R. Civ. P. 26..............................................................................................19

Fed. R. Civ. P. 26(f)......................................................................................18, 19

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PROCEDURAL AND FACTUAL HISTORY

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action in its own name under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") on August 25, 2022.[1] (Docket No. 1). The purpose of the EEOC's suit is to address and remedy the unlawful employment practices engaged in by Defendants Justin Vineyards & Winery LLC and The Wonderful Company LLC (collectively, "Defendants"). *Id.* In its Complaint, the EEOC alleged that Defendants engaged in unlawful employment practices including sexual harassment, retaliation, and/or constructive discharge. *Id.* at 4. Specifically, the EEOC pled that Defendants, since at least August 2017, have been subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female). *Id.* at 4. The Complaint also alleged that Defendants subjected the aggrieved employees to retaliation and constructive discharge for engaging in protected activity such as complaining about the harassment. *Id.* at 5–6. With these allegations, the EEOC provided specific factual allegations of Defendants' and its employees' misconduct which includes sexually harassing comments and conduct, adverse employment actions against the aggrieved employees, and Defendants' repeated failure to remediate unlawful employment practices, even after receiving complaints of the unlawful practices. *Id.* at 4–6. The Complaint further seeks monetary and injunctive relief in the public interest and on behalf of the class of aggrieved employees. *Id.* at 7–8.

In response to the EEOC's Complaint, Defendants filed their Motion to

---

[1] The Charging Party and three other employees of Defendants retained private counsel and sought to intervene as plaintiffs in this lawsuit on December 20, 2022. (Docket No. 24).

Dismiss, or in the Alternative, for a Stay for Failure to Engage in the Conciliation Process, or for a More Definite Statement ("Defendants' Motions") on December 6, 2022.[2] To support their motions, Defendants disclosed some portions of the conciliation communications between themselves and the EEOC, but withheld other portions of the communication, thereby providing the Court with an incomplete and inaccurate representation of the conciliation process.[3]

Based on the documents filed by Defendants, the EEOC provides the following factual history. (Docket No. 21-1). On June 12, 2018, prior to the filing

---

[2] In Defendants' Motions, Defendants wrongly accused the EEOC of attempting to "extort a large settlement" and engaging in bad faith in pursuit of media coverage. These accusations are both unfounded and inappropriate. The EEOC's actions have been in pursuit of the public interest and seeking relief on behalf of women who have been harmed by egregious sexual harassment. Any assertions to the contrary are harmful to our civil rights mission and public trust and should not be made lightly. (Docket No. 21).

[3] The EEOC is bound by the confidentiality provision of 42 U.S.C. § 2000e-5(b), which states that, "[n]othing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." In *Mach Mining*, the Supreme Court held that, consistent with this non-disclosure provision, "a court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.,* statements made or positions taken) during those discussions." 575 U.S. at 494.

By raising issue with the sufficiency of conciliation and citing part of the conciliation communications to support Defendants' Motions, Defendants appeared to have waived confidentiality under 42 U.S.C. § 2000e-5(b). *See E.E.O.C. v. Rockwell Intern. Corp*., 922 F.Supp. 118 (N.D.Ill. 1996) (finding employer waived §2000e-5(b) confidentiality by raising the scope of the EEOC's conciliation efforts in its motion to dismiss and citing portion of the communication in its brief supporting the motion."). However, during the meet and confer for Defendants' Motions, the EEOC asked Defendants whether they will waive the conciliation confidentiality but did not receive any response. Attached hereto is a true and accurate copy of the conferral e-mail dated December 2, 2022, which was marked as Exhibit 1. Out of an abundance of caution, the EEOC will not provide such communication to the Court. Should the Court require review of what was said and done during conciliation or deem confidentiality under 42 U.S.C. § 2000e-5(b) as waived, the EEOC requests an opportunity to provide the full and complete representation of conciliation communications to the Court under seal.

of this lawsuit, the Charging Party Patricia Verduzco Avalos filed a formal charge of discrimination with the EEOC. (Docket No. 21-1, Ex. A—Charge of Discrimination dated June 6, 2018). The charge expressly complained of "sexual harassment," "hostile work environment," and "retaliation" and that there is "a class of female . . . employees [who] have been discriminated against on the basis of their sex, female." (Docket No. 21-1, Ex. A). Defendants received a copy of the Charge of Discrimination and thus were notified of the charges of sexual harassment, retaliation, and constructive discharge as well as the class allegation filed against them in 2018. *Id.*

After receiving the charge, the EEOC investigated the allegations, including the class allegation, and Defendants participated by providing requested information, including information about the potential class. (Docket No. 21-1 at 1; Ex. B at 2). At the conclusion of its investigation, on January 11, 2022, the EEOC issued a Letter of Determination, finding that "there is reasonable cause to believe that Charging Party was sexually harassed due to her sex (female)" and "was retaliated against and/or constructively discharged, in violation of Title VII" and that "a class of similarly situated individuals worked at [Defendants]' Paso Robles California locations between August 1, 2017 to present were sexually harassed because of their sex, subjected to retaliation for participating in protected activity, and/or constructively discharged." (Docket No. 21-1, Ex. B at 2). The Letter of Determination also contained an express invitation for Defendants to engage in the conciliation process. *Id.*

On April 14, 2022, the EEOC sent another letter in which it provided an opening demand for monetary and injunctive relief and again invited Defendants to participate in conciliation. (Docket No. 21-1, Ex. C—EEOC's letter dated April 14, 2022). In response, Defendants did not provide any counteroffer, instead requesting additional information. (Docket No. 21-1, Ex. D—Defendants' letter dated May 2, 2022). On May 12, 2022, in response to Defendants' request, the EEOC provided

additional information regarding the Charging Party and six identified Claimants by informing Defendants that,

> Charging Party and the Claimants were sexually harassed by male managers and other employees. The harassment included, but was not limited to inappropriate touching including kissing, rubbing genitals on female employees, and repeated sexually explicit comments and requests. Justin [Vineyards] and Winery, LLC. failed to take appropriate corrective action to stop the harassment, despite several complaints from the affected female employees to management. Some of the employees who complained were subjected to retaliation, including but not limited to constructive discharge.

(Docket No. 21-1, Ex. E—EEOC's letter dated May 12, 2022). The EEOC again invited Defendants to provide a counteroffer. *Id*. Defendants again refused to provide a counteroffer or otherwise engage in conciliation and requested "the identity of the individuals involved—both in terms of complainants and alleged harassers." (Docket No. 21-1, Ex. F—Defendants' letter dated May 18, 2022). The EEOC subsequently provided Defendants with more information including that, "[t]he claimants and alleged discriminatory officials worked in the Respondent's Chimney Rock and Wisteria locations since at least 2013" and that the "positions of the individuals alleged to have harassed claimants are: Servers/Food Prep, Assistant Manager, Manager, Chef, and Executive Chef." (Docket No. 21-1, Ex. G—EEOC's letter dated June 3, 2022). The EEOC again requested a counteroffer from Defendants. *Id.*

After the EEOC's letter dated June 3, 2022, Defendants and the EEOC continued exchanging additional correspondence, which Defendants conveniently failed to disclose. Despite Defendants' misleading claims that the EEOC refused to provide details of its claim, Defendants admitted that, through correspondence during conciliation, the EEOC indeed provided them with numerous details

including the names of the alleged perpetrators,[4] the locations where the discrimination occurred, and specific examples of the sexually harassing acts engaged in by the alleged perpetrators that gave rise to the EEOC's claims. (*See, e.g.,* Docket No. 21 at 11, 12). On June 27, 2022, after months of communication and receiving no counteroffer acceptable to the EEOC, the EEOC determined that negotiations had reached an impasse and issued Notices of Failure of Conciliation informing Defendants that further conciliation efforts would be futile or non-productive. (Docket No. 21, Ex. H—EEOC's letter dated June 27, 2022).

## II.   LEGAL STANDARDS AND ARGUMENTS

Defendants state that they brought their motion to dismiss pursuant to Rule 12(b)(6); motion for a stay pursuant to "the Court's inherent authority, *Mach Mining, LLC v. EEOC*, 575 US 480 (2015), and 42 U.S.C. §2000e-5(f)(1)"; and motion for a more definite statement pursuant to Rule 12(e). (Docket No. 21 at 2). Based on the following, the EEOC opposes Defendants' Motions and requests that the Court deny Defendants' Motions in their entirety.

### A.   <u>MOTION TO DISMISS: THE EEOC SUFFICIENTLY PLED A CLAIM UPON WHICH RELIEF CAN BE GRANTED ON BEHALF OF A CLASS AND DEFENDANTS' RULE 12(B)(6) MOTION SHOULD BE DISMISSED</u>

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In considering whether a plaintiff has sufficiently stated a claim, the Court must accept all factual allegations pleaded in the complaint as true and must draw all reasonable inferences from them in favor

---

[4] Defendants employed the alleged perpetrators as well as other employees who worked with the alleged perpetrators. Therefore, once Defendants were informed of the identities of the alleged perpetrators, Defendants knew or should have known about the status of their employment and the identities of the potential claimants.

of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir. 1996). To survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *see also Parks v. Sch. of Business, Inc., v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "Under this rule it is only the extraordinary case in which dismissal is proper." *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *see also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).[5]

In this case, Defendants moved the Court to dismiss the EEOC's Complaint by alleging that the EEOC "makes no attempt to provide any definition for the class of potential claimants." (Docket No. 21 at 16). Citing to several cases outside of the Ninth Circuit, Defendants suggest that the EEOC must plead a list of allegations in its Complaint, including: "(1) the statutes that the employer allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the names of at least one presently identified victim; (4) a general description of the class of aggrieved persons; (5) the specific claims alleged and their elements as to the charging party

---

[5] If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

and the class of aggrieved persons; (6) the types of conduct to which the named claimants and the identified class members were subjected; and (7) the remedies being sought." (Docket No. 21 at 15) (citing *EEOC v. JBS USA, LLC*, 481 F. Supp. 3d 1204, 1216 (D. Colo. 2020); *EEOC v. Geisinger Health*, No. CV 21-4294-KSM, 2022 WL 10208553, at *17 (E.D. Pa. Oct. 17, 2022); *EEOC v. UPS*, No. 09-cv-5291, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013); *EEOC v. 5042 Holdings Ltd.*, No. 3:09- CV-61, 2010 WL 148085, at *2 (N.D. W. Va. Jan. 11, 2010)).

The EEOC contends that Defendants mischaracterize the applicable standard for pleadings as well as the EEOC's Complaint. Although the EEOC *agrees* with Defendants that "the EEOC is *not* required to name each member of the class" and that "it must provide some indication of the scope of class" or "a general description of the class of aggrieved individual." (Docket No. 21 at 15) (citing *EEOC v. JBS USA, LLC*, No. 8:10-cv-318, 2015 WL 4506709, at *6 (D. Neb. July 24, 2015)*; EEOC v. Fed. Reserve Bank of St. Louis*, 84 F.R.D. 337, 341 (W.D.Tenn.1979)). The EEOC differs with Defendants on what constitutes "*some indication* of the scope of the class" or "a *general* description of the class of aggrieved individual." *See id.* (emphasis added).

In the Ninth Circuit, courts have rejected the level of specificity demanded by Defendants. *See, e.g., United States EEOC v. Bay Club Fairbanks Ranch, LLC*, No. 18-cv-1853, 2019 U.S. Dist. LEXIS 16708, at *3–5 (S.D. Cal. Feb. 1, 2019) (stating that the requirement to plead "the who, what, when, where, and how" is "akin to the level required to plead fraud," which has no basis under Title VII; *United States EEOC v. Pioneer Hotel, Inc.*, No. 2:11-CV-01588-LRH-RJJ, 2013 U.S. Dist. LEXIS 98350 (D. Nev. July 12, 2013) (holding the EEOC's complaint was sufficient to state a claim when it alleged specific discriminatory conduct by defendant, identified the department where the discrimination took place, alleged a classification upon which discrimination was made, and identified at least one aggrieved individual). Instead, a "complaint containing allegations and factual

statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss." *See United States EEOC v. Pioneer Hotel, Inc.*, 2013 U.S. Dist. LEXIS 98350, at *7. Here, the EEOC's Complaint provided numerous factual allegations of Defendants' discrimination against the class of aggrieved employees beginning in August 2017, which include sexually harassing comments and physical contact, adverse employment actions, and failure to remediate the unlawful employment practices, which is sufficient to survive a motion to dismiss. (Docket No. 1, 4–6); *see infra.; Bay Club Fairbanks Ranch, LLC*, 2019 U.S. Dist. LEXIS 16708; *Pioneer Hotel, Inc.*, 2013 U.S. Dist. LEXIS 98350; *see also E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *6 (D. Md. Oct. 15, 2013) (denying a 12(b)(6) motion where the EEOC's complaint did not provide identities of any of the class members, but set forth detailed facts of sexual conduct and comments showing unwelcome, severe, and pervasive conduct, for which the employer may be held accountable).

Even when applying the stricter standard proposed by Defendants, the EEOC still meets the requirements therein. The EEOC's Complaint furnishes details of how Defendants, through their male supervisors, have been subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female) in violation of Title VII since at least August 2017. (Docket No. 1, ¶23–25). In addition to this class allegation, the EEOC provided specific and particularized factual allegations of these supervisors' conduct, which form the grounds upon which its claims of Title VII violation rests. Specifically, the EEOC alleges that Defendants' male supervisors engage in conduct that:

> included but was not limited to, unwanted sexual touching of the buttocks, waist and breasts, rubbing of genitals on female subordinate employees,

unwanted hugging and kissing, forcible kissing on the mouth, grabbing on the hands, snapping of bra straps, nibbling on the ear, biting on the shoulder, exposure of male employees' private body parts, texting inappropriate photos, and stroking employees' hair. The supervisors' conduct also included, but was not limited to, frequent sexual comments, including comments about employees' breasts and buttocks (such as commenting on an employee's nipples or stating "I want to smack that ass," "that ass looks great in those jeans," or "your boobs look great in that top"), undergarments and clothing (such as discussing what bra or panties an employee might be wearing or texting an employee at 2 or 3 a.m. to ask what she was wearing), appearances (such as "you look super hot" or calling an employee "sexy"), and desire to engage in sexual activity with employees, as well as inappropriate sexual comments and requests (such as a request to engage in a threesome and stating a desire to get a divorce to be with an employee).

(Docket No. 1, ¶ 25). Further, through its Complaint, the EEOC notified Defendants that, *inter alia*, their other managers and supervisors knew or should have known of this inappropriate conduct and that some of the class members have complained verbally and in writing to Defendants' supervisors and management team, but Defendants failed to take prompt and effective remedial measures (Docket No. 1, ¶ 25-30). The Complaint also provided specific factual allegations regarding Defendants' unlawful retaliatory acts against this class of aggrieved employees such as "being assigned extra or double shifts, having their customer allergy requests disregarded, being accused of wrongdoing, being investigated, and having their supervisors yell, verbally berate them, laugh at them and slam doors." (Docket No. 1, ¶ 31). The Complaint further states that Defendants' Human Resources personnel made retaliatory accusations against complainants of harassment and blamed the victims. (Docket No. 1, ¶ 6). Moreover, the Complaint states the relief the EEOC is seeking on behalf of the public and this alleged class, including monetary and injunctive relief. (Docket No. 1 at 7).

In other words, the Complaint identifies (1) the statutes that Defendants allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the name of the Charging Party; (4) a general description of the class of aggrieved

persons; (5) the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; (6) the types of conduct to which the Claimants and the unidentified class were subjected; and (7) the injunctive and monetary relief being sought, all of which, Defendants argued, comprise a plausible complaint within the meaning of Rule 8 and 12(b)(6). *See JBS USA, LLC*, 481 F. Supp. 3d at 1216; *EEOC v. Geisinger Health*, No. CV 21-4294-KSM, 2022 WL 10208553, at *17 (E.D. Pa. Oct. 17, 2022); *EEOC v. UPS*, No. 09-cv-5291, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013); *EEOC v. 5042 Holdings Ltd.*, No. 3:09-CV-61, 2010 WL 148085, at *2 (N.D. W. Va. Jan. 11, 2010).

Moreover, Defendants' insistence that the EEOC further define or narrow the scope of its class allegation impinges upon the EEOC's enforcement power. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002) (stating Title VII "clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake"). First, Defendants' argument neglects to consider that the scope of the class must correlate with the severity or pervasiveness of the unlawful employment practices at Defendants' facilities. Further defining or narrowing the scope of the class poses a risk of excluding the identified class members. Second, narrowing the scope of the class, without the benefit of conducting discovery, would prevent the EEOC from identifying additional class members. As this litigation progresses, the size of the class may continue to grow as individuals come forward.

In short, the EEOC's Complaint, taken as a whole, sufficiently pled facts showing that Defendants, through their male supervisors, subjected a class of aggrieved employees to sexual harassment, retaliation, and/or constructive discharge because of sex (female) in violation of Title VII since at least August 2017. As such, the EEOC respectfully requests that this Court deny Defendants' motion to dismiss the EEOC's Complaint under Rule 12(b)(6).

### B. MOTION FOR A STAY: AS THE EEOC MET ALL CONCILIATION REQUIREMENTS, DEFENDANTS' MOTION FOR A STAY SHOULD BE DENIED

According to the U.S. Supreme Court in *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 489–92 (2015), Title VII gives the EEOC wide discretion regarding how to conduct conciliation and affords courts only a "limited review" or "barebones review" of the EEOC's conciliation. This "relatively barebones review" is intended to "verify[]" whether: (1) the EEOC notified "the employer about the specific allegation" by describing "what the employer has done and which employees (or what class of employees) have suffered as a result," and (2) the EEOC engaged "the employer in some form of discussion (whether written or oral)" to enable the employer to remedy the discrimination. *Id.* at 481, 494. The Supreme Court expressly rejected the notion that the EEOC must negotiate or conciliate in "good faith". *Id.* 482–83. The Supreme Court further rejected the argument that the EEOC "must also lay out 'the factual and legal basis for' all its positions, including the calculations underlying any monetary relief." *Id.* at 490–91.

Here, Defendants moved the Court to stay the instant proceeding in order to "restart conciliation in good faith." (Docket No. 21 at 22). As an initial matter, the EEOC makes clear that pursuant to *Mach Mining* and 42 U.S.C. § 2000e-5(b), the Court may conduct a "barebones review" of the EEOC's conciliation efforts and may look "only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.,* statements made or positions taken) during those discussions." 575 U.S. at 494. As such, the EEOC respectfully requests that, in ruling on Defendants' motion for a stay, the Court *does not* consider Defendants' exhibits pertaining to communications between Defendants and the EEOC during conciliation as this inquiry is more than what is required of the Court under *Mach Mining* and therefore, a waste of judicial resources. (Docket No. 21-1, Exs. C–H).

Further, as outlined below, the EEOC contends that it complied with *Mach Mining* conciliation requirements by providing Defendants with: (1) notice of the

unlawful employment practice and the class of employees who were harmed through its Letter of Determination and (2) numerous opportunities to remedy the unlawful employment practices through months of communication.

### i.  The EEOC Provided Defendants with Notice of Their Unlawful Employment Practice and Which Class of Employees was Harmed Through its Letter of Determination

Defendants incorrectly argued that they were not informed about what they had done and who had suffered as a result, as well as that they were never informed of specific details such as the names of six of the claimants. (Docket No. 21 at 18–20). To begin, the EEOC is only required to inform Defendants of: (1) Defendants' unlawful employment practice and (2) who was harmed by the practice. *Mach Mining*, 575 U.S. at 494. The record clearly shows that the EEOC provided this information to Defendants in its Letter of Determination, where the EEOC informed Defendants of their unlawful employment practice—sexual harassment because of sex (female), retaliation for participating in protected activity, and/or constructive discharge in violation of Title VII—and who was harmed—the Charging Party and a class of similarly situated individuals who worked at Defendants' Paso Robles, California locations between August 1, 2017, and the present. (Docket No. 21-1, Ex. B at 2). Accordingly, Defendant's argument that they did not receive adequate notice is unsupported by the record.

While the EEOC did not provide *all* information requested by Defendants during conciliation, such as the identities of the claimants,[6] the EEOC is not required to do so. The Ninth Circuit unequivocally rejected the "premise that the

---

[6] The EEOC notes that as a general policy, the EEOC does not disclose the identities of the aggrieved employees during conciliation especially when doing so would subject them to a heightened risk of retaliation or being blacklisted from employment in their respective industry or geographical location. The EEOC communicated this position to Defendants during in an email dated December 2, 2022, as part of the meet and confer efforts for Defendants' Motions. *See* Ex. 1.

EEOC . . . must *identify* and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing a lawsuit . . .". *See Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1199 (9th Cir. 2016) (emphasis added). Moreover, the additional information sought by Defendants constitutes the factual basis supporting the EEOC's claim of unlawful employment practice, which was explicitly rejected by the Supreme Court as a required disclosure by the EEOC during conciliation. *See Mach Mining*, 575 U.S. at 491 (rejecting the requirement that the EEOC must "lay out the factual and legal basis for all its positions, including the calculations underlying any monetary request" among other requirements). Defendants' argument thus goes beyond the notice required by Title VII and attempts to impose additional requirements on the EEOC, which infringes upon the EEOC's enforcement powers. *See EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 522 (D. Md. 2016) (holding that the EEOC satisfied its conciliation requirements where it informed the employer that there was reasonable cause that it failed to promote charging party because of her sex); *EEOC v. Lawler Foods, Inc.*, No. 4:14-CV-03588, 2015 WL 8457816, at *3 (S.D. Tex. Dec. 4, 2015) (holding that the EEOC did not need to fully disclose all evidence uncovered in its investigation and that the EEOC fulfilled its conciliation efforts by notifying the employer that it found a pattern or practice of intentionally failing to hire black and non-Hispanic applicants).

Accordingly, the Court should find that the EEOC has satisfied its notice requirement pursuant to *Mach Mining*.

### ii.   The EEOC Provided Defendants with Opportunity to Remedy the Alleged Discriminatory Practice Through Months of Communication

Defendants also argue that the EEOC did not provide them with an opportunity to remedy the alleged discriminatory practice (Docket 21 at 20). The record, however, demonstrates the contrary. To begin, Defendants did not allege

that the EEOC failed to engage them "in some form of discussion (whether written or oral)" to enable them to remedy the discrimination. *Mach Mining*, 575 U.S. at 494. Indeed, Defendants' own documents reveal that, in an attempt to remediate Defendants' unlawful employment practices, the EEOC engaged Defendants in written discussions, including but not limited to, the correspondence between January 2022 and June 2022. (Docket No. 21-1, Exs. B–G; Declaration of Taylor Markey at 2). Based on these communications, the EEOC determined that the conciliation efforts had reached an impasse and issued a notice of conciliation failure; these determinations are all within the EEOC's enforcement powers under Title VII. (Docket No. 21-1, Ex. G; Declaration of Taylor Markey at 2). As summarized in *Mach Mining*,

> Every aspect of Title VII's conciliation provision smacks of flexibility. To begin with, the EEOC need only "endeavor" to conciliate a claim, without having to devote a set amount of time or resources to that project. §2000e-5(b). Further, the attempt need not involve any specific steps or measures; rather, the Commission may use in each case whatever "informal" means of "conference, conciliation, and persuasion" it deems appropriate. *Ibid.* And the EEOC alone decides whether in the end to make an agreement or resort to litigation: The Commission may sue whenever "unable to secure" terms "acceptable *to the Commission*." §2000e-5(f)(1) (emphasis added) . . . . Congress left to the EEOC such strategic decisions as whether to make a bare-minimum offer, to lay all its cards on the table, or to respond to each of an employer's counter-offers, however far afield.

575 U.S. at 492; *see also E.E.O.C. v. Lawler Foods, Inc.*, No. 4:14–CV–03588, 2015 WL 8457816, at *3 n. 1 (S.D.Tex. Dec. 4, 2015) ("*Mach Mining* simply leaves no room for judicial review of the reasonableness and flexibility of the EEOC's conciliatory communications."). Defendants' implied suggestion that the EEOC has a list of obligations owed to them, such as "identify[ing] any policy or practice of Justin's that could be remedied as a general matter" or providing Defendants the "ability to investigate the claims, determine their veracity, and decide what, if any

action should be taken," runs afoul of this flexibility. (Docket No. 21 at 20–22); *see Mach Mining*, 575 U.S. at 492. The EEOC provided Defendants with notice of their unlawful employment practice and the class of employees who were harmed by that practice. The EEOC also provided Defendants with numerous opportunities to achieve voluntary compliance through months of communication. After receiving both the required notice and the opportunity to voluntarily achieve compliance, Defendants' own failure to enter into "a conciliation agreement acceptable to the Commission" does not equate to the Commission's failure to conciliate. *See Mach Mining*, 575 U.S. at 483–84.

Defendants further attempt to circumvent the standard articulated by the Supreme Court in *Mach Mining* by requesting that the Court order the EEOC to conciliate in "good faith." In effect, Defendants' motion goes beyond the statutory requirements and seeks to have the Court examine the content of the EEOC's demands for relief during conciliation, a venture the Supreme Court rejected in *Mach Mining*. *See* 575 U.S. at 490–91 (rejecting employer's attempt to impose "good faith" obligation on the EEOC's conciliation efforts and stating that "[f]or a court to assess any of those choices . . . is not to enforce the law Congress wrote, but to impose extra procedural requirements. Such judicial review extends too far"); *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1199 (9th Cir. 2016) ("EEOC, like any party to litigation, may not negotiate in good faith.").

In short, the EEOC has satisfied the conciliation requirements by providing adequate notice to Defendants of their unlawful employment practices and the class of employees who were harmed by these practices and attempting to confer on the matter over a span of several months. Defendants' motion for a stay asks the Court to ignore *Mach Mining* by requiring the EEOC to disclose the factual basis supporting the EEOC's claims during conciliation, having this Court delve into the reasonableness of the EEOC's conciliation efforts and, having this Court impose a

"good faith" effort requirement on the EEOC. As such, the Court should deny Defendants' motion for stay.

### C. **MOTION FOR MORE DEFINITE STATEMENT; AS THE COMPLAINT IS INTELLIGIBLE AND PROVIDES A SUFFICIENT BASIS FOR DEFENDANTS TO ANSWER THE COMPLAINT, DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED**

Rule 12(e), in pertinent part, provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P 12(e). A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)(2), whose purpose is to give a defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2) (a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 8(e); *Twombly*, 550 U.S. at 555. "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (*citing Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)); *see also San Bernardino Pub. Employees Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D.Cal. 1996). "If the detail sought by a motion for [more definite statement is obtainable through discovery, the motion should be denied." *Beery*, 157 F.R.D. at 480 (*citing Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981)); *see also Neveau v. City of Fresno,* 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); *Voggenthaler v. Maryland Square, LLC*, No. 2:08-CV-1618-RCJ-GWF, 2010 WL 2998253, at *2 (D. Nev. July 22, 2010).

In this case, Defendants *never* alleged that the EEOC's Complaint is unintelligible. Rather, Defendants mischaracterized the EEOC's Complaint as "vague" and relied on allegations that the EEOC's Complaint lack details to support their Rule 12(e) motion. These two bases are inappropriate for a Rule 12(e) motion; therefore, Defendant's motion is meritless and should be denied. *See Sequel Contractors*, 402 F. Supp. 2d at 1147; *see also San Bernardino Pub. Employees Ass'n*, 946 F.Supp. at 804.

Further, the express language of the Complaint refutes Defendants' arguments. Here, the Complaint apprises Defendants of the nature and substance of the claims being asserted against them, namely that they subjected a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, created and maintained an offensive, abusive, intimidating and hostile work environment because of sex (female), retaliated against the aggrieved employees for engaging in protected activities, and subjected the aggrieved employees to constructive discharge. (Docket No. 1, ¶24). The Complaint specifically alleged numerous examples of sexual comments and acts perpetrated by Defendants' male supervisors. *See supra*, Part III.B; Docket No. 1, ¶ 25. The Complaint also alleged specific examples of retaliation against employees for engaging in protected activity. *See supra*, Part III.B; Docket No. 1, ¶ 31.

Defendants' request for a more definite statement in this case is also contrary to holdings from district courts denying Rule 12(e) motions where the information sought by the movant is readily obtainable in discovery. *See Famolare*, 525 F. Supp. at 949 (finding that a Rule 12(e) motion should be denied "where the information sought by the moving party is available and/or properly sought through discovery"); *Neveau,* 392 F.Supp.2d at 1169 (E.D. Cal. 2005) (12(e) motion should be denied where discovery can obtain the desired facts). Here, the details sought by Defendants, such as more specific dates and identities of claimant, are readily available in discovery. Even Defendants' own motion suggests that Defendants are

aware that some of the information they requested may be available through discovery. (Docket No. 21 at 24) (requesting that the EEOC name known class members and other details in its Rule 26(f) disclosures). Requiring the EEOC to provide even more details than are already contained in its Complaint would be tantamount to requiring "evidentiary detail that may be the subject of discovery," to meet the plain notice pleading standard. *See Voggenthaler*, 2010 WL 2998253 at *2. Furthermore, the context in which Defendants are requesting a more definite statement, namely after having participated in the EEOC's investigation, also weighs against granting a motion for a more definite statement. *See Castillo v. Norton*, 219 F.R.D. 155, 164 (D. Ariz. 2003) ("If the [Defendant] would like to learn more about the facts underlying [Plaintiff]'s claim, it may do so by searching the EEOC charges in its own files or through the various discovery devices set forth in the Federal Rules.").

The EEOC's Complaint is intelligible and provides a sufficient basis for Defendants to answer the assertions therein. Accordingly, the EEOC respectfully requests that this Court deny Defendants' motion for a more definite statement.

Additionally, the EEOC respectfully requests that the Court deny Defendants' extraneous requests that bear no relevance to the motion for a more definite statement but were proposed under the same subsection. Particularly, Defendants request that the Court: (1) direct the EEOC to comply with its "continuing duty to disclose, with as much particularity as possible, the names and factual circumstances of those alleged discriminates about whom it obtains knowledge" and (2) "direct the EEOC to name the known members of the class and provide other known details about the claim in its Rule 26f disclosures." (Docket No. 21 at 23–24).

Regarding the first request, Defendants' reliance on a citation involving a 1979 district court case from the Western District of Tennessee is misplaced. (Docket No. 21 at 23–24); *see JBS USA, LLC*, 2015 WL 4506709, at *6 (citing

*EEOC v. Fed. Reserve Bank of St. Louis,* 84 F.R.D. 337, 341 (W.D.Tenn.1979)). Initially, it is unclear where the district court in Western District of Tennessee derived this "duty to disclose" as the court failed to provide any controlling authority. Moreover, if the authority is derived from Rule 23, the U.S. Supreme Court, in 1980, clarified that the EEOC is not bound by the requirements of this rule. *See Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 329–30 (1980) ("It is also apparent that forcing EEOC civil actions into the Rule 23 model would in many cases distort the Rule as it is commonly interpreted and in others foreclose enforcement actions not satisfying prevailing Rule 23 standards but seemingly authorized by § 706(f)(1). The undesirability of doing either supports our conclusion that the procedural requirements of the Rule do not apply."). Accordingly, the EEOC requests that Defendants' first request be denied.

As for the second request, Defendants prematurely requested the Court to "direct the EEOC to name the known members of the class and provide other known details about the claim in its Rule 26f disclosures." Defendants have yet to file an answer; discovery period has not yet begun; and there is no indication that the EEOC will fail to comply with the requirements of Rule 26. It is unclear why Defendants are raising a discovery issue at this juncture. As such, the EEOC requests that Defendants' second request be denied as the issue is not yet ripe.

## III.   CONCLUSION

Based on the foregoing, the EEOC respectfully requests that the Court deny Defendants' motion to dismiss, motion for a stay for failure to engage in the conciliation process, and motion for a more definite statement.

In the alternative, the EEOC requests an opportunity to amend its Complaint. Additionally, with respect to Defendants' motion for a stay, should the Court require review of what was said and done during conciliation or deem confidentiality under 42 U.S.C. § 2000e-5(b) as waived, the EEOC requests an opportunity to provide the full and complete representation of conciliation

1    communications to the Court under seal.

2                                              Respectfully submitted,
3                                              U.S. EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION
4

5    Date:  December 29, 2022          By:    /s/ Chanmealea Thou
6                                              Chanmealea Thou
                                               Trial Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed in the Litigation Unit of the Los Angeles District Office of the U.S. Equal Employment Opportunity Commission. My business address is: The U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

On the date that this declaration was executed, as shown below, the following individuals were served the foregoing: EEOC'S OPPOSITION TO DEFENDANTS' MOTIONS TO DIMISS, OR IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS, OR FOR A MORE DEFINITE STATEMENT, *via* the Court's CM/ECF electronic filing service as follows:

KRISTINA M. DIAZ
kristina.diaz@roll.com
LISA A. STILSON
lisa.stilson@roll.com
JENNA W. LOGOLUSO
jenna.logoluso@roll.com
MATTHEW C. ONYETT
matthew.onyett@roll.com
LAUREN BABST
lauren.babst@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 29, 2022 at Los Angeles, California.

/s/ Chanmealea Thou
Chanmealea Thou
Trial Attorney