# EXHIBIT 1

# EXHIBIT 1

| | |
|---|---|
| **From:** | Logoluso, Jenna |
| **To:** | CHANMEALEA THOU |
| **Cc:** | MAURICE R. NEISHLOS; TAYLOR MARKEY; ANNA PARK; TRACY VILLEMARETTE; MARISOL RIVAS; Stilson, Lisa; Diaz, Kristina; Onyett, Matthew; Babst, Lauren; Del Aguila, Liliana; Callender, Gabriela |
| **Subject:** | RE: U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC |
| **Date:** | Monday, December 5, 2022 10:05:37 AM |
| **Attachments:** | image002.png |

Ms. Thou,

We appreciate your response to the meet and confer conversation we had with Ms. Markey and Mr. Neishlos. We disagree with the statements below regarding the state of the law and the record of the case. Additionally, your representations of what was said during the call are not accurate.

With regards to the motion to dismiss the class allegations, as explained during the call, while the EEOC is not required to follow Rule 23 in identifying the class, it is still required to "provide some indication of the **scope of the class**." *E.E.O.C. v. JBS USA, LLC*, No. 8:10-cv-318, 2015 WL 4506709, at *6 (D. Neb. July 24, 2015). Considering the Complaint's definition of the class could include most if not all of Justin's workforce, it is our position that the scope of the class has not been adequately described.

Regarding the failure to properly conciliate, we did not state or imply that we do not believe that we have legal basis for the motion. While we acknowledge that courts do not delve too deeply into the conciliation process, *Mach Mining*, as you know, clearly states that "a court **must** conduct the factfinding necessary" if a defendant presents evidence "credible evidence…in the form of an affidavit or otherwise" to show that the EEOC did not provide the required information about the charge, or that the EEOC did not attempt to engage in conciliation discussions. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 495 (2015). As we will describe in our motion, and as we discussed on the call, the EEOC failed on both accounts. Our client is not pleased with this process and is willing to file a motion because they do not believe that the EEOC complied with these statutory requirements as stated by the Supreme Court.

Despite not affirmatively stating so, it appears from the tenor of your email that the EEOC will not be amending the Complaint to provide additional detail regarding the class which could streamline the issues to present to the Court. As a result, it appears we will need to proceed with filing our motion tomorrow.

Regards,
Jenna

**Jenna Logoluso**
Senior Counsel



Main: (310) 966-8400

Direct: (310) 966-5827
Mobile: (310) 307-6492

---

**From:** CHANMEALEA THOU <CHANMEALEA.THOU@EEOC.GOV>
**Sent:** Friday, December 2, 2022 1:29 PM
**To:** Logoluso, Jenna <Jenna.Logoluso@roll.com>
**Cc:** MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>; TRACY VILLEMARETTE <TRACY.VILLEMARETTE@EEOC.GOV>; MARISOL RIVAS <MARISOL.RIVAS@EEOC.GOV>; Stilson, Lisa <lisa.stilson@roll.com>; Diaz, Kristina <kristina.diaz@roll.com>; Onyett, Matthew <matthew.onyett@roll.com>; Babst, Lauren <lauren.babst@roll.com>; Del Aguila, Liliana <liliana.delaguila@roll.com>; Callender, Gabriela <gabriela.callender@roll.com>
**Subject:** RE: U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC

Ms. Logoluso,

I'm another attorney who is working on this case. To respond to your e-mail below, we have discussed your requests for further information internally and are able to provide some further details to you in hopes of resolving your concerns. First, we want to make sure some of the issues raised in the meet and confer and by your proposed motions are clearly delineated. During the call, there was some conflation regarding 1) facts we would be willing to share about existing identified class members and 2) a request for a more narrow definition of who could be a member of the unidentified class. There also seemed to be some conflation of 1) which facts are sufficient for the EEOC to provide during conciliation in order to meet its pre-suit obligations and 2) which facts the EEOC must provide in its complaint in order to have pled with enough specificity to allow you to answer the complaint.

Identified Class

With respect to the existing class members, during conciliation we shared that there were six individuals (apart from the Charging Party) employed by Justin Vineyards in its Paso Robles locations who had experienced sexual harassment and/or retaliation/constructive discharge. We shared the locations at which these individuals had been employed, the names and job titles of the harassers who had been identified at that time, and the time period during which these individuals were alleging harassment took place.
By providing the information above along with an opening demand for monetary and injunctive relief, the EEOC met its duty to conciliate. In accordance with *Mach Mining* and our statutory obligations, we provided Defendants with both notice and an opportunity to achieve voluntary compliance. However, via an email correspondence dated June 24, 2022, Defendants made clear to us that without the identities of the claimants, they refused to continue negotiations, to provide a counterproposal, or otherwise achieve a voluntary compliance.
Again, it is the EEOC's position that it is not required to disclose the identities of the claimants,

especially when doing so would subject them to a heightened risk of retaliation or being blacklisted from employment. See Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1200 (9th Cir. 2016) ("But we reject the district court's premise that the EEOC and the Division must identify and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing a lawsuit seeking recovery on behalf a class."). Because the negotiation had reached an impasse, the EEOC notified Defendants that further conciliation efforts would be futile or nonproductive.

In the complaint, significant further details regarding the class members have been provided, including further information about the specific conduct they were subjected to, and which specific adverse employment actions they experienced. This information provides more than enough detail to allow Defendants to answer the complaint. Although more information would be no doubt helpful to both sides in evaluating the other's positions, that can be appropriately addressed in discovery and is not necessary at this juncture for us to meet our obligations.

Although we do not believe it would have been necessary to share to meet our conciliation obligations or to have properly pled our complaint, we are also willing to share at this time that the job titles (held at some point during employment) of the existing class members include: busser, dishwasher, hostess, server, chef de partie, cellar worker, and manager. Of course, individuals in other job titles may still come forward. We are also willing to share that the class has grown since conciliation.

Unidentified Class

With respect to the scope of the unidentified class, you stated that it was inherently overbroad for the EEOC to claim that any individuals who worked for Justin Vineyards and the Wonderful Company at the Paso Robles locations since August 2017 and experienced sexual harassment and/or retaliation/constructive discharge could be a member of the potential class. This is not so. The EEOC is not required to define its class in a way that precludes further victims from coming forward if those victims were harmed by the same employment practices alleged in its complaint. The EEOC was not required to cut off victims from potential relief at the time of conciliation, nor is it required to do so now.

During the meet and confer, you stated that although you recognized the existence of case law limiting the District Court's ability to second guess the EEOC's conciliation process, your client was upset and intended to file these proposed motions anyways. Please let us know if there is anything we can do to resolve this issue at the juncture or if this is still the case. If you are planning on filing motions to challenge the conciliation process, please let us know if this means you will be waiving the conciliation confidentiality so we will be able to defend ourselves. If not, we have taken the position that the confidentiality is waived.

Please let us know if you have further questions.

Mealea (Chanmealea) Thou | Trial Attorney | She/Her
U.S. Equal Employment Opportunity Commission | Los Angeles District Office

255 E. Temple Street, 4th Floor, Los Angeles, CA 90012
chanmealea.thou@eeoc.gov | Office: (213) 785-3097 | Mobile: (213) 300-8865

**From:** Logoluso, Jenna <Jenna.Logoluso@roll.com>
**Sent:** Thursday, December 1, 2022 11:19 AM
**To:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Cc:** TRACY VILLEMARETTE <TRACY.VILLEMARETTE@EEOC.GOV>; LUCY CHANG <LUCY.CHANG@EEOC.GOV>; MARISOL RIVAS <MARISOL.RIVAS@EEOC.GOV>; Stilson, Lisa <Lisa.Stilson@Roll.com>; Diaz, Kristina <Kristina.Diaz@Roll.com>; Onyett, Matthew <Matthew.Onyett@roll.com>; Babst, Lauren <Lauren.Babst@roll.com>; Del Aguila, Liliana <Liliana.DelAguila@roll.com>; Callender, Gabriela <Gabriela.Callender@roll.com>
**Subject:** RE: U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC

Taylor and Aaron,

We are currently planning to file the motions we discussed during our meet and confer call next Tuesday, December 6th, which is our deadline to file responsive pleadings. During our call, you indicated that you would be discussing internally whether you would be amending the complaint in response to the issues we discussed in hopes of eliminating the necessity for us to file the motion or streamlining the issues presented in the motion. If possible, please let us know if a decision has been made regarding an amendment so that we can plan accordingly.

Best,
Jenna

**Jenna Logoluso**
Senior Counsel



Main: (310) 966-8400
Direct: (310) 966-5827
Mobile: (310) 307-6492

**From:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Sent:** Tuesday, November 22, 2022 12:39 PM
**To:** Logoluso, Jenna <Jenna.Logoluso@roll.com>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Cc:** TRACY VILLEMARETTE <TRACY.VILLEMARETTE@EEOC.GOV>; LUCY CHANG

<LUCY.CHANG@EEOC.GOV>; MARISOL RIVAS <MARISOL.RIVAS@EEOC.GOV>; Stilson, Lisa <Lisa.Stilson@Roll.com>; Diaz, Kristina <Kristina.Diaz@Roll.com>; Onyett, Matthew <Matthew.Onyett@roll.com>; Babst, Lauren <Lauren.Babst@roll.com>; Del Aguila, Liliana <Liliana.DelAguila@roll.com>; Callender, Gabriela <Gabriela.Callender@roll.com>
**Subject:** RE: U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC

Yes, that works. Thanks!

---

**From:** Logoluso, Jenna <Jenna.Logoluso@roll.com>
**Sent:** Tuesday, November 22, 2022 12:00 PM
**To:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Cc:** TRACY VILLEMARETTE <TRACY.VILLEMARETTE@EEOC.GOV>; LUCY CHANG <LUCY.CHANG@EEOC.GOV>; MARISOL RIVAS <MARISOL.RIVAS@EEOC.GOV>; Stilson, Lisa <Lisa.Stilson@Roll.com>; Diaz, Kristina <Kristina.Diaz@Roll.com>; Onyett, Matthew <Matthew.Onyett@roll.com>; Babst, Lauren <Lauren.Babst@roll.com>; Del Aguila, Liliana <Liliana.DelAguila@roll.com>; Callender, Gabriela <Gabriela.Callender@roll.com>
**Subject:** RE: U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC

Hi Taylor,

How is 1:30 p.m. on 11/28?  We can circulate a dial in.

Thanks,
Jenna

**Jenna Logoluso**
Senior Counsel



Main: (310) 966-8400
Direct: (310) 966-5827
Mobile: (310) 307-6492

---

**From:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Sent:** Monday, November 21, 2022 6:44 AM
**To:** Logoluso, Jenna <Jenna.Logoluso@roll.com>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>

**Cc:** TRACY VILLEMARETTE <TRACY.VILLEMARETTE@EEOC.GOV>; LUCY CHANG <LUCY.CHANG@EEOC.GOV>; MARISOL RIVAS <MARISOL.RIVAS@EEOC.GOV>; Stilson, Lisa <Lisa.Stilson@Roll.com>; Diaz, Kristina <Kristina.Diaz@Roll.com>; Onyett, Matthew <Matthew.Onyett@roll.com>; Babst, Lauren <Lauren.Babst@roll.com>; Del Aguila, Liliana <Liliana.DelAguila@roll.com>; Callender, Gabriela <Gabriela.Callender@roll.com>
**Subject:** RE: U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC

Jenna,

I am available to meet and confer with you on these issues on November 28 during the window you suggested.

Best,

Taylor Markey, Assistant Regional Attorney

Los Angeles District Office
U.S. Equal Employment Opportunity Commission
taylor.markey@eeoc.gov | www.eeoc.gov
[Pronouns: She/Her]

---

**From:** Logoluso, Jenna <Jenna.Logoluso@roll.com>
**Sent:** Friday, November 18, 2022 11:31 AM
**To:** MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Cc:** TRACY VILLEMARETTE <TRACY.VILLEMARETTE@EEOC.GOV>; LUCY CHANG <LUCY.CHANG@EEOC.GOV>; MARISOL RIVAS <MARISOL.RIVAS@EEOC.GOV>; Stilson, Lisa <Lisa.Stilson@Roll.com>; Diaz, Kristina <Kristina.Diaz@Roll.com>; Onyett, Matthew <Matthew.Onyett@roll.com>; Babst, Lauren <Lauren.Babst@roll.com>; Del Aguila, Liliana <Liliana.DelAguila@roll.com>; Callender, Gabriela <Gabriela.Callender@roll.com>
**Subject:** U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery, LLC and The Wonderful Company, LLC

> **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Counsel:

As you know, our firm represents Defendants Justin Vineyards & Winery LLC and The Wonderful Company LLC in the above-captioned action. We plan on filing a motion to dismiss under FRCP 12(b)(6) for failure to state a claim on behalf of the class, a motion to stay pursuant to *Mach Mining*, and a

motion for a more definite statement under FRCP 12(e).  To that end, pursuant Local Rule 7-3, please let us know your availability for a meet and confer call.  We are available:

November 22  between 10 a.m. and 1 p.m.
November 28  between 1 p.m. and 4 p.m.
November 29  between 10 a.m. and 3 p.m.

We look forward to hearing from you.

Best,
Jenna


**Jenna Logoluso**
Senior Counsel



11444 W. Olympic Blvd.
Los Angeles, CA 90064

Main: (310) 966-8400
Direct: (310) 966-5827
Mobile: (310) 307-6492
Fax: (310) 966-8810

jenna.logoluso@roll.com