KRISTINA M. DIAZ (SBN 151566)
kristina.diaz@roll.com
LISA A. STILSON (SBN 196059)
lisa.stilson@roll.com
JENNA W. LOGOLUSO (SBN 266685)
jenna.logoluso@roll.com
MATTHEW C. ONYETT (SBN 295419)
matthew.onyett@roll.com
LAUREN BABST (SBN 313156)
lauren.babst@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone:  (310) 966-8400
Facsimile:  (310) 966-8810

Attorneys for Defendants,
JUSTIN VINEYARDS & WINERY LLC
THE WONDERFUL COMPANY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-06039 PA (RAOx)<br><br>**DEFENDANTS' REPLY TO EEOC'S OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A STAY FOR FAILURE TO ENGAGE IN THE CONCILIATION PROCESS OR FOR A MORE DEFINITIVE STATEMENT DKT. NO. 21)**<br><br>[Assigned to the Honorable Judge Percy Anderson]<br><br>DATE:    January 23, 2023<br>TIME:    1:30 PM<br>CRTRM:  9A |

## I. INTRODUCTION

When filing a complaint, the EEOC receives some leeway from the general rules that govern pleadings. That leeway, however, does not allow the EEOC, as it did in this case, to completely disregard the legal and statutory obligations requiring fair notice to defendants. The EEOC is not excused from meeting these minimal pleading standards which were designed to promote fairness.

While the EEOC does not need to comply with all the requirements of Rule 23 in asserting a class claim, it must still define that class in its pleading. As explained in Justin's Motion, the EEOC failed to do so in its Complaint and, instead, defined a class so broadly that it would encompass nearly all of Justin's employees. In its Opposition, rather than attempt to explain how its class definition is adequate—which it cannot do—the EEOC argues that it should be allowed to define the class so broadly that it can add any additional claimants it may discover. Certainly, any class litigant would enjoy such a standard, however, pleading standards exist to provide notice to a defendant of the claims against it. The current class definition provides no notice to Justin as it fails to provide any limiting characteristics of the class. It would be inequitable to force Justin to defend itself against the EEOC's Complaint with such an expansive class definition and, as a result, the Court should grant the motion to dismiss.

The EEOC is also statutorily required to engage in the conciliation process with employers prior to initiating a lawsuit, not only to attempt to reach a monetary settlement of any claims, but also to comply with the EEOC's "substantive mission" to "eliminate unlawful discrimination from the workplace." *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 491 (2015) (citing 42 U.S.C. § 2000e-5(b)). In *Mach Mining*, the Supreme Court rejected the EEOC's request that it be permitted to self-police its compliance with this statutorily mandated imperative. Instead, the Supreme Court empowered the District Courts to review the EEOC's conduct during the conciliation process and, if necessary, order that a case be stayed so that the process

could be completed.

Justin set forth in its motion, with appropriate evidentiary support, that the EEOC failed to meet its obligations. In its Opposition, the EEOC first argues that this Court should ignore Justin's evidence and take the EEOC's word that it adequately complied with its duty to conciliate, in direct contradiction to *Mach Mining*. The EEOC then argues that the scant information it provided to Justin was sufficient to meet its obligations. This argument, however, ignores and misconstrues the record which shows the EEOC provided little detail about "what" Justin had done and failed entirely to describe who allegedly suffered as a result. When the EEOC finally identified some of Justin's managers that the EEOC claims allegedly harassed employees, it gave Justin just 24 hours to respond before unilaterally ending the conciliation process. The EEOC refused to explain when or where the alleged conduct occurred or who suffered as a result. The EEOC's conduct made it impossible for Justin to even attempt to remedy the alleged discrimination; Justin could not stop harassment without knowing who stood accused, when it allegedly occurred, what the conduct was, where it happened, or who suffered. As a result, if the Complaint is not dismissed, the Court should order the case be stayed pending actual compliance by the EEOC of its statutory mandate to conciliate.

## II.  LEGAL ARGUMENT

### A.  The Court Should Dismiss the Complaint for Failure to Adequately Describe the Class

In its Opposition, the EEOC concedes it must give "some indication of the scope of the class" and must provide a "general description of the class of aggrieved individual[s]." (Docket No. 25 ("Opp'n") at 7). The Opposition fails, however, to explain in any way how the expansive class definition contained in the Complaint indicates the scope or generally describes who actually comprises the class. Instead, the EEOC apparently believes it is not required to include any limiting factors

whatsoever within its class definition and that it can craft a class which essentially includes all of Justin's employees.

The EEOC's argument that "[f]urther defining or narrowing the scope of the class poses a risk of excluding the identified class members" (Opp'n at 10) is nonsensical. If the EEOC has identified class members, then it should be able to craft a class definition that both includes those known individuals while also providing Justin notice of the allegations against it. Although the EEOC refused to disclose the identity of these individuals to either Justin or the Court, it is difficult to fathom that a narrower class definition could not be alleged which still encompasses them. If these individuals are so disparate that the *only* possible class definition that encompasses them also includes nearly *all* of Justin's employees, then perhaps this group of individuals are not well suited for a class claim.

Despite the prior argument, the EEOC admits it intentionally crafted the class definition to be as broad as possible in order to maximize its leverage against Justin. We know this because the EEOC said as much in its Opposition: "narrowing the scope of the class, without the benefit of conducting additional discovery, would prevent the EEOC from identifying additional class members. As this litigation progresses, the size of the class may continue to grow as individuals come forward." (*Id.*). Of course the EEOC—as any proponent of a class—would prefer to keep the class as broad as it could in order to potentially add as many members as possible, but pleading standards exist, particularly in class cases, specifically to provide notice to the defendant of the claims against it. Justin concedes the EEOC is not required to meet the requirements of Rule 23 but as explained in its motion, the EEOC must be required to meet *some* standard in defining the class. The Court should not reward the EEOC's deliberate obfuscation and permit the EEOC to have a deliberately vague class definition which encompasses all of Justin's employees so that the EEOC can apply maximize leverage over Justin.

As explained in Justin's Motion, Rule 8(a)(2) requires a "short and plain

statement of the claim showing that the pleader is entitled to relief" and the Complaint must "'***give the defendant fair notice*** of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added). Regardless of the EEOC's claimed difficulties in crafting a class definition or its desires to deliberately define the class as vaguely and broadly as possible, the EEOC is required to provide Justin with fair notice of the claims against it which is not possible with such a broad class definition.

*Pioneer Hotel*, cited by the EEOC, is instructive as it exemplifies that the EEOC must adequately describe the class or the Complaint is subject to dismissal. "A complaint containing allegations and factual statements ***that clearly put the defendant on notice*** that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party ***and other similarly situated employees*** beginning at a specific point in time is sufficient to survive a motion to dismiss." *U.S. EEOC v. Pioneer Hotel, Inc.*, No. 2:11-CV-01588-LRH, 2013 WL 3716447, at *3 (D. Nev. July 15, 2013) ("*Pioneer Hotel II*") (emphasis added).  In this case, the EEOC failed to "clearly put [Justin] on notice" of the claims against it and failed to limit the class to other "similarly situated employees" since the class is so broad that it could encompass any of Justin's employees.  The EEOC's expansive class definition essentially forces Justin to prepare a defense for alleged conduct that may have occurred, at any of its facilities in Paso Robles, over a five (5) year span.

Perhaps most instructive, however, is that prior to *Pioneer Hotel II*, the court granted the defendant's motion on the very same grounds asserted here by Justin. The Court found "[t]he complaint [was] devoid of any allegations that define or explain the scope of the class, how many members there are, or who subjected the class members to the alleged discrimination." *U.S. EEOC v. Pioneer Hotel, Inc.*, No. 2:11-CV-1588-LRH-RJJ, 2012 WL 1601658, at *3 (D. Nev. May 4, 2012)

("*Pioneer Hotel I*").  After being given the opportunity to amend, the EEOC provided actual details of the class, alleging that "since at least November 2006, Pioneer Hotel subjected a class of Latino and/or dark-skinned employees at its Laughlin, Nevada facility to unwelcome harassment based on their national origin and/or skin color that was severe and pervasive, creating a hostile work environment." *Pioneer Hotel II* at *3.  It was only then that the Court permitted the complaint to proceed.  Similarly, here, the EEOC fails to provide any definition or scope of the class and fails to identify who allegedly subjected the class members to the alleged harassment.

  *EEOC v. Spoa, LLC*, cited by the EEOC is not relevant to this case.  There, the defendant challenged the EEOC's use of pseudonyms for the named claimants.  *EEOC v. Spoa, LLC*, No. CIV CCB-13-1615, 2013 WL 5634337, at *6 (D. Md. Oct. 15, 2013).  The court explicitly refused to consider the defendant's challenge to the class definition because the argument was not properly raised in the motion.  *Id.* at *6, n. 5.  The defendant argued that the EEOC's complaint "does not provide any notice whatsoever as to the names of the individual group or 'class' members for whom damages are sought, or even the size of the putative group or 'class.'" *Id.* However, the Court did not consider the argument because it was raised for the first time on reply.  *Id.*

  Justin is not asking the Court to require a specificity akin to the heightened pleading standard for fraud.  Justin is merely asking for the EEOC to provide *some* details of the claims against Justin, most importantly, the class who the EEOC purports to represent.  Without such details, Justin lacks notice as required by Rule 8 and, as a result, the Complaint should be dismissed.[1]

---

[1] Interestingly, when arguing in its Opposition that the class is adequately described, the EEOC does not actually state what it believes to be the definition of the class. (*See* Opp'n at 5-10).

### B. The EEOC Failed to Conciliate as Described by the Supreme Court in *Mach Mining*

The EEOC argues the Court should not consider the evidence presented by Justin regarding the conciliation process, *i.e.*, the letters exchanged between the parties.[2] The Supreme Court in *Mach Mining* specifically envisioned that district courts would consider this type of evidence in conducting its review of the conciliation process, positing that a defendant could provide "credible evidence…in the form of an affidavit or otherwise" that the EEOC did not provide the required information about the charge or that the EEOC did not attempt to engage in conciliation discussions. *Mach Mining*, 575 U.S. at 495. It seems evident that the type of evidence that any defendant—such as Justin—would provide is the correspondence from the EEOC during the conciliation process. Once such evidence is submitted "a court must conduct the factfinding necessary to decide" whether the EEOC met the requirements set forth in Mach Mining. *Id.* As a result, the Court is obligated to consider the evidence presented to it.[3]

The EEOC is asking this Court to do exactly what the Supreme Court rejected

---

[2] The EEOC misrepresents Justin's request to the Court that it order the EEOC to restart conciliation in good faith. Justin is not asking the Court to determine whether the EEOC conducted conciliation in good faith. Instead, Justin bases its motion on the EEOC's failure to meet the requirements set forth in *Mach Mining*. If the Court agrees with Justin, however, and stays the case, Justin would hope the EEOC would engage in conciliation in good faith.

[3] Justin provided all of the letters exchanged between the parties during conciliation. Justin acknowledges that additional correspondence occurred *via* email, however, Justin elected not to include those messages as, for the most part, it was repetitive of the letters exchanged. Rather than submit all the emails to the Court, Justin elected to describe the relevant portions in the declaration of its counsel that participated in the emails. (*See* Declaration of Lisa Stilson at ¶ 16). As stated therein, the EEOC provided the names of the alleged perpetrators on June 23, 2022, but at that stage, the EEOC refused to provide sufficient information for Justin to take any remedial actions—if necessary—prior to the EEOC's unilateral decision to terminate the conciliation process.

in *Mach Mining*: allow the EEOC to determine for itself—without any judicial oversight—that it adequately complied with its statutory obligation to conciliate. Justin concedes that the scope of the Court's review is limited, but *Mach Mining* made clear that there still must be some review. The record presented demonstrates that the EEOC failed to meet what is, admittedly, a low barrier in this case.

### 1. The EEOC Failed to Provide Notice of the Claims Against Justin

During conciliation, the EEOC is required to "inform the employer about the *specific* allegation[s]" against the employer by "describ[ing] both what the employer has done and which employees (or what class of employees) have suffered as a result." *Mach Mining*, 575 U.S. at 494 (emphasis added). As Justin explained in its motion, the EEOC failed to meet this requirement as it does not describe what Justin did nor does it provide any detail as to the class of employees.

The EEOC cites *Mach Mining* for the propositions it is "only required to inform" Justin of the alleged "unlawful employment practice" and "who was harmed by the practice" and that it is not required to provide the "factual basis supporting the EEOC's claim of unlawful employment practice."[4] (Opp'n at 12-13). In contrast to these potentially misleading citations, *Mach Mining* does, in fact, require the EEOC to inform the employer of the "*specific allegation*" against it and "*describe*" what the employer allegedly has done. *Mach Mining*, 575 U.S. at 494. *Mach Mining* does **not** state that the EEOC is permitted to simply state what the

---

[4] In support of this proposition, the EEOC cited to a portion of *Mach Mining* describing the employer's position for what the scope of the court's review of the conciliation ought to be, analogizing the conciliation statute to the standard set for the National Labor Relations Act. *Mach Mining*, 575 U.S. at 491. The employer argued that the EEOC "must also lay out 'the factual and legal basis for' all its positions, including the calculations underlying any monetary request." *Id.* The Court rejected the employer's analogy, but at no point in *Mach Mining* does the Supreme Court state that the EEOC is not required to set forth "the factual basis supporting the EEOC's claim of unlawful employment practice." (Opp'n at 13).

unlawful employment practice was, *e.g.*, harassment.

The EEOC incorrectly argues that the Letter of Determination ("LOD") sufficiently meets *Mach Mining*'s notice requirement.  With regards to describing what Justin has done, the LOD stated that the EEOC has "reasonable cause to believe that Charging Party was sexually harassed due to her sex (female), was retaliated against and/or constructively discharged, in violation of Title VII." (Docket No. 21-1, Ex. B at 2).  No "specific allegation" is provided and there is no actual description of what Justin allegedly did.  Moreover, this vague and conclusory statement makes no reference to the specific allegations asserted on behalf of the purported class.  The LOD described the class of employees as "similarly situated individuals who worked at Respondents' Paso Robles California locations between August 1, 2017 to present."[5]  (*Id.*)  The LOD failed to provide any actual limiting characteristics of the class.  There is no indication what is meant by "similarly situated,"[6] such as the same job position or work location as the Charging Party.  Furthermore, nearly all of Justin's locations are located in Paso

---

[5] Justin acknowledges that the EEOC is permitted to represent a class and not required to name individual claimants.  When discussing Justin's request that it name the individual claimants (Opp'n at 12, n. 6), however, the EEOC fails to provide necessary context.  During conciliation the EEOC claimed to represent six known but unnamed individuals and demanded that Justin pay $1,500,000 ($250,000 per individual) to specifically settle claims brought by each of these individuals.  Justin responded that it could not possibly agree to pay a settlement to known individuals unless the EEOC discloses their identities.  Absent such disclosure, Justin could not attempt to verify the allegations or determine if the employees previously entered into any agreements which could impact their ability to obtain settlement.  While the EEOC takes issue with Justin's use of the word "extort" in connection with the EEOC's negotiating tactics, it seems improper for any entity—even the EEOC—to demand payment on behalf of individuals without providing any details about their identity or specific allegations.

[6] Notably, the EEOC's Complaint no longer includes "similarly situated" in its class definition, instead using the even broader term: "aggrieved individuals."  (Compl. ¶¶ 23-24).

Robles, California, including corporate offices, bottling facilities, a restaurant, tasting rooms, and a hotel. This stated class is so lacking in detail that it cannot be said that the EEOC adequately described the class it purported to represent.

### 2. The EEOC Failed to Give Justin an Opportunity to Remediate

The EEOC does not deny that during conciliation, it is to give the employer an opportunity to remedy the allegedly discriminatory practice. Despite the EEOC's argument, there is no evidence to suggest that it provided Justin "with numerous opportunities to achieve voluntary compliance through months of communications." (Opp'n at 15). Based on the facts provided by the EEOC, it was impossible for Justin to *ever* achieve voluntary compliance. The EEOC accused Justin of harassing employees, *through its managers*. Presumably, the only method by which Justin could "achieve voluntary compliance" would be to stop the harassment. But Justin could not do so since the EEOC refused to tell Justin where the alleged harassment took place, when it occurred, and who suffered as a result. Most notably, the EEOC refused until the very final days of conciliation to inform Justin of the names of managers who allegedly harassed employees. When the EEOC finally provided those names, it gave Justin 24 hours to respond to the EEOC's demands or it would terminate conciliation. It was impossible at that point for Justin to "achieve voluntary compliance," *i.e.*, stop the harassers, without any time to investigate and, if necessary, take action.

### C. Alternatively, the Court Should Order the EEOC to File a More Definite Statement

While Justin believes that the Complaint should be dismissed or the case should be stayed, at the very least, the Court should order the EEOC to file a more definite statement. As currently pled, the Complaint is so vague—particularly as to the definition of the class—that it should be considered unintelligible.

Unless Justin is successful on its motion to dismiss or motion to stay, both the EEOC and Justin will have to litigate this case. Justin will not be able to defend

itself until it knows the nature of the allegations against it. It is unclear why the EEOC still, even after filing a complaint, refuses to define an appropriate class, disclose the names of known individuals accusing Justin, or when or where the alleged harassment occurred but at some point, it is going to have to do so. Whether that be in response to this motion or during discovery, Justin does not see how this case can progress in a timely fashion so long as the EEOC insists on hiding the ball.

### III. CONCLUSION

For the foregoing reasons and those presented in Justin's Motion, the Court should dismiss the Complaint for failure to state a claim. If the Court is unwilling to do so, it should alternatively stay the case and order the EEOC to participate in good faith meaningful conciliation efforts. Alternatively, the Court should order the EEOC to file a more definite statement, or to provide details regarding the known class members, the alleged perpetrators, the acts committed, and where and when the acts occurred.

DATED: January 9, 2023         ROLL LAW GROUP PC

By: /s/ Lisa A. Stilson
Lisa A. Stilson
Attorneys for Defendants,
JUSTIN VINEYARDS & WINERY LLC
THE WONDERFUL COMPANY LLC