UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Intervene ("Motion") filed by four Prospective Intervenor plaintiffs ("Prospective Intervenors"). (Docket No. 24.) Both the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and defendants Justin Vineyards and Winery LLC and The Wonderful Company LLC (collectively, "Defendants") filed statements of non-opposition to the Motion. (Docket Nos. 26, 28.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 23, 2023, is vacated, and the matter taken off calendar.

## I.     Background

In its Complaint, the EEOC alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") by unlawfully "subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female)." (Docket No. 1 ¶ 24.) The Complaint identifies a "Charging Party," who filed the original charge(s) of discrimination with the EEOC, alleging that Defendants violated Title VII. (Id. ¶ 16.) Prospective Intervenors now seek to file a Complaint in Intervention against Defendants. (Docket No. 24.) Prospective Intervenor One is identified as the Charging Party referenced in the Complaint. (Id. at p. 6.) Prospective Intervenors Two through Four are "other similarly aggrieved individuals subjected to the discrimination and harassment alleged in the EEOC's Complaint." (Id.) Like Prospective Intervenor One, Prospective Intervenors Two through Four are female individuals who worked as "Cellar Workers" for Defendants and "allege that a male supervisor made unwelcome comments, mocked, yelled, and intimidated" them and "caused unwanted physical touching." (Id. at pp. 6, 8–9.) The Prospective Intervenors allege that the harassment they endured occurred during same time period as indicated in the EEOC's Complaint. (Id. at p. 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

**II.     Legal Standard and Analysis**

Federal Rule of Civil Procedure 24(a)(1) requires courts to "permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute," provided that the motion to intervene is timely.  Fed. R. Civ. P. 24(a)(1).  "Rule 24(a) is construed broadly in favor of intervention."  United States v. State of Wash., 86 F.3d 1499, 1503 (9th Cir. 1996).  Title VII states that "person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]."  42 U.S.C. § 2000e–5(f)(1).  A "person who has filed a charge with the EEOC" is an "aggrieved person" for purposes of intervention under Title VII.  E.E.O.C. v. Fry's Elecs., Inc., 770 F. Supp. 2d 1168, 1172 (W.D. Wash. 2011) (quoting E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C., 273 F.Supp.2d 260, 263 (E.D.N.Y.2003)); see United States Equal Emp. Opportunity Comm'n v. JCFB, Inc., No. 19-CV-00552-LHK, 2019 WL 2525203, at *4 (N.D. Cal. June 19, 2019).

Here, Prospective Intervenor One filed a charge of discrimination with the EEOC and, therefore, is an "aggrieved person" that must be permitted to intervene in this action.  Prospective Intervenors Two through Four did not file charges with the EEOC, and, therefore, the Court's assessment of their requests to intervene requires additional analysis.

A person who has not filed a charge with the EEOC may still be permitted to intervene as a matter of right in a Title VII action brought by the EEOC.  See Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1202 (9th Cir. 2016) (explaining the "single filing" rule).  Under the "[single filing] rule, if one plaintiff has filed a timely EEOC complaint . . . then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement."  Equal Emp. Opportunity Comm'n v. Trans Ocean Seafoods, Inc., No. C15-1563RAJ, 2016 WL 10591398, at *2 (W.D. Wash. Jan. 28, 2016) (internal quotations omitted).  That is, an individual who has not filed an administrative charge with the EEOC can "piggyback" on an EEOC complaint filed by another, similarly situated person.  See Harris v. Cnty. of Orange, 682 F.3d 1126, 1136 (9th Cir. 2012) ("In Title VII . . . cases, federal courts have found that so long as one plaintiff timely files an administrative complaint, a class of similarly-situated plaintiffs may 'piggyback' on that complaint, thereby satisfying the exhaustion requirement.").  In Trans Ocean Seafoods, the court permitted two prospective intervenors who had not filed charges with the EEOC to intervene because they were subjected to the same sexually harassing conduct and/or the same retaliatory conduct as other prospective intervenors who had filed charges with the EEOC.  2016 WL 10591398, at *2.  For these reasons, the court in Trans Ocean Seafoods determined that the claims raised by the two prospective intervenors were "nearly identical to the claims raised by the charging individuals" and granted the motion to intervene.  Id. (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

Here, Prospective Intervenors Two through Four's claims are also "nearly identical" to those of Prospective Intervenor One. They were all employed by Defendants as "Cellar Workers" during the time period alleged in the Complaint, and they all allege the same types of harassment from a male supervisor (i.e., unwanted physical touching and unwelcome comments). (Docket No. 24 at pp. 6, 8–9.) Therefore, under the "single filing rule," Prospective Intervenors Two through Four are also permitted to intervene in this action as a matter of right.

**A.     Timeliness of Motion**

Under Rule 24(a)(1), the Court must also consider whether Prospective Intervenors' Motion is timely. Fed. R. Civ. P. 24(a)(1). Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002) (internal quotations omitted).

This action is in its early stages. Prospective Intervenors filed their Motion on December 20, 2022, less than four months after the EEOC filed its Complaint on August 25, 2022. (Docket Nos. 1, 24.) Additionally, the Court has not yet entered a scheduling order. See Trans Ocean Seafoods, Inc., 2016 WL 10591398, at *3 ("Intervenors' Motions were clearly timely. The litigation is in its earliest stages – in fact, the Court has not yet entered a scheduling order."). There is also no indication that the EEOC or Defendants will be prejudiced because they both have filed statements of non-opposition. (Docket Nos. 26, 28.) Moreover, the Prospective Intervenors' four-month delay in filing their Motion is not a delay that warrants finding the Motion untimely. See United States v. Oregon, 745 F.3d 550, 552 (9th Cir. 1984) (stating that the "[m]ere lapse of time alone is not determinative" of the timeliness of a motion to intervene). Therefore, Prospective Intervenors' Motion is timely.

**Conclusion**

For the foregoing reasons, the Court grants Prospective Intervenors' Motion to Intervene. Prospective Intervenors shall file and serve their Complaint in Intervention (Docket No. 24-2) on or before January 30, 2023. Defendants must then Answer, or otherwise respond to, the Complaint in Intervention on or before February 20, 2023.