UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss, or in the Alternative, for a Stay for Failure to Engage in the Conciliation Process, or for a More Definite Statement ("Motion") filed by defendants Justin Vineyards and Winery LLC and The Wonderful Company LLC (collectively, "Defendants"). (Docket No. 21.) Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed an opposition, and Defendants filed a Reply. (Docket Nos. 25, 27.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 23, 2023, is vacated, and the matter taken off calendar.

**I.      Background**

The EEOC brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 "to correct unlawful employment practices based on sex (female) and to provide appropriate relief to a class of aggrieved individuals ('Claimants') who were adversely affected by such practices." (Docket No. 1 at p. 1.) The EEOC alleges that "[s]ince at least August 2017, Defendants have engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) by subjecting a class of aggrieved individuals to sexual harassment, retaliation, and/or constructive discharge" and "by subjecting a class of aggrieved employees to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female)." (Id. ¶¶ 23–24.)

The Complaint identifies a "Charging Party," Patricia Verduzco Avalos, who filed Title VII charge(s) of discrimination (against Defendant) with the EEOC more than thirty days prior to the date the EEOC commenced this lawsuit. (Id. ¶ 16.) Defendants were provided a copy of the charge(s) of discrimination and participated in the investigation by communicating with the EEOC and responding to requests from the EEOC for a position statement, information, and documents. (Id. ¶ 17.) On January 11, 2022, the EEOC issued Letters of Determination to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

Defendants explaining that they found "reasonable cause to believe that Defendants violated Title VII with respect to a class of aggrieved individuals." (Id. ¶18.) The EEOC engaged in conciliation efforts with Defendants and provided Defendants "the opportunity to remedy the discriminatory practices . . . on terms acceptable to the [EEOC]." (Id. ¶¶18–19.) After the EEOC was unable to secure an acceptable conciliation agreement, the EEOC issued Notices of Failure of Conciliation to Defendants" and later filed the present lawsuit. (Id. ¶¶ 20–21.)

The EEOC's Complaint alleges that a class of aggrieved individuals employed by Defendants "were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by Defendants' male supervisors." (Id. ¶ 25.) The Complaint goes on to describe some of the misconduct; for instance, unwanted sexual touching, unwelcome exposure of male employees' private body parts, sexual comments, sexual requests, advances, and more. (Id.) The EEOC also alleges that members of the class complained to supervisors and management but that Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment. (Id. ¶ 28.) The Complaint further alleges that Defendants retaliated against the aggrieved employees by, for instance, blaming the accusers for the harassment, assigning them to extra or double shifts, and/or verbally berating them after they engaged in a protected activity by complaining to Defendants. The EEOC further alleges that some of the aggrieved employees were constructively discharged. (Id. ¶¶ 29, 31.) Plaintiff seeks monetary compensation for the aggrieved individuals, a permanent injunction, and other forms of relief. (Id. at pp. 7–8.)

**II.    Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the

Case 2:22-cv-06039-PA-RAO   Document 36   Filed 01/22/23   Page 3 of 6   Page ID #:336

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## III.   Analysis

### A.   Motion to Dismiss

Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because the Complaint does not provide adequate notice to Defendants of the claims alleged against them. Defendants argue that the Complaint should include details as to the scope of the class, the timing of the alleged misconduct, the locations of the alleged misconduct, and the identity of the perpetrators involved ("Motion to Dismiss").

A plaintiff bringing employment discrimination claims under Title VII does not need to plead a prima facie case of discrimination to survive Rule 12(b)(6) motion to dismiss, but must provide the defendant "fair notice of the basis for his claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506–7, 515, 524–25, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Additionally, although the EEOC is not required to name each member of the class in a Title VII complaint to survive a

Case 2:22-cv-06039-PA-RAO   Document 36   Filed 01/22/23   Page 4 of 6   Page ID #:337

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

motion to dismiss, "it must provide some indication of the scope of class." EEOC v. JBS USA, LLC, No. 8:10-cv-318, 2015 WL 4506709, at *6 (D. Neb. July 24, 2015); see also U.S. E.E.O.C. v. Pioneer Hotel, Inc., No. 2:11-CV-1588-LRH-RJJ, 2012 WL 1601658, at *3 (D. Nev. May 4, 2012) (requiring EEOC to supplement its complaint to define or explain "the scope of the class")

Courts in the Ninth Circuit have refused to apply heightened pleading requirements to Title VII claims. See, e.g., United States EEOC v. Bay Club Fairbanks Ranch, LLC, No. 18-cv-1853, 2019 U.S. Dist. LEXIS 16708, at *3–5 (S.D. Cal. Feb. 1, 2019) (stating that the requirement to plead "the who, what, when, where, and how" is "akin to the level required to plead fraud," which has no basis under Title VII). Rather, a Title VII complaint survives a motion to dismiss when it contains "allegations and statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time." U.S. E.E.O.C. v. Pioneer Hotel, Inc., No. 2:11-CV-01588-LRH, 2013 WL 3716447, at *3 (D. Nev. July 15, 2013).[1/]

Here, the EEOC details the types of alleged discrimination, provides examples of the alleged harassment, retaliation, and hostile work environment, identifies the protected basis for the discrimination (female sex), and describes the perpetrators as "male supervisors." The Complaint also provides a general description of the class of aggrieved individuals and the point in time at which the discrimination began: "Since at least August 2017, Defendants have . . . subject[ed] a class of aggrieved individuals to sexual harassment, retaliation, and/or constructive discharge" and "subject[ed] a class of aggrieved employees to ongoing, unwelcome, severe or

---

[1/] Defendants cite to cases outside of this Circuit to argue that the EEOC must plead the following seven allegations to survive a motion to dismiss: "(1) the statutes that the employer allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the names of at least one presently identified victim; (4) a general description of the class of aggrieved persons; (5) the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; (6) the types of conduct to which the named claimants and the identified class members were subjected; and (7) the remedies being sought." (Docket No. 21 at p. 15.) (citing EEOC v. JBS USA, LLC, 481 F. Supp. 3d 1204, 1216 (D. Colo. 2020); EEOC v. Geisinger Health, No. CV 21-4294-KSM, 2022 WL 10208553, at *17 (E.D. Pa. Oct. 17, 2022); EEOC v. UPS, No. 09-cv-5291, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013); EEOC v. 5042 Holdings Ltd., No. 3:09- CV-61, 2010 WL 148085, at *2 (N.D. W. Va. Jan. 11, 2010)). None of these cases, however, assert that all seven elements are required to survive a motion to dismiss; rather, these cases merely explain that courts have denied motions to dismiss complaints that contain these seven allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

pervasive sexual harassment, and creat[ed] and maintain[ed] an offensive, abusive, intimidating and hostile work environment because of sex (female)." (Docket No. 1 ¶¶ 23–24.) The EEOC has adequately provided Defendants with notice of the EEOC's claims and the grounds upon which the claims are based. See Fed. R. Civ. P. 8(a)(2). Therefore, the Court denies Defendants' Motion to Dismiss.

**B.      Motion to Stay and Restart the Conciliation Process**

As an alternative to their Motion to Dismiss, Defendants ask that the Court stay this action and order the EEOC to restart the conciliation process ("Motion for a Stay"). Defendants assert that the EEOC failed to properly engage in the conciliation process because it did not inform Defendants about the specific allegations against them did not provide Defendants the opportunity to remediate the alleged discriminatory practices. (Docket No. 21 at p. 18.)

When the EEOC finds "reasonable cause" to think that a discrimination charge has merit, prior to filing a lawsuit, the EEOC must first "'endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.'" Mach Mining, LLC v. E.E.O.C., 575 U.S. 480, 483, 135 S.Ct. 1645, 191 L.Ed.2d 607 (2015) (quoting 42 U.S.C. § 2000e-5(b)). The scope of the Court's review of whether the EEOC complied with the pre-suit conciliation requirement is "narrow" and the EEOC has "extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case." Id. In Mach Mining, the Supreme Court held that "a court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (i.e., statements made or positions taken) during those discussions." Id. at 494  That is, the court is only required to performed a "barebones review" of the conciliation process, which is intended to "verify[]" whether: (1) the EEOC notified "the employer about the specific allegation" by describing "what the employer has done and which employees (or what class of employees) have suffered as a result"; and (2) the EEOC tried to engage "the employer in some form of discussion (whether written or oral)" to give the employer the opportunity to remedy the discrimination. Id. at 481, 494. The Ninth Circuit has held that the EEOC "satisf[ies] their pre-suit conciliation requirements . . . if they attempt to conciliate on behalf of an identified class of individuals prior to bringing suit." Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1200 (9th Cir. 2016).

A review of the EEOC's conciliation process in this case shows that the EEOC notified Defendants of the specific allegations against them, as well as the employee (the Charging Party), or class of employees, that suffered as a result of the alleged misconduct. Additionally, the EEOC conferred, or at the very least attempted to confer, with Defendants about the charges. After the EEOC issued Letters of Determination on January 11, 2022, it engaged in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6039 PA (RAOx) | Date | January 22, 2023 |
|---|---|---|---|
| Title | U.S. Equal Employment Opportunity Commission v. Justin Vineyards and Winery LLC, et al. | | |

communications with Defendants and provided them the opportunity to remedy the discriminatory practices until June 29, 2022, when the EEOC determined that the negotiations had reached an impasse and issued Notices of Failure of Conciliation. The EEOC has satisfied its conciliation requirement and the Court therefore denies Defendants' Motion for a Stay.

**C.      Motion for a More Definite Statement**

As another alternative to their Motion to Dismiss, Defendants ask the Court to order the EEOC to file a more definite statement that "provides an appropriate description of the purported class" and the "details of who committed the alleged harassment and where and when it occurred" ("Motion for a More Definite Statement"). (Docket No. 21 at p. 23.)

Where a pleading "fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." Swierkiewicz, 534 U.S. at 514, 122 S. Ct. 992; see Fed. R. Civ. P. 12(e). Rule 12(e), however, applies only "on those rare occasions where a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Bautista v. Los Angeles Cty., 216 F.3d 837, 843 (9th Cir. 2000) (internal quotations omitted). "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." United States v. Sequel Contractors, Inc., 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005). Additionally, "where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." U.S. E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012); see Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D.Cal.1981) (explaining that discovery substantially restricts the availability of a motion for a more definite statement).

Here, Defendants seek a more definite statement that provides "an appropriate description" of the class, the details of who committed the alleged harassment, and when and where the alleged harassment occurred. All of this information can be obtained through discovery. The Court therefore denies Defendants' Motion for a More Definite Statement.

**Conclusion**

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss, Motion for a Stay, and Motion for a More Definite Statement. Defendants shall file their Answer to the Complaint no later than February 6, 2023.

IT IS SO ORDERED.