1   STAN S. MALLISON (SBN 184191)
      StanM@TheMMLawFirm.com
2   HECTOR R. MARTINEZ (SBN 206336)
      HectorM@TheMMLawFirm.com
3   TANIA FONSECA (SBN 332545)
      TFonseca@TheMMLawFirm.com
4   GONZALO QUEZADA
      GQuezada@TheMMLawFirm.com
5   MALLISON & MARTINEZ
    1939 Harrison Street, Suite 730
6   Oakland, California 94612-3547
    Telephone: (510) 832-9999
7   Facsimile: (510) 832-1101

8   Counsel for Intervenor Plaintiffs

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11  **U.S. EQUAL EMPLOYMENT**            Case No. 2:22-cv-06039-PA-RAO
    **OPPORTUNITY COMMISSION,**
12                                       **COMPLAINT IN INTERVENTION**
            Plaintiff,
13                                          1. **Unlawful Employment Discrimination**
                                               **Based on Sex (Title VII of 1964 Civil**
14  **PATRICIA VERDUZCO, BLANCA**             **Rights Act)**
    **VERDUZCO, OLIVIA BARAJAS, JOSEFINA**  2. **Unlawful Employment Discrimination**
15  **FLORES DIAZ,**                          **Based on Sex (Cal. Govt. Code 12940)**
                                            3. **Hostile Work Environment- Sexual**
16          **Intervenor Plaintiffs**         **Harassment (Title VII)**
                                            4. **Hostile Work Environment- Sexual**
17  v.                                        **Harassment (Cal Govt. Code 12940)**
                                            5. **Relief from Retaliation (Title VII)**
18                                          6. **Relief from Unlawful Retaliation (Cal.**
    **JUSTIN VINEYARDS & WINERY, LLC;**       **Govt. Code 12940(H))**
19  **THE WONDERFUL COMPANY LLC, and**     7. **Failure to Prevent Discrimination and**
    **DOES 1-10, inclusive,**                 **Harassment (Cal. Govt. Code**
20                                             **§12940(k))**
21          **Defendants.**
                                         **DEMAND FOR JURY TRIAL**
22

23

24

25

26

27

28

## NATURE OF ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, California Government Code §§ 12940 et seq. ("FEHA") and other California statutory and common law theories to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to PLAINTIFFS, who were adversely affected by such practices.  This action is brought by current and former employees (collectively "INTERVENOR PLAINTIFFS") against DEFENDANT Justin Vineyards & Winery, LLC ("JV") and The Wonderful Company, LLC ("TWC") (collectively "DEFENDANTS"). INTERVENOR PLAINTIFFS were subjected to sexual harassment, including a hostile environment based on their sex (female), constructive discharge, and/or retaliation for opposing unlawful employment practices during their employment with DEFENDANTS.

## JURISDICTION AND VENUE

2.      INTERVENOR PLAINTIFFS' claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), et seq ("Title VII"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337, and 1343(a)(4), and any other applicable provision of Federal Law.  This Court has supplemental jurisdiction over INTERVENOR PLAINTIFFS' claims brought under the California Fair Employment and Housing Act, §§12940 *et seq*. and other state statutory and common law remedies pursuant to 28 U.S.C. §1367.  Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e(f) and (g), as amended, and applicable provisions of California State law including, but not limited to FEHA.  Jurisdiction in this Court is proper because the employment practices that INTERVENOR PLAINTIFFS allege to be unlawful were and are now being committed in California within the jurisdiction of the United States District Court for the Central District of California.

## INTRADISTRICT ASSIGNMENT

3.      This case is properly assigned to the Western Division of the Central District of California because the action arose from occurrences in Santa Barbara County.

//

//

**PARTIES**

4.     PLAINTIFF, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) and 707 of Title VII, 42 U.S.C. §2000e-5(f)(l) and (3) and §2000e-6(e).

5.     INTERVENOR PLAINTIFFS are individuals residing in California who were directly employed by DEFENDANT Justin Vineyards and Winery as non-exempt employees in the district.

6.     PATRICIA VERDUZCO (hereinafter "INTERVENOR PLAINTIFF ONE") is a California resident. INTERVENOR PLAINTIFF ONE is Charging Party One in the EEOC's Complaint. At all relevant times herein, INTERVENOR PLAINTIFF ONE has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

7.     BLANCA VERDUZCO (hereinafter "INTERVENOR PLAINTIFF TWO") is a California resident.  At all relevant times herein, INTERVENOR PLAINTIFF TWO has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

8.     OLIVIA BARAJAS (hereinafter "INTERVENOR PLAINTIFF THREE") is a California resident.  At all relevant times herein, INTERVENOR PLAINTIFF THREE has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

9.     JOSEFINA FLORES DIAZ (hereinafter "INTERVENOR PLAINTIFF FOUR") is a California resident.  At all relevant times herein, INTERVENOR PLAINTIFF FOUR has been employed by DEFENDANTS and its subsidiaries as a non-exempt employee.

10.     DEFENDANT JV is a Delaware limited liability company and is a subsidiary of DEFENDANT TWC. DEFENDANT JV is located in the City of Los Angeles, California, but with the majority of its operations in Paso Robles, where its vineyards and winery are located. DEFENDANT JV operates and maintains a vineyard, growing wine grapes, as well as a winery and bottling facility, a restaurant, and a hotel.  During all relevant times alleged herein, DEFENDANT JV employed INTERVENOR PLAINTIFFS ONE through FOUR (collectively, "INTERVENOR PLAINTIFFS") and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of herein.

11.    DEFENDANT TWC is a holding company whose subsidiaries include DEFENDANT JV and has continuously been doing business in the State of California and the County of San Luis Obispo.

12.    DEFENDANTS directly and/or jointly employed INTERVENOR PLAINTIFFS in each calendar year from 2015 through 2019. DEFENDANT JV has continuously employed at least 101 employees.  DEFENDNAT TWC has continuously employed at least 501 employees.

13.    At all relevant times, the DEFENDANTS has continuously been doing business in the State of California and has continuously had at least 15 employees.

14.    During the period in question, DEFENDANTS violated or caused to be violated the violations described in this complaint.

15.    At all relevant times, the DEFENDANTS has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

16.    All of the acts and failures to act alleged herein were duly performed by and attributable to all DEFENDANTS, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each DEFENDANTS participated in, approved and/or ratified the unlawful acts and omissions by the other DEFENDANTS complained of herein. Whenever and wherever reference is made in this Complaint to any act by a DEFENDANTS or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures to act of each DEFENDANTS acting individually, jointly, and/or severally.

17.    INTERVENOR PLAINTIFFS are ignorant of the true names and capacities of each DEFENDANTS sued as DOES 1 through 10, inclusively, and therefore INTERVENOR PLAINTIFFS sue said DEFENDANTS by fictitious names. INTERVENOR PLAINTIFFS reserve the right to amend the complaint to name each DOE DEFENDANTS individually or collectively as they become known. INTERVENOR PLAINTIFFS allege that each DOE DEFENDANTS was in some manner responsible for the acts and omissions alleged herein and INTERVENOR PLAINTIFFS

1  will amend the complaint to allege such responsibility when the same shall have been ascertained by

2  INTERVENOR PLAINTIFFS.

3  **ADMINISTRATIVE PROCEDURES**

4      18.    Prior to the institution of this lawsuit, INTERVENOR PLAINTIFF ONE filed charges

5  with the EEOC and DFEH alleging violations of Title VII and FEHA by DEFENDANT JV.

6      19.    The EEOC issued a Right to Sue letter to INTERVENOR PLAINTIFF ONE advising

7  her that examination of the evidence obtained in the EEOC's investigation supported a finding that

8  there is reasonable cause to believe INTERVENOR PLAINTIFF ONE was sexually harassed due to

9  her sex (female), was retaliated against and/or constructively discharged, in violation of Title VII.

10  INTERVENOR PLAINTIFF ONE exhausted her administrative requirements in order to bring her

11  claims pursuant to FEHA.

12      20.    The EEOC's Letters of Determination also advised that the investigation supported a

13  finding that a class of similarly situated individuals were subjected to unlawful employment

14  discrimination based upon their sex, female, and harassment, in violation of Title VII. Prior to

15  instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein

16  alleged and to effect voluntary compliance with Title VII through informal methods of conciliation,

17  conference, and persuasion within the meaning of Title VII, 42 U.S.C. Sections 2000e-5(b) and

18  2000e-6. The Commission was unable to secure from DEFENDANTS a conciliation agreement

19  acceptable to the Commission. Hence, the Commission issued to DEFENDANTS a Notice of Failure

20  of Conciliation. All conditions precedent to the institution of this lawsuit have been fulfilled.

21      21.    INTERVENOR PLAINTIFFS TWO through FOUR are similarly situated females

22  who experienced similar type of sexual harassment as INTERVENOR PLAINTIFF ONE who is the

23  charging party in *EEOC v. Justin Vineyards.* As a result, INTERVENOR PLAINTIFFS TWO

24  through FOUR are aggrieved persons and have a right to intervene pursuant to the single filing rule,

25  also known as the "piggybacking" rule. Under the single filing rule, an aggrieved employee who fails

26  to file a timely charge with the EEOC may still pursue a claim by intervening onto the timely EEOC

27  charge filed by the charging Plaintiff. *Arizona ex rel. Horne v. Geo Grp., Inc.,* F3d 1189 1201 (9th

28  Cir. 2016).

**FACTUAL ALLEGATIONS**

22.     Since at least August 2017, DEFENDANTS have engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) by subjecting a class of aggrieved individuals to sexual harassment, retaliation, and/or constructive discharge. The unlawful employment practices include but are not limited to those practices identified herein.

23.     Since at least August 2017, DEFENDANTS have engaged in unlawful employment practices in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting a class of aggrieved employees to ongoing, unwelcome, severe, or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female).

24.     During their employment, INTERVENOR PLAINTIFFS and a class of similarly situated aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by DEFENDANTS' male supervisors. The supervisors' conduct included but was not limited to, unwanted sexual touching of the buttocks, waist, and breasts, rubbing of genitals on female subordinate employees, unwanted hugging and kissing, forcible kissing on the mouth, grabbing on the hands, snapping of bra straps, nibbling on the ear, biting on the shoulder, exposure of male employees' private body parts, texting inappropriate photos, and stroking employees' hair. The supervisors' conduct also included, but was not limited to, frequent sexual comments, including comments about employees' breasts and buttocks (such as commenting on an employee's nipples or stating "I want to smack that ass," "that ass looks great in those jeans," or "your boobs look great in that top"), undergarments and clothing (such as discussing what bra or panties an employee might be wearing or texting an employee at 2 or 3 a.m. to ask what she was wearing), appearances (such as "you look super-hot" or calling an employee "sexy"), and desire to engage in sexual activity with employees, as well as inappropriate sexual comments and requests (such as a request to engage in a threesome and stating a desire to get a divorce to be with an employee).

///

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

25.     Since at least 2017, DEFENANTS knew or should have known of the hostile work environment at its worksites. The sexually charged and inappropriate actions and comments by the male supervisors were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of DEFENDANTS' other managers and supervisors.

26.     INTERVENOR PLAINTIFFS and members of the class of aggrieved employees complained verbally and in writing to supervisors and management about the harassment and hostile work environment they endured.

27.     The harassers' conduct was unwelcomed by the INTERVENOR PLAINTIFFS and throughout their employment with DEFENDANTS.

28.     The harassers' conduct towards the INTERVENOR PLAINTIFFS was severe and/or pervasive.

29.     In response to the harassers' unwelcome behavior, the INTERVENOR PLAINTIFFS objected by telling the harassers to stop, moving away from them, and/or complaining about them to DEFENDANTS.

30.     Notwithstanding the INTERVENOR PLAINTIFFS' objections and protests, however, the sexual harassment by the harassers continued throughout their employment with DEFENDANTS.

31.     Notwithstanding the numerous complaints received, DEFENDANTS failed to take sufficient reasonable care to prevent and promptly correct the harassers' unlawful behavior by failing to properly investigate some of the complaints, failing to interview third-party witnesses, and/or failing to take any disciplinary action against the harassers.

32.     As a result, the INTERVENOR PLAINTIFFS were subjected to ongoing sexual harassment, retaliation, and/or constructive discharge thereafter.

33.     DEFENDANTS' management discouraged the female employees from complaining during workplace meetings.

34.     DEFENDANTS did not have effective anti-harassment policies and/or procedures in place.

35.   DEFENDANTS knew about the sexual harassment of temporary employees placed by placement staffing agencies and failed to take appropriate corrective action.

36.   The effect of the practices complained of above has been to deprive the INTERVENOR PLAINTIFFS of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

37.   The effect of the practices complained of above has been to deprive the INTERVENOR PLAINTIFFS of equal employment opportunities and otherwise adversely affect their status as employees because of their engagement in protected activities in opposition to unlawful employment practices.

38.   The unlawful employment practices complained of above were intentional and caused the INTERVENOR PLAINTIFFS to suffer emotional distress.

39.   The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the INTERVENOR PLAINTIFFS.

### **INTERVENOR PLAINTIFF ONE**

40.   INTERVENOR PLAINTIFF PATRICIA VERDUZCO, female, was employed by DEFENDANTS from about August 2015 to August 2019, as a cellar worker.

41.   During her employment with DEFENDANTS, INTERVENOR PLAINTIFF PATRICA VERDUZCO was harassed by one of DEFENDANTS' male supervisor, which included but was not limited to yelling at her, slapping her buttocks, putting his hand around her waist while standing behind her and touching her buttocks, making fun of her grammar and accent when she spoke English, and forcibly pulling her by the arm to find Human Resources Manager Alicia Ballesteros to translate when INTERVENOR PLAINTIFF PATRICA VERDUZCO spoke to him in English, although her English was not in fact difficult to understand.

42.   The harassing, hostile and discriminatory behavior toward INTERVENOR PLAINTIFF PATRICA VERDUZCO included, but was not limited to, unwelcomed comments, mocking, yelling, intimidation, and unwanted physical touching. These acts were severe and pervasive.

43.   DEFENDANTS also retaliated against INTERVENOR PLAINTIFF PATRICA

---

8

VERDUZCO for complaining about sexual harassment.

44.     INTERVENOR PLAINTIFF PATRICIA VERDUZCO complained to management and/or Human Resources employees, including but not limited to Human Resources Manager Alicia Ballesteros and Human Resources Director Danny Hanson about the sexual harassment that she experienced.

45.     Said reports and requests were ignored by DEFENDNATS, or were responded to with indifference, and by assigning INTERVENOR PLAINTIFF PATRICIA VERDUZCO to less favorable working conditions, and eventually, constructively discharging her from her employment.

46.     The harassment INTERVENOR PLAINTIFF PATRICIA VERDUZCO was subjected to was unwelcome and made her uncomfortable.

47.     The harassment INTERVENOR PLAINTIFF PATRICIA VERDUZCO was subjected to was severe and/or pervasive.

48.     Despite INTERVENOR PLAINTIFF PATRICIA VERDUZCO'S complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

49.     In retaliation for complaining about the harassment, the harassers escalated their conduct towards INTERVENOR PLAINTIFF PATRICIA VERDUZCO.

**INTERVENOR PLAINTIFF TWO**

50.     INTERVENOR PLAINTIFF BLANCA VERDUZCO, female, was employed by DEFENDANTS from about August 2017 to August 2019, as a cellar worker.

51.     During her employment with DEFENDANTS, INTERVENOR PLAINTIFF BLANCA VERDUZCO was harassed by a male supervisor employed by DEFENDANTS, who would attempt to discipline INTERVENOR PLAINTIFF BLANCA VERDUZCO by slapping her hands. The male supervisor demanded INTERVENOR PLAINTIFF BLANCA VERDUZCO extend her arms and hands forward in order to slap them with his hands as a punitive and humiliating measure following what said male supervisor perceived as a mistake from INTERVENOR PLAINTIFF BLANCA VERDUZCO. When INTERVENOR PLAINTIFF BLANCA VERDUZCO refused to extend her hands, the male supervisor told INTERVENOR PLAINTIFF BLANCA VERDUZCO,

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

"would you rather I slap your behind?"

52. On different occasions throughout INTERVENOR PLAINTIFF BLANCA VERDUZCO's employment with DEFENDANTS, a different male supervisor employed by DEFENDANTS made sexual and discriminatory comments to INTERVENOR PLAINTIFF BLANCA VERDUZCO, which included but was not limited to: "what color are your panties today," and "don't bend over there so far, bend over here closer to me," "when you bend over I can see your panties," "I can't get hard because I have diabetes but with you maybe I can," "Women are gross," and "I'm glad I wasn't born a women."

53. The harassment INTERVENOR PLAINTIFF BLANCA VERDUZCO was subjected to was unwelcome and made her uncomfortable.

54. The harassment INTERVENOR PLAINTIFF BLANCA VERDUZCO was subjected to was severe and/or pervasive.

55. Despite INTERVENOR PLAINTIFF BLANCA VERDUZCO's complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

### **INTERVENOR PLAINTIFF THREE**

56. INTERVENOR PLAINTIFF OLIVIA BARAJAS, female, was employed by DEFENDANTS from about August 2015 to August 2019, as a cellar worker.

57. During her employment with DEFENDANTS, INTERVENOR PLAINTIFF OLIVIA BARAJAS was harassed by a male supervisor who would discipline INTERVENOR PLAINTIFF OLIVIA BARAJAS by slapping her hands. Another male supervisor on different occasion would make comments to INTERVENOR PLAINTIFF OLIVIA BARAJAS which included but was not limited to, "me la pelas" (a vulgar expression in Spanish translating to: "you peel it for me," referring to peeling up the foreskin on a penis and meant to denigrate the recipient of the expression and connote superiority) or "vales verga" (a vulgar expression in Spanish meaning "you're worth dick" meant to denigrate the recipient of the expression and connote superiority).

58. The harassment INTERVENOR PLAINTIFF OLIVIA BARAJAS was subjected to was unwelcome and made her uncomfortable.

COMPLAINT IN INTERVENTION                                                    Case No. 2:22-cv-06039-PA-RAO

59.     The harassment INTERVENOR PLAINTIFF OLIVIA BARAJAS was subjected to was severe and/or pervasive.

60.     Despite INTERVENOR PLAINTIFF OLIVIA BARAJAS complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

**INTERVENOR PLAINTIFF FOUR**

61.     INTERVENOR PLAINTIFF JOSEFINA FLORES DIAZ, female, was employed by DEFENDANTS as a cellar worker during the relevant time period.

62.     During her employment with DEFENDANTS, INTERVENOR PLAINTIFF JOSEFINA FLORES DIAZ was harassed by a male supervisor who would intentionally glide his hands across INTERVENOR PLAINTIFF JOSEFINA FLORES DIAZ'S buttocks whenever he would pass from behind.

63.     The harassment INTERVENOR PLAINTIFF JOSEFINA FLORES DIAZ was subjected to was unwelcome and made her uncomfortable.

64.     The harassment INTERVENOR PLAINTIFF JOSEFINA FLORES DIAZ was subjected to was severe and/or pervasive.

65.     Despite INTERVENOR PLAINTIFF JOSEFINA FLORES DIAZ's complaints of sexual harassment, DEFENDANTS failed to take any corrective action or preventative measures to stop the harassment.

**STATEMENT OF CLAIMS**

66.     Since at least 2017, the DEFENDANTS has engaged in unlawful employment practices and in a pattern of such practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2, the California Fair Employment and Housing Act, California Government Code §§12940 et seq. ("FEHA") and other California statutory and common law theories by subjecting INTERVENOR PLAINTIFFS ONE through FOUR, as well as other female employees, to sexual harassment, a hostile work environment, retaliation, and/or constructive discharge. The sexually harassing behavior was perpetrated by supervisors and included, but was not limited to, unwelcome touching and explicit sexual commentary. DEFENDANTS failed to exercise reasonable care to

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

prevent and correct promptly the sexually harassing behavior.

67.     DEFENDANTS exercised control over employees placed by placement staffing in the following ways, including but not limited to, directly supervising their day-to-day work, responding to complaints, and subjecting them to discipline. DEFENDANTS had control over its worksite to investigate and correct the conduct that occurred at its worksite including conduct of employees, whether it exercised that control or not.

68.     The unlawful employment practices by DEFENDANTS and complained of herein were and are willful within the meaning of §706(f)(l) and (3), 706(g)(l), and 707 of Title VII, 42 U.S.C., §2000e-5(f)(l) and (3), (g)(l), and 2000e-6. The unlawful employment practices complained of herein were and are intentional and caused INTERVENOR PLAINTIFFS ONE through FOUR to suffer emotional distress. The effect of the practices complained of above has been to deprive PLAINTIFFS ONE through FOUR of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

69.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of INTERVENOR PLAINTIFFS ONE THROUGH FOUR, as well as other female employees.

## FIRST CLAIM FOR RELIEF:

### UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (TITLE VII, 42 U.S.C. §2000e-2(a)(l))

70.     INTERVENOR PLAINTIFFS hereby incorporate by reference each and every allegation contained in the paragraphs presented in this Complaint as though fully set forth herein.

71.     DEFENDANTS unlawfully discriminated against INTERVENOR PLAINTIFFS based on their sex in violation of Title VII of the Civil Rights Act of 1964,42 U.S.C. § 2000e.

72.     DEFENDANTS treated INTERVENOR PLAINTIFFS less favorably than similarly situated male employees, subjecting them to discriminatory terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to: unwelcome sexual advances, unwelcome sexual touching, degrading comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual

harassment of and discrimination against INTERVENOR PLAINTIFFS as described above.

73.     DEFENDANTS'S acts of discrimination against INTERVENOR PLAINTIFFS on the basis of sex were wanton, willful and intentional, and were committed with malicious and reckless disregard of the rights and sensibilities of the INTERVENOR PLAINTIFFS.

74.     As a direct and proximate result of the aforesaid discrimination based on INTERVENOR PLAINTIFFS' sex, INTERVENOR PLAINTIFFS have sustained a loss of earnings and other benefits. They also have suffered physical injuries and severe emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness and other symptoms of stress.

75.     WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF:

### UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX
### (CALIFORNIA GOVERNMENT CODE §12940(a))

76.     INTERVENOR PLAINTIFF TWO through FOUR hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

77.     At all times material hereto, DEFENDANTS owed INTERVENOR PLAINTIFFS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their sex as mandated by the Fair Employment and Housing Act, Government Code Section 12940(a).

78.     In violation of the aforesaid duty, DEFENDANTS treated INTERVENOR PLAINTIFFS less favorably than similarly situated male employees, subjecting them to discrimination in working conditions, benefits, and in other terms and conditions of their employment including, but not limited to: reduction in working hours and conditions of employment, unwelcome sexual advances, unwelcome sexual touching, degrading comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against INTERVENOR PLAINTIFFS as described above.

79.     DEFENDANTS' decisions to take the adverse actions against INTERVENOR PLAINTIFFS were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of INTERVENOR PLAINTIFFS.

80.     As a direct and proximate result of the aforesaid discrimination based on sex,

INTERVENOR PLAINTIFFS have sustained harm including severe emotional stress and the loss of compensation, including but not limited to, wages and other benefits that they otherwise would have received.

81.     DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring INTERVENOR PLAINTIFFS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of INTERVENOR PLAINTIFFS' rights. Accordingly, INTERVENOR PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

82.     INTERVENOR PLAINTIFFS are entitled to recover attorneys' fees under Government Code section 12940, et sea. or any other law providing for recovery of attorneys' fees.

83.     WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF:

### HOSTILE ENVIRONMENT SEXUAL HARASSMENT (TITLE VII, 42 U.S.C. § 2000e-2(a)(l))

84.     INTERVENOR PLAINTIFFS hereby incorporate by reference each and every allegation stated above as though fully set forth herein.

85.     This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000 et seq.  INTERVENOR PLAINTIFFS are women and as such are members of a group protected under TITLE VII from harassment – hostile work environment on the basis of sex.

86.     DEFENDANTS violated INTERVENOR PLAINTIFFS' rights under Title VII by subjecting INTERVENOR PLAINTIFFS to unwelcome sexual comments and acts and permitting and encouraging a work environment in which INTERVENOR PLAINTIFFS were subjected to ridicule, harassment, discrimination and intimidation because of their sex, unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct by DEFENDANTS'S employees.

87.     INTERVENOR PLAINTIFFS did not welcome the conduct described above and advised DEFENDANTS that such conduct was not welcome.

88.     DEFENDANTS' aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of INTERVENOR PLAINTIFFS.

89.     DEFENDANTS participated in creating and maintaining a hostile work environment and failed to investigate, stop, or prevent the incidents of sexual harassment even after DEFENDANTS'S employees gave notice of such incidents.

90.     As a direct and proximate result of the aforesaid harassment based on sex, INTERVENOR PLAINTIFFS have sustained injury in the form of severe emotional distress, humiliation, embarrassment, physical injury and mental anguish, all to their damage in amounts to be established at trial.

91.     The harassment adversely affected the INTERVENOR PLAINTIFFS' psychological well-being.

92.     The harassment unreasonably interfered with INTERVENOR PLAINTIFFS work performance.

93.     The harassment to which INTERVENOR PLAINTIFFS were subjected to would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person of INTERVENOR PLAINTIFFS' sex.

94.     Sexual harassment was sufficiently widespread, pervasive, and prevalent at the workplace of DEFENDANTS and at all times pertinent hereto to charge DEFENDANTS with constructive notice of it.

95.     Prior to filing a charge with the EEOC, INTERVENOR PLAINTIFFS ONE through FOUR and other female employees gave DEFENDANTS notice of sexual harassment.

96.     DEFENDANTS failed to investigate INTERVENOR PLAINTIFFS' and other female employees' complaints.

97.     DEFENDANTS failed to take adequate remedial action.

98.     Following INTERVENOR PLAINTIFFS' and other female employees' complaints and the response of DEFENDANTS, the harassment of INTERVENOR PLAINTIFFS continued.

99.     DEFENDANTS had the power to alter or affect the terms and conditions of the

employment of INTERVENOR PLAINTIFFS by firing, transferring, altering their work schedule and/or evaluating their work performance and by discharging complained of sexual harassers.

100. DEFENDANTS' employees that harassed INTERVENOR PLAINTIFFS ONE through FOUR, and other employees, were acting within their scope of employment.

101. INTERVENOR PLAINTIFFS sustained emotional suffering and injury attributable to the harassment.

102. DEFENDANTS acted with malice and with reckless indifference to INTERVENOR PLAINTIFFS' civil rights and emotional and physical well-being.

103. WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

### FOURTH CLAIM FOR RELIEF:

**HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT
(CALIFORNIA GOVERNMENT CODE § 12940(j))**

104. INTERVENOR PLAINTIFF TWO through FOUR hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

105. INTERVENOR PLAINTIFFS are women. DEFENDANTS subjected them to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct as described above and/or failed to take steps reasonably calculated to end the sexual harassment of INTERVENOR PLAINTIFFS.

106. DEFENDANTS' aforesaid unwelcome sexual comments and acts were so severe or pervasive that they created a hostile work environment and adversely affected the terms and conditions of INTERVENOR PLAINTIFFS' employment based on their sex, in violation of the Fair Employment and Housing Act, Government Code §12940(j).

107. DEFENDANTS' aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of INTERVENOR PLAINTIFFS.

108. As a direct and proximate result of the aforesaid harassment based on sex, INTERVENOR PLAINTIFFS' have sustained injuries in the form of severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would

have received.

109.    DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring INTERVENOR PLAINTIFFS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of INTERVENOR PLAINTIFFS' rights. Accordingly, INTERVENOR PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

110.    INTERVENOR PLAINTIFFS are entitled to recover attorneys' fees under Government Code section 12940, et seq. or any other law providing for recovery of attorneys' fees.

111.    WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

### **FIFTH CLAIM FOR RELIEF:**

**RETALIATION**
**(Pursuant to Title VII of the Civil Rights Act of 1964, as amended)**

112.    INTERVENOR PLAINTIFFS incorporate by reference the allegations stated above.

113.    At all times relevant herein, INTERVENOR PLAINTIFFS engaged in a protected activity under Title VII of the Civil Rights Act of 1964, as amended, by complaining to DEFENDANTS' management about harassment, discriminating, and the persistent pattern of unlawful sexual harassment and discrimination against female employees.

114.    At all times material hereto, DEFENDANTS owed INTERVENOR PLAINTIFFS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 32000e-3(a).

115.    In violation of the aforesaid duty, DEFENDANTS took adverse actions against INTERVENOR PLAINTIFFS because of their protected activity of complaining about the harassment and discrimination against them, as described herein.

116.    During the course of INTERVENOR PLAINTIFFS' employment with DEFENDANTS, INTERVENOR PLAINTIFFS complained to DEFENDANTS about the unwanted and persistent sexual advances, harassment, and discrimination against INTERVENOR

COMPLAINT IN INTERVENTION                              Case No. 2:22-cv-06039-PA-RAO

PLAINTIFFS. As alleged above, DEFENDANTS retaliated against INTERVENOR PLAINTIFFS for making these complaints by tolerating constant sexual harassment towards INTERVENOR PLAINTIFFS, and by threatening them.

117.    DEFENDANTS'S conduct as described above was willful, despicable, knowing, and intentional; accordingly, INTERVENOR PLAINTIFFS are entitled to an award of punitive and exemplary damages in an amount according to proof.

118.    DEFENDANTS' decisions to take the adverse actions against INTERVENOR PLAINTIFFS described herein were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of INTERVENOR PLAINTIFFS.

119.    As a direct and proximate result of the aforesaid discrimination based on protected activity, INTERVENOR PLAINTIFFS sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

120.    As a proximate result of DEFENDANTS' conduct, INTERVENOR PLAINTIFFS have sustained and continue to sustain losses in earnings and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof at trial.  DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring INTERVENOR PLAINTIFFS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of INTERVENOR PLAINTIFFS' rights. Accordingly, INTERVENOR PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

121.    INTERVENOR PLAINTIFFS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorney's fees under 42 U.S.C. 5 2000(e), et seq., Title VII of the Civil Rights Act of 1964 or any other law providing for recovery of attorneys' fees.

122.    WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

COMPLAINT IN INTERVENTION                                    Case No. 2:22-cv-06039-PA-RAO

## SIXTH CLAIM FOR RELIEF:

### UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY
### (CALIFORNIA GOVERNMENT CODE §12940(h))

123.   INTERVENOR PLAINTIFF TWO through FOUR hereby incorporate by reference the above allegations.

124.   At all times material hereto, DEFENDANTS owed INTERVENOR PLAINTIFFS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by the Fair Employment and Housing Act, Government Code Section §12900 et seq.

125.   In violation of the aforesaid duty, DEFENDANTS took adverse actions against INTERVENOR PLAINTIFFS because of their protected activity of complaining about the harassment and discrimination against them, as described herein.

126.   DEFENDANTS' decision to take the adverse actions against INTERVENOR PLAINTIFFS described herein were wanton, willful and intentional, and committed with malicious and reckless disregard for the rights and sensibilities of INTERVENOR PLAINTIFFS.

127.   As a direct and proximate result of the aforesaid discrimination based on protected activity, INTERVENOR PLAINTIFFS sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

128.   DEFENDANTS, acting individually and/or by and through their managing agents. officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring INTERVENOR PLAINTIFFS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of INTERVENOR PLAINTIFFS' rights. Accordingly, INTERVENOR PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

129.   INTERVENOR PLAINTIFFS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorneys' fees under Government Code section 12940, et seq., or any other law providing for recovery of attorneys' fees.

COMPLAINT IN INTERVENTION                                   Case No. 2:22-cv-06039-PA-RAO

130.    WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

**SEVENTH CLAIM FOR RELIEF:**

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT,**
**(CALIFORNIA GOVERNMENT CODE §12940(k))**

131.    INTERVENOR PLAINTIFF TWO through FOUR hereby incorporate by reference each and every allegation contained above.

132.    DEFENDANTS and/or their agents and/or employees, failed to take all reasonable steps necessary to prevent the harassment and discrimination in employment described herein from occurring. DEFENDANTS knew or should have known of the discrimination against INTERVENOR PLAINTIFFS described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination and tailed to take immediate and appropriate corrective action so as to discipline any of the offenders.

133.    The response of DEFENDANTS, and/or that of their agents and employees, to the discrimination and harassment described herein was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between DEFENDANTS' inaction and the injuries suffered by INTERVENOR PLAINTIFFS.

134.    By failing to take all reasonable steps necessary to prevent discrimination and harassment, and by failing to properly investigate and remedy the discrimination and harassment that occurred, DEFENDANTS committed unlawful employment practices as described in and prohibited by California Government Code §12940(k).

135.    In engaging in the aforementioned conduct, DEFENDANTS aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

136.    As a direct and foreseeable result of the aforesaid acts of said DEFENDANTS, INTERVENOR PLAINTIFFS have lost and will continue to lose income and benefits in an amount to be proven at the time of trial. INTERVENOR PLAINTIFFS claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision

1   of law providing for pre-judgment interest.

2        137.   As a result of the aforesaid acts of DEFENDANTS, INTERVENOR PLAINTIFFS

3   claim general damages for mental and severe emotional distress and aggravation in an amount to be

4   proven at the time of trial.

5        138.   DEFENDANTS, acting individually and/or by and through their managing agents.

6   officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively,

7   with the wrongful intention of injuring INTERVENOR PLAINTIFFS, and acted with an improper

8   and evil motive amounting to malice, and in conscious disregard of INTERVENOR PLAINTIFFS'

9   rights. Accordingly, INTERVENOR PLAINTIFFS are entitled to recover punitive damages from

10   DEFENDANTS in an amount according to proof.

11        139.   INTERVENOR PLAINTIFFS are entitled to recover attorneys' fees under California

12   Government Code §12940, et seq., or any other law providing for recovery of attorneys' fees.

13        140.   WHEREFORE, INTERVENOR PLAINTIFFS request relief as hereinafter provided.

14                 **<u>PRAYER FOR RELIEF</u>**

15        141.   WHEREFORE, INTERVENOR PLAINTIFFS respectfully pray that this Court:

16           a.   Award INTERVENOR PLAINTIFFS compensatory damages

17               including lost wages and benefits according to proof;

18           b.   Award INTERVENOR PLAINTIFFS mental and emotional distress

19               damages for their emotional suffering and related medical and

20               therapeutic expenses according to proof;

21           c.   Award INTERVENOR PLAINTIFFS civil penalties as provided by

22               statute;

23           d.   Award INTERVENOR PLAINTIFFS punitive and exemplary

24               damages according to proof;

25           e.   Award INTERVENOR PLAINTIFFS attorney fees and costs,

26               including expert witness fees, pursuant to 42 U.S.C. §2000e-5(k);

27           f.   Award INTERVENOR PLAINTIFFS prejudgment interest on all

28               amounts claimed and award INTERVENOR PLAINTIFFS any

COMPLAINT IN INTERVENTION                        Case No. 2:22-cv-06039-PA-RAO

1    other relief that this Court may deem proper;

2    g.   All damages which individual INTERVENOR PLAINTIFFS have

3    sustained as a result of DEFENDANTS' conduct, including: general

4    and special damages for lost compensation and job benefits that they

5    would have received but for the discriminatory practices of

6    DEFENDANTS, damages for emotional distress and punitive

7    damages, in amounts according to proof;

8    h.   A declaratory judgment that the practices complained of in this

9    complaint are unlawful and violate Title VII of the Civil Rights Act

10   of 1964, 42 U.S.C. 5 2000(e), et seq., the California Fair

11   Employment and Housing Act, California Government Code

12   §§12940 et seq. ("FEHA") and other California statutory and

13   common laws alleged herein;

14   i.   Grant a permanent injunction enjoining DEFENDANTS, their

15   officers, successors, assigns, and all persons in active concert or

16   participation with it, from engaging in sexual harassment,

17   retaliation, and any other employment practice which discriminates

18   on the basis of sex;

19   j.   Order DEFENDANTS to institute and carry out policies, practices,

20   and programs which provide equal employment opportunities for

21   women, and which eradicate the effects of its past and present

22   unlawful employment practices;

23   k.   Order   DEFENDANTS   to   make   whole   INTERVENOR

24   PLAINTIFFS to be determined at trial, and other affirmative relief

25   necessary to eradicate the effects of its unlawful employment

26   practices;

27   l.   Order   DEFENDANTS   to   make   whole   INTERVENOR

28   PLAINTIFFS by providing compensation for past and future non-

COMPLAINT IN INTERVENTION                          Case No. 2:22-cv-06039-PA-RAO

1  pecuniary losses resulting from the unlawful practices complained

2  of above, in amounts to be determined at trial;

3  m. Order DEFENDANTS to pay INTERVENOR PLAINTIFFS

4  punitive and exemplary damages for its malicious and reckless

5  conduct described above, in amounts to be determined at trial;

6  n. Grant such other and further legal and equitable relief as this Court

7  deems necessary, just, and proper.

8  **<u>DEMAND FOR JURY TRIAL</u>**

9  INTERVENOR PLAINTIFFS hereby demand trial of their claims by jury to the extent

10  authorized by law.

11

Dated: January 30, 2023                    **MALLISON & MARTINEZ**

12

13

By: _____

14  Hector R. Martinez
    Stan S. Mallison

15  Tania Fonseca
    Gonzalo Quezada

16  Attorneys for INTERVENOR PLAINTIFFS

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT IN INTERVENTION                    Case No. 2:22-cv-06039-PA-RAO