1 | KRISTINA M. DIAZ (SBN 151566)
kristina.diaz@roll.com
2 | LISA A. STILSON (SBN 196059)
lisa.stilson@roll.com
3 | JENNA W. LOGOLUSO (SBN 266685)
jenna.logoluso@roll.com
4 | MATTHEW C. ONYETT (SBN 295419)
matthew.onyett@roll.com
5 | LAUREN BABST (SBN 313156)
lauren.babst@roll.com
6 | ROLL LAW GROUP PC
11444 West Olympic Boulevard
7 | Los Angeles, California 90064-1557
Telephone:  (310) 966-8400
8 | Facsimile:  (310) 966-8810

9 | Attorneys for Defendants,
JUSTIN VINEYARDS & WINERY LLC
10 | THE WONDERFUL COMPANY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 2:22-cv-06039 PA (RAOx) |
|---|---|
| Plaintiff, | **DEFENDANT JUSTIN VINEYARDS & WINERY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive, | [Assigned to the Honorable Judge Percy Anderson] |
| Defendants. | |

**TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Justin Vineyards & Winery LLC ("Justin") hereby answers the Complaint ("Complaint") filed by Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff") as follows:

//

//

## NATURE OF THE ACTION

Justin admits that Plaintiff purportedly brought this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Except as expressly admitted, Justin denies the remaining allegations and legal conclusions set forth in the Nature of the Action section of the Complaint. Specifically, Justin denies any allegation or inference that it has engaged in any unlawful employment practices.

## JURISDICTION AND VENUE

1. Justin admits that this Court has subject matter jurisdiction over this action. Justin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and legal conclusions contained in paragraph 1 and on that basis denies them.

2. Justin admits that this Court has subject matter jurisdiction over this action. Justin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and legal conclusions contained in paragraph 2 and on that basis denies them.

3. Justin admits that venue is proper in the United States District Court for the Central District of California. Except as expressly admitted, Justin denies the remaining allegations contained in paragraph 3.

## PARTIES

4. Justin admits that Plaintiff is an agency of the United States of America. Justin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and legal conclusions contained in paragraph 4 and on that basis denies them.

5. Justin admits the allegations in paragraph 5.

6. Justin admits that it has been doing business in California and that it has continuously employed at least 15 employees but denies the remaining allegations and legal conclusions contained in paragraph 6.

7. Justin admits that it is an employer and has been engaged in interstate commerce, but lacks knowledge or information to form a belief about the remaining allegations and legal conclusions contained in paragraph 7 and on that basis denies them.

8. Justin admits the allegations in paragraph 8.

9. The allegations and legal conclusions contained in paragraph 9 are directed towards Defendant The Wonderful Company LLC. Justin lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in paragraph 9 and on that basis denies them.

10. The allegations and legal conclusions contained in paragraph 10 are directed towards Defendant The Wonderful Company LLC. Justin lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in paragraph 10 and on that basis denies them.

11. The allegations and legal conclusions contained in paragraph 11 are directed towards Defendant The Wonderful Company LLC. Justin lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in paragraph 11 and on that basis denies them.

12. Justin is without sufficient knowledge or information to form a belief as to the truth of the allegations and legal conclusions contained in paragraph 12 and on that basis denies them.

13. Justin denies each and every allegation and legal conclusion contained in paragraph 13.

14. Justin denies each and every allegation and legal conclusion contained in paragraph 14.

15. Justin lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in paragraph 15 and on that basis denies them.

## ADMINISTRATIVE PROCEDURES

16. Justin admits the allegations contained in paragraph 16.

17. Justin admits that it received a copy of Charging Party's charge of discrimination, and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents. Justin lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17 and on that basis denies them.

18. Justin admits that it received a Letter of Determination on January 11, 2022, in which the Commission stated that it found reasonable cause to believe Defendants violated Title VII to an alleged class of aggrieved individuals and invited Defendants to join it with informal method of conciliation. Justin denies the remaining allegations contained in paragraph 18.

19. Justin admits that it communicated with the Commission regarding the alleged discriminatory practices described in the Letter of Determination but denies that Justin was given the opportunity to remedy them. Justin denies the remaining allegations contained in paragraph 19.

20. Justin admits that no conciliation agreement was reached. Justin denies the remaining allegations contained in paragraph 20.

21. Justin admits that it received a letter from the Commission dated June 29, 2022 stating, in part, that "efforts to conciliate this charge as required Title [sic] VII of the Civil Rights Act of 1964 (Title VII) have been unsuccessful." Justin denies the remaining allegations contained in paragraph 21.

22. Justin is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 22

## FACTUAL SUMMARY

23. Justin denies each and every allegation and legal conclusion contained

in paragraph 23.

24. Justin denies each and every allegation and legal conclusion contained in paragraph 24.

25. Justin denies each and every allegation and legal conclusion contained in paragraph 25.

26. Justin denies each and every allegation and legal conclusion contained in paragraph 26.

27. Justin admits that on two occasions individuals reported alleged harassment which was investigated; in one instance, the allegations were substantiated and the perpetrator was terminated. Except as expressly admitted, Justin denies the allegations in Paragraph 27.

28. Justin denies each and every allegation and legal conclusion contained in paragraph 28.

29. Justin denies each and every allegation and legal conclusion contained in paragraph 29.

30. Justin denies each and every allegation and legal conclusion contained in paragraph 30.

31. Justin denies each and every allegation and legal conclusion contained in paragraph 31.

32. Justin denies each and every allegation and legal conclusion contained in paragraph 32.

33. Justin denies each and every allegation and legal conclusion contained in paragraph 33.

34. Justin denies each and every allegation and legal conclusion contained in paragraph 34.

## ANSWER TO THE PRAYER FOR RELIEF

Justin denies that Plaintiff, Charging Party and/or Claimants are entitled to any damages, monetary relief, injunctive relief, orders, costs, attorneys' fees or any

other relief of any kind based on the Complaint.

## DENIAL OF REMAINING ALLEGATIONS

To the extent the Complaint contains allegations against Defendant that have not been admitted or denied above, Defendant denies each and every such allegation.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Justin alleges that the Complaint is subject to the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because each purported cause of action therein fails to allege facts sufficient to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

//
//
//

**FIFTH AFFIRMATIVE DEFENSE**

**(Acquiescence, Laches)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrines of acquiescence and laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Pattern or Practice, Not Suitable for Class/Collective Relief)**

Defendant alleges that the claims alleged in the Complaint do not establish the existence of a "pattern or practice" of sexual harassment or a company policy of tolerating a workforce permeated with severe and pervasive sexual harassment. Defendant maintains the claims in the Complaint are not suitable for class, representative and/or collective treatment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Willfulness)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because the alleged wrongful conduct on Defendant's part was not willful.

**NINTH AFFIRMATIVE DEFENSE**

**(Justification)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because the alleged wrongful conduct on the Defendant's part was justified and/or privileged.

//
//
//

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because Plaintiff, Charging Party and/or Claimants are equitably estopped from bringing the claims asserted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Claims Outside the Scope of Administrative Charges)

The Complaint, and each purported cause of action alleged therein, is barred to the extent the allegations contained therein are outside the scope of any administrative charges that Plaintiff, Charging Party and/or Claimants have filed.

## TWELFTH AFFIRMATIVE DEFENSE

### (Damages Uncertain)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, in that, to the extent that Charging Party and/or Claimants claim any damages, they are not entitled to any recovery because such damages are speculative and/or cannot be ascertained with reasonable certainty.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Scienter or Knowledge)

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, because Defendant lacked the requisite scienter or knowledge of the facts and circumstances giving rise to the claims asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-discriminatory Reasons)

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, because the alleged disparity of treatment which is alleged was not based on the alleged claims, but was based on one or more legitimate, non-discriminatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part or recovery should be reduced, pursuant to the doctrine of avoidable consequences, because Defendant had appropriate policies in place, which it communicated to its employees and implemented, and the use of Defendant's procedures would have prevent at least some of the harm allegedly suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Appropriate Investigation)**

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, because Defendant timely and appropriately responded and investigated the alleged conduct asserted in the Complaint. The investigation and response to the alleged charge was done with a good faith belief that it was correct, and therefore no action may be taken against Defendant, on account of such conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Defendant's Good Faith)**

The Complaint, and each of the purported claims for relief alleged herein, is barred in that Defendant's actions were a just and proper exercise of management discretion, which were undertaken for a fair and honest reason and in good faith and were reasonably based upon the facts as Defendant understood them.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Remedies Under the Workers' Compensation Act)**

Charging Party and/or Claimants are barred from, and have waived, any recovery for any alleged physical or emotional injury or distress to the extent that they have failed to pursue and exhaust its remedies, if any, under the California Workers' Compensation Act.

//

### NINETEENTH AFFIRMATIVE DEFENSE

**(Legitimate, Non-discriminatory, Non-retaliatory, Non-pretextual Reasons)**

The Complaint, and each of the purported claims for relief alleged herein, is barred in that Defendant did not commit the acts or omissions alleged in the Complaint for discriminatory and/or retaliatory motives, but assuming it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Reasonable Care to Prevent)**

The Complaint, and each of the purported claims for relief alleged herein, is barred in that Defendant exercised reasonable care to prevent and correct promptly harassing, discriminatory, or retaliatory behavior, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Preventative or Corrective Opportunities Provided by Defendant)**

The Complaint, and each of the purported claims for relief alleged herein, is barred in that Charging Party and/or Claimants unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Compliance with Non Discrimination, Harassment and Retaliation Policy)**

The Complaint, and each of the purported claims for relief alleged herein, is barred in that Defendant had in place a policy to prevent discrimination, harassment and/or retaliation in the workplace and made good faith efforts to implement and enforce that policy.

//
//
//
//

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Intentional Conduct)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because Defendant's actions were not "knowing" or "intentional."

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because the acts of Defendant were not the legally, proximately, or in fact, cause of the damages, if any, alleged in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Exhaustion of Internal Remedies)

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff failed to exhaust available internal remedies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Workers' Compensation As Exclusive Remedy)

Any and all of Charging Party and/or Claimants claims are based in whole or in part upon any alleged physical or emotional injury or distress are barred because, per California Labor Code Section 3601 *et seq.*, workers' compensation is the exclusive remedy for such claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Administrative and Statutory Remedies)

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, because Charging Party and/or Claimants failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them prior to commencing this action.

//

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Plead With Requisite Particularity)

The Complaint, and each of the purported claims for relief alleged therein, is barred in whole or in part, because it does not plead each claim for relief with the particularity required under the California Code of Civil Procedure.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

The Complaint, and each of the purported claims for relief alleged herein, is barred, in whole or in part, in that any recovery from Defendant would result in Charging Party's and/or Claimants' unjust enrichment.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Damages Uncertain)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, in that to the extent that Charging Party and/or Claimants claim any damages, they are not entitled to any recovery because such damages are speculative and/or cannot be ascertained with reasonable certainty.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, in that Charging Party and/or Claimants have failed mitigate their damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

The Complaint, and each of the purported claims for relief alleged therein, is limited or subject to an absolute bar, in whole or in part, as to recoverable damages based on after-acquired evidence that Defendant have presently and/or may acquire during the course of this arbitration.

//

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Comparative/Contributory Fault)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of comparative or contributory fault because Charging Party's, Claimants' and/or other parties' own actions or omissions contributed to or were wholly responsible for any damages suffered by Charging Party and Claimants.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Off-Set, Fault)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of off-set and/or Charging Party's and/or Claimants' own negligence, fraud, and/or other wrongdoing.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Aggravation of Damages)**

The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because Charging Party and/or Claimants, voluntarily and with full knowledge of the circumstances, performed acts and/or engaged in conduct that caused aggravated and/or increased their damages, if any.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Damage Or Injury Suffered)**

The Complaint, and each of the purported claims for relief alleged therein, is barred in whole or in part, because Charging Party and/or Claimants have suffered no cognizable injury attributable to Defendant as a result of the matters alleged in the Complaint.

**THIRTY-SEVENTH TH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

The Complaint fails to allege facts sufficient to support any claim of malice, oppression, or fraud against Defendant, and thus Charging Party and/or Claimants

are not entitled to recover punitive or exemplary damages herein from Defendant and any allegations with respect thereto should be stricken.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Due Process and Equal Protection)**

An award of punitive damages against Defendant is barred by the due process and equal protection provisions of the United States constitution.

### FORTIETH AFFIRMATIVE DEFENSE

**(No Attorneys' Fees)**

The Complaint, and each of the purported causes of action alleged therein, is barred in whole or in part, because the Complaint fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

### FORTY-FIRST AFFIRMATIVE DEFENSE

**(Consent)**

The Complaint, and each of the purported causes of action alleged therein, is barred in whole or in part, to the extent Charging Party and/or Claimants expressly or impliedly assented to or ratified the conduct alleged to be unlawful.

### FORTY-SECOND AFFIRMATIVE DEFENSE

**(Scope of Employment)**

All actions that Plaintiff, Charging Party and/or Claimants allege, although such is not admitted here, occurred outside the course and scope of employment.

### FORTY-THIRD AFFIRMATIVE DEFENSE

**(Failure to Engage in Conciliation)**

The Plaintiff failed to engage in conciliation, failed to participate in conciliation in good faith, failed to exhaust or complete the conciliation process, or otherwise failed to fulfill its obligations to conciliate, thereby precluding this claim or any recovery.

//
//

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendant hereby given notice that it intends to rely upon any additional affirmative defenses that become available or apparent during the pendency of this action and thus reserve the right to amend it Answer to assert such additional defenses.

**WHEREFORE**, having fully answered the Complaint, Defendant prays for judgment on the Complaint as follows:

1. That Plaintiff's Complaint be dismissed and that Plaintiff, Charging Party and/or Claimants take nothing from Defendant under the claims alleged in the Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff, Charging Party and/or Claimants;

3. That Defendant be awarded its costs of suit, and;

4. For such other and further relief as the Court may deem just and proper.

DATED: February 6, 2023         ROLL LAW GROUP PC

By: /s/ Lisa Stilson
Lisa A. Stilson
Attorneys for Defendant
JUSTIN VINEYARDS & WINERY LLC