Beatriz Biscardi André, NY SBN 4394599
beatriz.andre@eeoc.gov
Sophia Tarazi, SBN 329721
Sophia.tarazi@eeoc.gov
Chanmealea Thou, SBN 326469
chanmealea.thou@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3008
Facsimile:  (213) 894-1301
Email:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>    vs.<br><br>JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.: 2:22-cv-06039-MRA (RAOx)<br><br>**[PROPOSED] CONSENT DECREE AND ORDER**<br><br>Hon. Mónica Ramírez Almadani |

{3592480.3}

Gaganjyot K. Sandhu, SBN 327379
gaganjyot.sandhu@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
450 Golden Gate Avenue, Suite 500
San Francisco, CA 94102
Telephone: (619) 900-1616

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KRISTINA M. DIAZ (SBN 151566)
kristina.diaz@roll.com
LISA A. STILSON (SBN 196059)
lisa.stilson@roll.com
AMBER HENRY (SBN 247624)
amber.henry@roll.com
MATTHEW C. ONYETT (SBN 295419)
matthew.onyett@roll.com
LEAH JOHANNESSON (SBN 305206)
leah.johannesson@roll.com
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810

Attorneys for Defendants
JUSTIN VINEYARDS & WINERY LLC

THE WONDERFUL COMPANY LLC

{3592480.3}

## I.    <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants Justin Vineyards & Winery LLC ("JUSTIN") and The Wonderful Company LLC ("TWC" and collectively, "Defendants") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). TWC's role is limited to the extent it is involved with JUSTIN to carry out the scope and spirit of this Decree. TWC agrees to be bound by this Decree with respect to JUSTIN's Locations and its business operations conducted at those locations.[1] TWC's operations, employees, and locations that do not involve JUSTIN's Locations, JUSTIN's employees, or JUSTIN's operations are not covered under this Decree.

The Commission alleges Defendants engaged in unlawful employment practices by subjecting a class of aggrieved individuals to a sexually hostile work environment and retaliation in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). The Commission further alleges that due to the ongoing sexually hostile and abusive working conditions and Defendants' failure to remedy the harassment, aggrieved individuals were constructively discharged in violation of Section 703(a) of Title VII. Defendants deny all allegations by the EEOC and enter into this Decree only by means of resolving this litigation.

## II.    <u>PURPOSE AND SCOPE OF THE DECREE</u>

In the interest of resolving this matter, the Commission and Defendants (collectively, "the Parties") agree that this matter should be finally settled by entry of this Consent Decree ("Decree"). This Decree shall be binding on, and

---

[1] JUSTIN's Locations include: (1) Downtown Tasting Room: 811 12th Street, Paso Robles, CA 93446; (2) Chimney Rock: 11680 Chimney Rock Road, Paso Robles, CA 93446 ; (3) Wisteria: 2265 Wisteria Lane, Paso Robles, CA 93446 and any other new locations.

enforceable against, Defendants, as well as their officers, directors, agents, successors, and assigns. The scope of this Decree is limited to Defendants' operations involving JUSTIN's employees and/or JUSTIN's Locations, unless otherwise indicated.

The Parties have entered into this Decree for the following purposes:

1. To provide appropriate monetary and injunctive relief;

2. To ensure Defendants' employment practices at JUSTIN's Locations comply with Title VII to promote a workplace free from discrimination, harassment, and retaliation;

3. To ensure Defendants take reasonable steps to prevent and correct discrimination, harassment, and retaliation, as necessary under Title VII;

4. To review and update, as necessary, Defendants' policies, practices, and procedures with respect to discrimination, harassment, and retaliation;

5. To provide effective training to Defendants' employees, managers, and supervisors with respect to their rights and obligations under Title VII;

6. To ensure appropriate mechanism for receiving and handling complaints of discrimination, harassment, and retaliation in the workplace;

7. To ensure appropriate review, recordkeeping, and reporting of discrimination, harassment, and retaliation relating to JUSTIN's employees and/or JUSTIN's Locations by Defendants; and

8. To avoid the time, expense, and uncertainty of litigation.

III. **RELEASE OF CLAIMS**

1. The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's First Amended Complaint ("FAC") filed in the United States District Court, Central District of California, on December 28, 2023, captioned *U.S. Equal Employment Opportunity Commission v. Justin Vineyards & Winery LLC, et al.*, Case No. 2:22-cv-6039-MRA-RAOx ("Action") and Charge Nos. 480-2021-02607 and 480-2024-00083. This Decree does not impact

{3592480.3}

Intervenors Patricia Verduzco, Blanca Verduzco, Olivia Barajas, and Josefina Flores Diaz who are not parties to this Decree.

2.　This Decree shall not be construed to limit or reduce any of Defendants' obligations to comply fully with Title VII or any other employment statute.

3.　This Decree shall not be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to perform the promises and representations contained herein.

4.　Nothing in this Decree shall affect the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendants other than those resolved in this Action.

5.　Nothing in this Decree shall be interpreted as an admission of liability by Defendants. Defendants deny the allegations set forth by the EEOC and enter into this Decree exclusively to resolve this litigation.

## IV.　**JURISDICTION**

1.　The Court has jurisdiction over the Parties and the subject matter of this litigation. The FAC asserts claims that, if proven, would authorize the Court in its discretion to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, adequate, reasonable, and just. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

2.　The Court will retain jurisdiction of this Action for the duration of the Decree for the purposes of entering all orders, modifications, judgments, and decrees that may be necessary to fully implement the relief provided herein.

{3592480.3}

## V.      EFFECTIVE DATE AND DURATION OF DECREE

1.      The provisions and agreements contained herein are effective immediately upon the date this Decree is entered by the Court ("the Effective Date").

2.      Except as otherwise provided herein, this Decree will remain in effect for three (3) years after the Effective Date, provided that Defendants comply with the terms of this Decree.

## VI.      COMPLIANCE AND DISPUTE RESOLUTION

1.      The EEOC may review Defendants' compliance with any provision of this Decree. The EEOC may request copies of documents created or received by the Monitor, as defined in Section X.B, or the Claims Administrator, as a result of their duties as described in this Decree. The EEOC may request copies of such documents from Defendants if otherwise unable to confirm Defendants' compliance. Upon thirty (30) days' notice, Defendants shall permit the EEOC or Monitor to interview employees, including those selected by the EEOC, or inspect Defendants' records to verify compliance with this Decree. Defendants will comply with any such request to review, interview, or inspect within thirty (30) days of the EEOC's request.

2.      If the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC will notify Defendants, in writing, of the nature of the noncompliance. This notice shall specify the particular provision(s) with which the EEOC believes Defendants have failed to comply and provide a factual basis for the alleged failure. Defendants shall have thirty (30) days from receipt of such written notice to resolve any alleged breached provision(s) of the Decree. The Parties may agree to extend this period upon mutual consent. After thirty (30) days have passed, if the Parties have not reached resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an

{3592480.3}

extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, additional injunctive relief, or any other relief the Court deems appropriate.

3. The Parties agree to cooperate and use their best efforts to resolve any dispute identified in the EEOC notice.

## VII.   MONETARY RELIEF AND CLAIMS ADMINISTRATION

1. In settlement of this lawsuit, Defendants shall pay a total gross sum of One Million Four Hundred and Ninety Thousand Dollars and no cents ($1,490,000.00) ("Total Settlement Amount") in monetary relief. Within thirty (30) days of the Effective Date, Defendants shall deposit the Total Settlement Amount into an interest-bearing account ("Settlement Fund Account") with the Claims Administrator and provide the EEOC with written verification of the funding within ten (10) days of the deposit. The Total Settlement Amount will be distributed to Eligible Claimants in accordance with the terms of this Decree. The EEOC defines an Eligible Claimant to be an individual determined by the EEOC to have experienced the same type of harm alleged in this lawsuit within the applicable time period.

2. The EEOC has sole full and complete discretion under the terms of this Decree to determine who is an Eligible Claimant meeting the requirements of eligibility for payment and the amount.

3. Within thirty (30) days of the Effective Date, Defendants shall engage and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the Claims Process. If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree, Defendants will have ten (10) business days to notify the EEOC in writing of the need to replace the Claims Administrator. Defendants shall pay all costs associated with the selection and

{3592480.3}

retention of the Claims Administrator as well as the performance of the Claims Administrator's Duties under this Decree.

4.    The EEOC shall provide the Claims Administrator with one or more lists of Eligible Claimants including their names, current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution Lists"). The Claims Administrator may have to issue multiple checks to the same Eligible Claimants over the duration of the Decree. All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by the EEOC.

5.    Within twenty-one (21) days of the EEOC providing a Distribution List to the Claims Administrator, the Claims Administrator shall send via mail a check for the full amount specified by the EEOC to each Eligible Claimant. Within three (3) business days of issuance of settlement checks, the Claims Administrator shall submit copies and any related correspondence to the EEOC. The Claims Administrator shall, within twenty-one (21) days after mailing any payment to these Eligible Claimants, electronically serves a copy of the checks, tax reporting forms, and related correspondence to Beatriz Biscardi André, Acting Regional Attorney, U.S. Equal Employment Opportunity Commission at lado.legal@eeoc.gov and to JUSTIN.

6.    The EEOC has sole discretion to characterize the amount of monetary relief to each Eligible Claimant as wage or non-wage compensation. The Claims Administrator shall issue a Form 1099 to each Claimant in the amount of his/her non-wage monetary relief. No tax withholdings shall be made. If the EEOC designates monetary relief as wages, the Claims Administrator shall issue an IRS Form W-2 to each applicable Eligible Claimant. Moreover, Defendants shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Eligible Claimants. The Claims Administrator or

{3592480.3}

the Defendants shall make all appropriate reports to the Internal Revenue Service and other tax authorities. Within three (3) business days of sending the aforementioned payment(s), the Claims Administrator shall submit a copy of the check (or a copy of the wire transfer), tax reporting forms, and related correspondence to Beatriz Biscardi André, Acting Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012. On a quarterly basis throughout the duration of this Decree or until all Eligible Claimants have been identified and paid, the Claims Administrator shall provide an accounting of the Total Settlement Amount to the EEOC and JUSTIN, identifying all checks issued, all checks cashed, and all checks not negotiated and/or returned non-negotiated, and the remaining balance of the Total Settlement Amount. The Claims Administrator shall reissue checks if necessary. The parties will work together to effectuate the intent and spirit of the Consent Decree.

## VIII.  **CLAIMANT SPECIFIC INJUNCTIVE RELIEF**

Within thirty (30) days of the Effective Date of this Decree, Defendants shall:

1.      Remove from the personnel files of each Eligible Claimant any references to the Eligible Claimant's allegations of discrimination, harassment, or retaliation or other documents or information determined by the EEOC to be related to such allegations. The EEOC will notify JUSTIN of any specific documents or information determined by the EEOC to be covered in this section. Defendants shall remove those documents or information from Eligible Claimant's personnel files within thirty (30) days of the EEOC's notice. The parties will work together to share information to carry out this provision of the Decree;

2.      To the extent Defendants must keep records to effectuate this Decree, such records must be maintained separately from Eligible Claimants' personnel files;

{3592480.3}

3.      Be enjoined from providing references about any Eligible Claimant. Instead, Defendants must direct all reference inquiries to a human resources employee ("HR Employee") or a third-party human resources provider,[2] who will provide a neutral employment reference limited to verifying whether the Eligible Claimant was employed by one or both Defendants, the last position in which the Eligible Claimant was employed, and the duration of Eligible Claimant's employment with Defendants;

4.      Be enjoined from subjecting Eligible Claimants to discrimination, harassment, or retaliation, to the extent an Eligible Claimant works for Defendants;

5.      Reclassify the termination of any Eligible Claimant to voluntary resignation if the Eligible Claimant has been identified by the EEOC as having been subjected to retaliatory discharge; and

6.      Remove from the Claimants' personnel files documents or references that the EEOC deems to be retaliatory or resulting from discrimination, upon request by the EEOC. These shall include, but not limited to, documents regarding or references to, discipline, separation from employment, termination, resignation, lay off and dismissal, or negative performance reviews. The EEOC's decision is final;

Nothing in this Decree prevents any Eligible Claimants, from seeking re-employment with Defendants as a result of their participation in this Action. Defendants shall provide the EEOC with semi-annual report for the first year from the Effective Date and annual report thereafter for the remaining duration of the Decree by the Monitor of compliance with the provisions in this Decree.

---

[2] "HR Employee(s)" shall refer to anyone who provides human resources services to employees working at JUSTIN's Locations.

{3592480.3}

## IX.    GENERAL INJUNCTIVE RELIEF

### A.    Anti-Discrimination and Harassment

Defendants, their officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, including third parties with which Defendants contract to provide human resources services, including but not limited to Covered TWC Employees[3], or any of them, are hereby enjoined from engaging in discrimination based on sex in violation of Title VII. Such employment practices include:

1.    Discriminating against or harassing persons in violation of Title VII, including by engaging in or failing to remedy or correct sexual harassment and sex discrimination;

2.    Engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including by engaging in or failing to remedy or correct sexual harassment and sex discrimination; or

3.    Creating, facilitating, or permitting the existence of a hostile work environment in violation of Title VII, including on the basis of sex.

### B.    Anti-Retaliation

Defendants, their officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, including third parties with which Defendants contract to provide human resources services, including but not limited to Covered TWC Employees, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former employee because he or she has:

---

[3] "Covered TWC Employees" shall refer to employees of TWC that provide human resources services to JUSTIN, and/or who supervise JUSTIN employees working at JUSTIN's Locations, and/or who are housed at JUSTIN's Locations.

1. Opposed any practice made unlawful under Title VII or opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

2. Filed a charge of discrimination with the EEOC alleging such a practice;

3. Testified or participated in any manner in any investigation, including any internal investigation undertaken by Defendants, in connection with this case or relating to any claim of a Title VII violation;

4. Been identified as a possible witness or Eligible Claimant in this Action or in any other legal action alleging a Title VII violation;

5. Sought any relief or remedy under this Decree; or

6. Sought or received any relief in accordance with this Decree.

## X.    SPECIFIC INJUNCTIVE RELIEF

### A.    Posting

Within fourteen (14) days after the Effective Date and throughout the term of this Decree, Defendants shall post the Notice of Settlement (attached as "Exhibit A") of the terms of this Decree in English and Spanish in clearly visible locations frequented by employees at JUSTIN's Locations. The Notice shall remain posted for the entire duration of this Decree.

### B.    Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendants shall retain a third-party Equal Opportunity Monitor ("Monitor"), subject to approval by the EEOC (such approval not to be unreasonably withheld), with demonstrated experience in the area of employment discrimination and sexual harassment to monitor Defendants' compliance with Title VII and this Decree. If the EEOC does not approve Defendants' proposed monitor, the Parties will work together in good faith to identify a suitable Monitor. Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's

{3592480.3}

duties. For the term of the Decree, the Monitor shall ensure full compliance with Title VII and all requirements set forth in this Decree. The Monitor's responsibilities include:

1.      Conducting audits and climate surveys, as set forth in Section X.C, to identify complaints or potential instances of sexual harassment or retaliation at JUSTIN's Locations;

2.      Reviewing and revising JUSTIN's policies and procedures, including its complaint procedures relating to sex discrimination, harassment, and retaliation, consistent with Section X.D;

3.      Ensuring that Defendants maintain a fully operational human resources function, which has an open-door policy; is easily accessible to employees; protects employees' privacy; ensures formal and informal complaints are documented; promptly and meaningfully addresses all complaints of alleged discrimination, harassment, or retaliation, including but not limited to, conducting prompt and thorough investigations of complaints; informs employees of the investigative steps taken and the resolution of their complaints; and serves all of JUSTIN's employees and any Covered TWC Employees;

4.      Centrally tracking and monitoring all complaints of discrimination, harassment, or retaliation from JUSTIN's Locations in a Central Complaint Log as described in Section X.F;

5.      Maintaining a toll-free number and an online complaint process to provide employees with the option of making anonymous complaints, including those of discrimination, harassment, and/or retaliation.

6.      Tracking and evaluating all complaints and investigations of discriminatory, harassing, or retaliatory conduct and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints made through the toll-free hotline or online portal;

{3592480.3}

7.      Ensuring that JUSTIN's employees and Covered TWC Employees, are trained regarding Defendants' revised Workplace Policies and Procedures and Complaint Procedure, and their rights and responsibilities under Title VII and this Decree, including Defendants' responsibility to provide a workplace free of discrimination, harassment, and retaliation and complaint processes;

8.      Ensuring that any employees of TWC who provide human resources and/or legal services to JUSTIN's employees, and/or who supervise JUSTIN employees working at JUSTIN's Locations, and/or who are housed at JUSTIN's Locations including management, supervisors, attorneys, and HR Employees, execute the Policy Addendum as required by Section X.D.;

9.      Ensuring that trainings are effective, especially with respect to trainings of managers and supervisors, their duty to report discrimination, harassment, and retaliation, and disciplinary actions for their failure to report, and providing guidance or feedback if additional or revised training is needed;

10.      Preparing a semi-annual report on Defendants' progress and compliance with Title VII and this Decree for the EEOC's review;

11.      Ensuring that Defendants accurately compile and timely submit all reports required by this Decree;

12.      Monitoring and confirming the retention and maintenance of any documents and Notice Posting, as required by this Decree; and

13.      Verifying Defendants' full compliance with Title VII and the terms of this Decree.

**C.      Compliance Audits**

1.      Climate Surveys

Within one-hundred and twenty (120) days of the Effective Date, and annually thereafter, the Monitor shall send Climate Surveys approved by the Parties to all current employees of JUSTIN and Covered TWC Employees

{3592480.3}

electronically or via any other means that is the most effective to administer the surveys and to receive a response. The Monitor and Defendants will work together on the format and delivery of the Climate Survey. The Climate Surveys will allow employees to respond anonymously in order to assess whether: (1) unlawful discrimination, harassment, or retaliation exists in the workplace; (2) employees know of their duty to report discrimination, harassment, or retaliation; (3) employees know how to report discrimination, harassment, or retaliation, and (4) Defendants are adequately responding to complaints of discrimination, harassment, or retaliation.

All responses to the Climate Surveys shall be reviewed by Defendants and the Monitor. With input from the Monitor, Defendants will take prompt and effective action to investigate and remedy any sexual harassment, including a sexually hostile work environment, or retaliation that occurs. With input from the Monitor, Defendants will report on the status and results of the climate surveys in its semi-annual report to the EEOC. The Monitor shall report any issues relating to the Climate Survey that were not properly addressed by Defendants in the Monitor's annual report to the EEOC.

Defendants will also work with the monitor to include in an exit interview or offboarding process, questions to JUSTIN's employees and Covered TWC Employees upon termination or end of their employment about discrimination, harassment, and/or retaliation during his/her employment.

2.    Annual Audits

On an annual basis throughout the duration of this Decree, the Monitor shall conduct one visit to JUSTIN's Locations to verify that current and prospective employees are not being subjected to sexual harassment or retaliation. The Monitor shall have the discretion to conduct additional follow-up visit, if necessary. The Monitor shall provide at least ten (10) business days' notice of the visit. The Monitor and Defendants will work together to find a mutually acceptable date for

{3592480.3}

the visit. During each of these visits, the Monitor interviews current employees and assesses whether discrimination, harassment, or retaliation issues are properly addressed, whether the mechanisms implemented pursuant to this Decree are effective, whether the trainings are effective, and identify areas for improvement. The audit, including employee interviews, will be conducted outside the presence of their managers or supervisors. Defendants' managers or supervisors will ensure no one interferes with and will not interfere with the audits, discourage the employees from participating in the audits before, during, or after they are conducted, or retaliate against any employees who participate in the audits. Defendants shall investigate and take prompt and effective remedial action toward any conduct identified during an audit that constitutes discrimination, harassment, and/or retaliation.

### 3. Complaint Audits

#### a. *Old Complaints*

Within ninety (90) days of the Effective Date, the Monitor shall review all complaints of alleged sex discrimination, harassment, and retaliation relating to JUSTIN's employees that Defendants received within two-hundred and ten (210) days prior to the Effective Date, if any, as well as the measures taken in response to any such complaints. Defendants shall seek guidance from the Monitor for appropriate corrective measures for any unresolved complaint and appropriate preventative steps to avoid reoccurrence of similar issues. The Monitor has discretion to review complaints received prior to the 210-day review period to the extent those complaints relate to complaints received during this period. Through this audit, Defendants shall also identify alleged repeat offenders at JUSTIN's Locations, if any. If any employees are determined to have repeatedly engaged in sexual harassing behavior, the Monitor and Defendants shall closely monitor future complaints against them and advise supervisors and managers to monitor repeat

{3592480.3}

offenders for sexually harassing or retaliatory conduct and to promptly report any potential harassment, discrimination, or retaliation within seventy-two (72) hours.

b.    *New Complaints*

The Monitor will also review the Central Complaint Log, described in Section X.F of this Decree, on a monthly basis and report in the semi-annual/annual report regarding Defendants' implementation of the Central Complaint Log. Defendants shall provide the Monitor with access to all records and call logs regarding complaints of discrimination, harassment, and retaliation involving JUSTIN employees or Covered TWC Employees, and shall have access to employees, if necessary, to conduct interviews with employees of the Monitor's choosing, with reasonable notice provided. The Monitor shall, at a minimum, review all complaints, the investigative actions taken with respect to complaints involving allegations of sexual harassment or retaliation, and any relevant evidence. The Monitor shall assess whether Defendants have responded to these complaints by conducting a prompt, thorough, and impartial investigation, and report to the EEOC in its semi-annual report.

4.    Audit Reports

The Monitor shall evaluate the results of all audits and complaints and submit the evaluation to the Defendants and to the EEOC in the semi-annual report, which shall include assessments and recommendations for remedying all identified issues with sexual harassment and retaliation.

D.    **Policies and Procedures**

1.    Workplace Policies and Procedures

Within ninety (90) days of the Effective Date, JUSTIN, in consultation with the Monitor, shall review its existing policies and procedures regarding sexual harassment and retaliation, and their complaint policies ("Workplace Policies and Procedures"), and revise them. The Workplace Policies and Procedures shall be

{3592480.3}

written in a clear, easy-to-understand style and format in a language Defendants' employees understand.

As to JUSTIN'S policies, at all times, the Workplace Policies and Procedures shall, at a minimum, include the following:

a.      A strong and clear commitment to a workplace free of sex discrimination, harassment, and retaliation;

b.      A statement that workers in the hospitality and wine industry, like any other industry, are entitled to a workplace free of sexual harassment, discrimination, and retaliation;

c.      A clear and comprehensive description of sex discrimination, including sexual harassment, and retaliation, which shall include a discussion of the meaning of the phrase "hostile work environment" and "retaliation" under Title VII and examples of prohibited conduct and conduct which, if left unchecked, may rise to the level of unlawful discrimination, harassment, or retaliation;

d.      A statement that JUSTIN shall hold all employees, including managers and supervisors, accountable for engaging in conduct prohibited under applicable laws regarding sex discrimination, sexual harassment, and retaliation or this Decree, and a description of the consequences for those that fail to adhere to reporting procedures;

e.      A statement that persons who complain about sexual harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subjected to retaliation;

f.      A statement that managers and supervisors will be disciplined for failing to take appropriate action to address discrimination, harassment, and/or retaliation;

g.      A statement that JUSTIN's anti-harassment policies protect all employees against workplace harassment committed by managers, supervisors, coworkers, vendors, and customers;

h.      A clear explanation regarding the human resources services offered to Defendants' employees;

i.      A requirement that investigation of complaint(s) of discrimination, harassment, or retaliation is conducted during regular work hours and employees shall not lose pay for making and participating in the investigation of such complaint. If employees are unable to participate in the investigation of the complaint during regular work hours, employees shall be reimbursed at regular rate of pay for such participation; and

j.      A Complaint Procedure, as described in Section X.D.2 below, that provides all employees with multiple reporting options for complaints of discrimination, harassment, and/or retaliation.

JUSTIN shall also include in JUSTIN's Workplace Policies and Procedures its Wine Evaluation Policy and remind employees that they shall not engage in harassing conduct as a result of alcohol consumed.

Any employees of TWC who provide human resources and/or legal services to JUSTIN's employees, and/or who supervise JUSTIN employees working at JUSTIN's Locations, and/or who are housed at JUSTIN's Locations including management, supervisors, and HR Employees shall execute a separate addendum ("Policy Addendum"), within ninety (90) days of the Effective Date, which shall set forth the following:  acknowledging review and receipt of JUSTIN's Workplace Policies and Procedures; agreement to be bound by JUSTIN's Workplace Policies and Procedures; agreement to implement JUSTIN's Workplace Policies and Procedures; and consequences for failure to follow JUSTIN's Workplace Policies and Procedures. Copies of the executed Policy Addendum shall be provided to the Monitor.

{3592480.3}

TWC shall ensure its employees who provide human resources and/or legal services to JUSTIN's employees, and/or who supervise JUSTIN's employees working at JUSTIN's Locations, and/or who are housed at JUSTIN's Locations including management, supervisors, and HR Employees, carry out duties consistent with JUSTIN's Workplace Policies and Procedures.

JUSTIN shall submit to the EEOC any revisions to their Workplace Policies and Procedures addressing this section of the Decree at least thirty (30) days prior to the proposed change to provide the EEOC with an opportunity to comment on the revised Workplace Policies and Procedures. TWC shall submit to the EEOC the Policy Addendum at least thirty (30) days prior to its adoption to provide the EEOC with an opportunity to comment on it.

The revised Workplace Policies and Procedures must be made available in both English and Spanish to JUSTIN's employees. The Policy Addendum must be made available in both English and Spanish to TWC's employees.

2.      Complaint Procedure

Within ninety (90) days of the Effective Date, JUSTIN, in consultation with the Monitor, shall review its Complaint Procedure and make any revisions to ensure that it incorporates the following elements:

a.      A clear statement instructing employees who believe they have suffered discrimination, harassment, or retaliation that they may file an internal complaint using JUSTIN's Complaint Procedure, or an external complaint to any appropriate person or agency, or both, and provide the contact information for the EEOC, including the EEOC toll-free complaint line, (800) 669-4000, and state and local Fair Employment Practice (FEP) agencies;

b.      An explanation that the complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment, and/or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting

{3592480.3}

any deadline for filing a charge or complaint of discrimination with appropriate municipal, state, or federal agencies;

c.    A clearly described process for submitting complaints of discrimination, harassment, or retaliation that includes multiple avenues for employees to lodge complaints of discrimination, harassment, or retaliation verbally or in writing, including: (i) a direct toll-free phone number and email address for Defendants' internal or external human resources representative; (ii) a telephone complaint hotline or online complaint portal or application; and (c) notifying any manager, supervisor, or human resources representative verbally or in writing without the need to complete a special form;

d.    A statement about what steps management staff, including all level of supervisors, must take if they witness, become aware of, or receive complaints of harassment, discrimination, or retaliation;

e.    A statement that Managers and Supervisors are trained to promptly report observations or complaints of potential harassment, discrimination, or retaliation to JUSTIN's Human Resources Department. Defendants shall ensure that managers and supervisors submit written reports within seventy-two (72) hours when practicable after making such an observation or receiving such a complaint, and communicate the importance of promptly reporting as part of manager and supervisor responsibilities;

f.    A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment, or retaliation, including: (i) interviewing relevant witnesses; (ii) reviewing relevant evidence; and (iii) creating written investigative reports that document all investigatory steps, any findings and conclusions, actions taken, and the collection and preservation of relevant evidence;

g.    An assurance that JUSTIN will not tolerate retaliation against any employee for use of the internal or external complaint procedure, for

{3592480.3}

assisting in the investigation of a complaint, or for assisting in the making of a complaint;

       h.     An assurance that no complainant shall be required to confront his or her alleged harasser, or submit a written or formal complaint in order for his or her complaint to be investigated;

       i.     An assurance that the confidentiality of the complaint, identity of the complainant, and investigation shall be maintained to the fullest extent possible;

       j.     A procedure for tracking all complaints of discrimination, harassment, or retaliation in the Central Complaint Log as described in Section X.F;

       k.     A procedure for resolution of all complaints of discrimination, harassment, or retaliation by JUSTIN in a timely and effective manner, including written communication with complainant throughout the investigation of the status of the complaint, investigative steps, results of the investigation, and any remedial action taken, to the extent permitted by law;

       l.     If an allegation of discrimination, harassment, or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge;

       m.     An appeal procedure to an internal or external human resources representative, and the Monitor, should the complainant be dissatisfied with the results of an internal investigation;

       n.     Confidential follow-up discussion with every complainant within one (1) month after final resolution of the complaint to inquire whether the complainant believes that he or she has been further harassed, or retaliated against, and if so, JUSTIN shall investigate any further allegations of harassment or retaliation. If the complaint was adequately addressed and there is

no additional complaint of harassment, discrimination, or retaliation, JUSTIN shall provide a written notice that the complainant should continue to report further harassment, discrimination, or retaliation; and

        o.     Maintenance of an assigned human resources function, which shall have an open-door policy and be easily accessible to employees at JUSTIN's Locations. HR Employees, or external human resources representatives, shall be available, by phone or text, to receive complaints from employees during their working hours (including weekends and night shifts) with or without appointments.

        3.     <u>Distribution of the Revised Workplace Policies and Procedures</u>

        a.     Within ninety (90) days of the Effective Date, Defendants must provide the Commission with a copy of JUSTIN's revised Workplace Policies and Procedures and the Policy Addendum. Upon receipt, the EEOC may provide comment within thirty (30) days regarding any necessary revisions to the policies and procedures. If no comment is provided to JUSTIN, JUSTIN shall, in consultation with the Monitor, distribute the revised Workplace Policies and Procedures to all JUSTIN employees , including managers and supervisors, within fourteen (14) days of the expiration of the comment period. Thereafter, JUSTIN shall distribute the revised Workplace Policies and Procedures to all new employees companywide by no later than the first day of work. If no comment is provided to TWC, TWC shall, in consultation with the Monitor, distribute the Policy Addendum to all TWC employees covered under this Decree within fourteen (14) days of the expiration of the comment period. Thereafter, TWC shall distribute the Policy Addendum to any employees covered by this Decree by no later than the first day of work with JUSTIN's employees or JUSTIN's operations.

        b.     JUSTIN must make the revised Workplace Policies and Procedures available companywide in both English and Spanish. TWC must make

{3592480.3}

the Policy Addendum available in both English and Spanish to all TWC's employees covered under this Decree.

         c.      JUSTIN shall designate one (1) paid work hour for each employee to review the revised Workplace Policies and Procedures as they pertain to discrimination, harassment, or retaliation.

         d.      JUSTIN shall have each employee who received and reviewed a copy of the revised Workplace Policies and Procedures sign a form acknowledging receipt, either electronically or via hard copy. TWC shall have each employee who received and reviewed a copy of the Policy Addendum sign a form acknowledging receipt, either electronically or via hard copy.

         e.      To the extent Defendants contract to provide any human resources services to JUSTIN's employees and/or at JUSTIN's Locations through a third party, Defendants shall distribute the revised Workplace Policies and Procedures to the third party on an annual basis to ensure the provider is aware of and understands Defendants' policies and procedures and Defendants' obligations under this Decree.

         f.      Throughout the term of this Decree, JUSTIN shall post the revised Workplace Policies and Procedures in a clearly visible location at JUSTIN's Locations and in both English and Spanish. Throughout the term of this Decree, TWC shall post the Policy Addendum in a clearly visible location to all TWC employees covered under this Decree and in both English and Spanish.

         g.      JUSTIN agrees to submit to the EEOC any further revisions to its Workplace Policies and Procedures concerning discrimination, harassment, or retaliation. If no comment is provided to JUSTIN within thirty (30) days of receipt, JUSTIN shall distribute the revised Workplace Policies and Procedures to all employees companywide, including managers and supervisors. TWC agrees to submit to the EEOC any further revisions to the Policy Addendum. If no comment is provided to TWC within thirty (30) days of receipt, TWC shall

{3592480.3}

distribute the revised Policy Addendum to all employees covered under this Decree.

     h.  TWC shall ensure that any TWC employees who signed the Policy Addendum review JUSTIN's new Workplace Policies and Procedures.

   **E.**  **Toll-Free Hotline and Online Complaint Process**

   Within thirty (30) days of the Effective Date, Defendants shall establish, to the extent it does not already exist, an online complaint process to receive complaints, including anonymous complaints, including those of discrimination, harassment, or retaliation. Defendants shall also maintain a toll-free hotline ("Hotline") to receive complaints, including anonymous complaints, of discrimination, harassment, or retaliation. The Hotline and online complaint process shall operate seven (7) days per week, twenty-four hours per day and be accessible through employees' personal devices. Defendants shall ensure that all Hotline and online inquiries and response times are tracked and logged by Defendants in accordance with the Central Complaint Log described in Section X.F. Defendants shall provide the Monitor with access to all tracking records, data analytics, or call logs involving employees at JUSTIN's Locations or Covered TWC Employees.

   On an annual basis during the entire duration of this Decree, Defendants shall communicate the Hotline and online complaint process information to all JUSTIN's employees and Covered TWC Employees to encourage reporting of complaints or discrimination, harassment, and/or retaliation. JUSTIN shall notify all JUSTIN's new employees of the Hotline and online complaint process by no later than the first day of work. TWC shall notify Covered TWC Employees by no later than the first day of work with JUSTIN's employees or operations.

   **F.**  **Central Complaint Log**

   Within ninety (90) days of the Effective Date, Defendants shall, in consultation with the Monitor, establish a Central Complaint Log for centralized

{3592480.3}

tracking of all formal and informal complaints of discrimination, harassment, or retaliation made by, on behalf of, or about employees at JUSTIN's Locations and the ongoing evaluation of such complaints to evaluate pervasiveness of harassment and prevent retaliation. During the term of this Decree, Defendants will maintain a Central Complaint Log, which is a database containing information related to complaints of alleged discrimination, harassment, or retaliation at JUSTIN's Locations that will be shared with the Monitor. The Central Complaint Log will include every complaint alleging discrimination, harassment, or retaliation, verbal or written, received by Defendants, including JUSTIN's supervisors and HR Employees, third-party human resources provider, Hotline, online complaint process, all supervisory TWC employees housed at JUSTIN's Locations, all TWC employees providing human resources services to employees at JUSTIN's Locations, and all TWC employees that supervise JUSTIN employees, and any other means Defendants opted to receive complaints of discrimination, harassment, or retaliation. The database shall be searchable by name of complainant, alleged perpetrator, location(s) of alleged misconduct, date(s) of alleged misconduct, and name of individual receiving the complaint, and shall contain, for each complaint or investigation of harassment and/or retaliation, at least the following information:

1.     Full name(s), contact information, job title(s), date(s) of employment, and sex of each complainant and any other potential aggrieved individual(s);

2.     Full name(s), contact information, job title(s), date(s) of employment, and sex of any persons allegedly involved (including but not limited to those identified as potential perpetrators and witnesses);

3.     Date(s), location(s), and nature of the complaint;

4.     Summary of the allegations;

5.     A description of how Defendants learned of the complaint (i.e., whether made to a manager, HR Employee, a third-party human resources

{3592480.3}

provider, via the Hotline, or via the online portal), and the date the complaint was reported;

6.     A timeline and description of actions taken in response to the complaint, including the investigation of the complaint and final determination of the investigation;

7.     A brief description, date of creation, date of review, and custodian of any documents or record that were reviewed or created as part of the investigation of the complaint, including but not limited to surveillance camera footages, investigative notes, text messages, and emails.

8.     Corrective action taken, if any;

9.     Whether the alleged perpetrator has been accused of or disciplined for discrimination, harassment, or retaliation before;

10.     Name(s), job title(s), and work location(s) of each individual involved in receiving the complaint(s), the ensuing investigation(s), and/or the final determination(s);

11.     Resolution, or decision made, including any discipline that will be implemented, regarding each complaint made and each investigation conducted; and

12.     Status of each complaint or investigation reflected in the database (such as "open," "pending," "on appeal," "closed," etc.).

The Central Complaint Log shall be maintained throughout the entire duration of the Decree and produced to the EEOC in the semi-annual/annual report. Defendants' report shall also include the status of employment of complainants. Where Defendants terminated the employment of any complainant from the Complaint Log, Defendant shall include the date of termination and the reason for the adverse employment decision.

**G.     EEO Training**

1.     General Guidelines

{3592480.3}

a)    Defendants, in consultation with the Monitor, shall identify and retain a qualified trainer or trainers and develop training materials, and an outline of the training curriculum for JUSTIN's Locations. The trainer or trainers may be employees of JUSTIN or TWC, who are experienced and qualified to conduct this type of training and do not have open allegations or substantiated claims of sexual harassment, discrimination, or retaliation against them in the last five (5) years. In the alternative, Defendants may designate the Monitor as the trainer. Defendants shall work with the Monitor to ensure that the training materials and execution of the training for JUSTIN's Locations are effective.

b)    Within ninety (90) days after the Effective Date, Defendants shall submit to the EEOC the identity and qualifications of the qualified trainer or trainers selected, a description of the trainings to be provided along with the training materials, and an outline of the training curriculum. Upon receipt, the EEOC may provide comment within thirty (30) days regarding any necessary revisions to the training.

c)    Defendants shall give the EEOC and the Monitor a minimum of fifteen (15) days' written notice of the date, time, and location of each training provided pursuant to this Decree. The Monitor and an EEOC representative may attend any such training, at the sole discretion of the EEOC.

d)    The training regimen shall be mandatory with respect to all of JUSTIN's employees and Covered TWC Employees, including managers, supervisors, human resources representatives, owners, and executives.

e)    Defendants shall require attendees to verify their attendance to trainings in writing or through an electronic confirmation, maintain copies of attendance record such as training sign-in sheets and/or electronic records demonstrating attendance for the duration of this Decree, and pay employees their normal rate of pay for trainings under this Decree.

{3592480.3}

f) Defendants shall ensure that the trainings are provided in languages understood by Defendants' employees, including English and Spanish.

2. <u>Non-Management Training</u>

Defendants' non-management employees who perform work at JUSTIN's Locations, shall be required to attend a live, interactive training program of at least one (1) hour regarding discrimination, harassment, and retaliation (the "Non-Management Training"). The Non-Management Training under this section shall include the following information:

a. Review of federal employment anti-discrimination laws;

b. Employees' rights and responsibilities under Title VII and this Decree, including their rights and responsibilities if they experience, observe, or become aware of conduct that they believe may be discriminatory, harassing, or retaliatory;

c. Defendants' revised Workplace Policies and Procedures and how to access it;

d. What constitutes unlawful sexual harassment and retaliation, with examples of the prohibited conduct in the context of hospitality and wine industry to ensure understanding by all employees;

e. Defendants' policies relating to alcohol consumption, and that employees are prohibited from engaging in harassing conduct as a result of alcohol or wine consumption;

f. A component on bystander intervention, including examples of how to effectively intervene as a bystander and an opportunity to roleplay or practice intervening in a harassment scenario in the context of hospitality and wine industry;

g. Contact information for Defendants' internal human resources department or external human resources provider, the Hotline, and the online complaint process; and

{3592480.3}

The interactive, in-person Non-Management Training shall be mandatory and shall occur once annually, at JUSTIN's Locations, for the term of this Decree. The first Non-Management Training shall occur within forty-five (45) days after EEOC's comments on the training curriculum or within one hundred and twenty (120) days from the Effective Date, whichever is later. Any employee subject to this requirement who fails to attend any scheduled live, interactive Non-Management Training shall be trained within thirty (30) days of the live training set forth above or thirty (30) days of their start date if they begin their employment after the training has occurred for that year. Any additional training for those missing a scheduled training or new hires must be interactive and can be completed online. Defendants will work with the Monitor on the training.

3.    <u>Management Training</u>

Defendants' managerial and supervisory employees who perform work at JUSTIN's Locations shall be required to attend a live, interactive training of at least two (2) hours once every six months for the first year of this Decree and once annually for the remaining term of this Decree (the "Management Training"). The Management Training under this Section shall include all topics included in the Non-Management Training, and shall include the following additional information and components:

a.    How to prevent harassment in the workplace;

b.    Managers' and supervisors' responsibility to report to human resources any conduct which they experience, observe, or become aware of that may be discriminatory, harassing, or retaliatory;

c.    How to receive complaints of discrimination, harassment, and/or retaliation, whether formal or informal, verbally or in writing.

d.    How to thoroughly document complaints of discrimination, harassment, or retaliation, including all relevant facts, witnesses, and evidence;

{3592480.3}

e.      How to properly handle and investigate complaints of discrimination, harassment, and retaliation in a fair and neutral manner;

f.      How to conduct a prompt and thorough investigation of complaints of discrimination, harassment, and retaliation, including but not limited to how to conduct credibility determination;

g.      How to take preventive and corrective measures against discrimination, harassment, and retaliation, including discussions on the types of preventative and corrective measures available and how to determine whether the measures proposed are reasonably calculated to prevent or end discriminatory, harassing, or retaliatory conduct;

h.      How to maintain confidentiality of the complaint, complainant, and investigation;

i.      Duty and how to inform complainant of the investigative steps taken and the resolution of their complaints; and

j.      Role playing on how to handle specific scenarios common in the hospitality and wine industry.

The interactive, in-person Management Training shall be mandatory and shall occur semi-annually in the first year and annually for the remaining term of this Decree, at each of JUSTIN's Locations. The first Management Training shall occur within forty-five (45) days after the EEOC's comments on the training curriculum or within one hundred and twenty (120) days from the Effective Date, whichever is later. Any employee subject to this requirement who fails to attend any scheduled training shall be trained within thirty (30) days of the live training set forth above or thirty (30) days of their promotion/hire date if they begin their employment as a supervisor or manager after the training has occurred for that year. Any additional training for those missing a scheduled training must be interactive and can be completed online.

4.      Human Resources Training

{3592480.3}

Defendants shall ensure that its HR Employees who provide human resources services to employees at JUSTIN's Locations attend a live, interactive training of at least three hours conducted by the Monitor once every six (6) months for the first year of this Decree and once annually for the remaining duration of the term of this Decree ("HR Training"). The HR Training under this Section shall include all the topics in the Non-Management Training and Management Training as well as the following:

a.    The affirmative obligation for HR Employees to report potential discrimination, harassment, and/or retaliation through appropriate channels and to take appropriate action;

b.    Procedures for evaluating the work environment after receiving a complaint of discrimination, harassment, or retaliation;

c.    How to complete written investigative report that document all investigatory steps, any findings and conclusions, and any actions taken, including taking and retaining notes of interviews and evidence reviewed;

d.    Procedures for tracking employees whom JUSTIN has determined to be repeat offenders;

e.    Appeal process and procedure should the complainant be dissatisfied with the results of an internal investigation;

f.    How to track and collect all complaints of harassment or retaliation in the Central Complaint Log as described in Section X.F;

g.    How to ensure an employee against whom a complaint of discrimination and/or harassment is substantiated receives appropriate discipline;

h.    How to ensure an employee who made a complaint of discrimination and/or harassment is not subjected to retaliation; and

i.    Duty to maintain an open-door policy (i.e., be easily accessible to Defendants' employees).

{3592480.3}

The interactive, in-person HR Training shall be mandatory and shall occur semi-annually for the first year and annually for the remaining term of this Decree at JUSTIN's Locations. The first HR Training shall occur within forty-five (45) days after the EEOC's comments on the training curriculum or within one hundred and twenty (120) days from the Effective Date, whichever is later. Any HR Employee subject to this requirement who fails to attend any scheduled training shall be trained within thirty (30) days of the live training set forth above or thirty (30) days of their promotion/hire date if they begin their employment in Defendants' internal human resources department after the training has occurred for that year. These additional trainings must be interactive and can be completed online.

     5.    <u>Third-Party Human Resources Provider Training</u>

To the extent that Defendants contract with a third party to provide human resources services to employees at JUSTIN's Location, Defendants shall ensure that all employees of the third-party provider that provide services to JUSTIN receive sufficient training to assist Defendants to comply with the terms of this Decree, including training on how to:

     a.    Receive complaints of harassment and/or discrimination, whether formal or informal, including through the toll-free hotline and the online complaint portal;

     b.    Investigate complaints of harassment and/or discrimination at all stages, including any appeal process;

     c.    Complete written investigation reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews, and other relevant evidence;

     d.    Effectively communicate with Defendants' managers and supervisors regarding the complaint;

{3592480.3}

e.     Maintain confidentiality of the complaint, identity of complainant, and investigation;

f.     Track and collect all complaints of harassment and/or retaliation in the Central Complaint Log as described in Section X.F;

g.     Ensure an employee against whom a complaint of discrimination and/or harassment is substantiated receives appropriate discipline; and

h.     Ensure an employee who made a complaint of discrimination and/or harassment is not subjected to retaliation; and

i.     Maintain an open-door policy (i.e., be easily accessible to Defendants' employees).

6.     Evaluation Surveys

Anonymous course evaluation surveys for attendees of each training shall be solicited by Defendants at each training session and forwarded to the Monitor to examine the effectiveness of the training. The Monitor shall review the anonymous evaluation forms and provide Defendants with recommendations for improving subsequent training sessions, as appropriate.

**H.     Performance Evaluations**

1.     For JUSTIN's Locations, Defendants shall work with the Monitor to develop, implement, or revise its performance evaluation forms for managers, supervisors, and internal human resources personnel (if applicable), to include a measure for performance on compliance with the revised Workplace Policies and Procedures. These evaluation forms will be designed to work with JUSTIN's current performance evaluation process.

2.     Within ninety (90) days of the Effective Date, Defendants shall provide the EEOC with the proposed revisions of the performance evaluation forms in order to provide the Commission with an opportunity for comment on any necessary revisions.

{3592480.3}

3. Defendants shall, annually report to the Monitor, who will in turn include in the annual report as set forth below, whether Defendants held any supervisors, managers, or internal HR Employees (if applicable) accountable for specific instances of not reporting complaints of discrimination, harassment, or retaliation relating to JUSTIN's employees and whether it rewarded any supervisors, managers, or internal HR Employees (if applicable) for reporting such conduct.

## I. Third-Party Human Resources Provider

To the extent Defendants contract with a third-party human resources provider to provide services to JUSTIN's employees and/or at JUSTIN's Locations, Defendants shall ensure the third-party human resources provider:

1. is provided a copy of this Decree and understands Defendants' obligations under the terms of this Decree, including all of Defendants' revised Workplace Policies and Procedures and Complaint Procedure;

2. commits in writing to following Defendants' revised Workplace Policies and Procedures and to assisting Defendants comply with all terms of the Decree with respect to human resources functions governed by the Decree that are carried out by the third-party provider;

3. employs, with respect to its work with Defendants' employees, trained professionals with the skill level necessary to effectuate the terms of this Decree;

4. has a clear delineation of duties with Defendants with respect to receiving and investigating of complaints of discrimination, harassment, and/or retaliation for Defendants;

5. notifies Defendants in writing within twenty-four (24) hours of receiving a formal or informal complaint of sex discrimination, sexual harassment, or retaliation involving allegations by or against an employee of Defendants;

{3592480.3}

6.    freely shares with Defendants information and records that may be relevant to investigations of complaints of discrimination, harassment, or retaliation;

7.    fully cooperates with the Monitor to execute his/her responsibilities under the terms of the Decree, including providing all documents necessary to fulfill those duties;

8.    provides all documents necessary for Defendants to comply with its recordkeeping obligations under the terms of this Decree, as described in Section X.J of the Decree.

Within ninety (90) days of the Effective Date, Defendants shall provide the EEOC with a copy of its contract with the third-party human resources provider and evidence the third-party human resources provider has committed in writing to following Defendants' revised Workplace Policies and Procedures and to assisting Defendants comply with all terms of the Decree, as required by this Section and Section X.J. Thereafter, Defendants shall provide the EEOC with a copy of its contract with the third-party human resources provider and written commitment from the third-party human resources provider on an annual basis.

Contracting with a third party to provide human resources services to Defendants' employees does not reduce or eliminate Defendants' obligation to comply with the terms of the Decree and to maintain a workplace free from harassment and retaliation. Defendants must ensure the terms of the Decree are carried out, regardless of whether the human resources services are provided internally or by a third party. The use of a third-party human resources provider does not limit the EEOC's ability to seek compliance with the terms of the Decree under the Dispute Resolution process described in Section VI of this Decree.

**J.    Recordkeeping**

Within ninety (90) days of the Effective Date, Defendants shall review, with the Monitor, their record-keeping procedures that provide for the centralized

{3592480.3}

tracking of harassment and/or retaliation complaints and the ongoing evaluation of such complaints to prevent further harassment or retaliation. The records to be maintained shall include:

1.    Documents generated in connection with any complaint of discrimination, harassment, or retaliation relating to JUSTIN's employees and/or JUSTIN's Locations arising on or after the Effective Date, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendants' investigation;

2.    Evidence related to any complaint of discrimination, harassment, or retaliation relating to JUSTIN's employees and/or JUSTIN's Locations, including but not limited to security camera footages, text messages, emails, or letters;

3.    Documents acknowledging employees' and any third-party human resources provider's receipt of JUSTIN's revised Workplace Policies and Procedures and Complaint Procedure and TWC's Policy Addendum;

4.    Documents verifying the occurrence of all training sessions and names and positions of all attendees and trainer for each session as required under this Decree;

5.    Documents generated in connection with the monitoring, counseling, and disciplining of JUSTIN's employees and Covered TWC Employees whom Defendants determine to have engaged in behavior that may be discriminatory, harassing, and/or retaliatory;

6.    Documents generated in connection with the establishment or review of performance evaluation measures for supervisors, managers, and internal HR Employees (if applicable) who work with JUSTIN's employees and/or JUSTIN's Locations, including if Defendants held managers accountable for not

{3592480.3}

reporting complaints of harassment, and/or retaliation, and also for rewarding those managers who did report correctly as part of its reporting process;

7.    All communications with the Monitor, Claimants, the EEOC, and any third-party human resources provider (if applicable) relating to compliance with this Decree;

8.    Documents generated in connection with the audits conducted by the Monitor under this Decree;

9.    All training evaluation surveys collected under this Decree;

10.    To the extent Defendants contract with a third party to provide human resources services to JUSTIN's employees, the contract with the third party and documents showing the third party's commitment to assisting Defendants carry out the terms of the Decree; and

11.    All records otherwise required to be maintained by law.

Defendants shall make the aforementioned records available to the EEOC within thirty (30) days following a written request by the EEOC. Nothing in this Decree shall affect Defendants' recordkeeping duties under any applicable laws.

In the event that the Monitor raises concerns about potential non-compliance with this Decree, the EEOC may request documents or information, including interviews of witnesses, that the EEOC determines is necessary to conduct an inquiry into the specific compliance issue. Defendants shall make the requested information or documents available to the Monitor and the EEOC. Defendants shall cooperate with the Monitor to ensure access to information sufficient to allow the Monitor to carry out its duties under this Decree.

Nothing herein will require Defendants or any party to waive the attorney client privilege or attorney work product protections. However, Defendants agree that the attorney client privilege or attorney work product protections can be waived and cannot be used as a sword and a shield. Should Defendants rely upon such information or documents to assert a defense under Title VII or to assert that

{3592480.3}

Defendants comply with this Decree, then such documents or information shall be produced to the EEOC for purposes of monitoring. In the event of a dispute, a privilege log will be provided to the EEOC to determine compliance in accordance with Section VI of this Decree.

### K.    Reporting to the EEOC

1.    Initial Reports

Defendants shall submit to the EEOC the initial reports and information required by this Decree, within the required time frame.

In addition, within ninety (90) days after the Effective Date, Defendants and the Monitor shall submit to the EEOC an initial report containing a summary of all work completed since the Effective Date, including but not limited to:

a.    The name, contact information, and qualifications of the Monitor retained to monitor compliance with this Decree;

b.    The name and contact information of the specific professional individual or organization that Defendants engaged to serve as the Claims Administrator and the contract;

c.    A statement confirming Defendants deposited the Total Settlement Amount in the Settlement Fund Account;

d.    A statement detailing Defendants' compliance with this Decree regarding Claimant Specific Injunctive Relief as described in Section VIII;

e.    A statement confirming Defendants completed posting the Notice of Settlement at JUSTIN's Locations as required under Section X.A;

f.    A final copy of the revised Workplace Policies and Procedures and confirmation that JUSTIN has distributed the revised Workplace Policies and Procedures to all employees and any third-party human resources provider as required in Section X.D;

{3592480.3}

g.      A final copy of the Policy Addendum and confirmation that TWC has distributed the Policy Addendum to all employees covered under this Decree as required in Section X.D;

h.      A statement attesting to the creation or existence of a hotline and online complaint process, and centralized tracking for complaints relating to JUSTIN's employees at JUSTIN's Locations, as required by Sections X.E and X.F, and confirming all employees have been notified of the hotline and online complaint process;

i.      A summary of the procedures and recordkeeping methods developed with the Monitor for centralized tracking of discrimination, harassment, or retaliation complaints and the evaluation of such complaints at JUSTIN's Locations;

j.      The name of the EEO trainer(s) selected, copies of the final training curriculum and training materials, and a list of all training sessions administered to date with attendance lists;

k.      A copy of Defendants' revised performance evaluation forms as required under Section X.H; and

l.      If applicable, the name and contact information of the third party with which Defendants contract to provide human resources services and the contract between Defendants and the third party and confirmation that Defendants have provided the third party with Defendants' revised Workplace Policies and Procedures.

2.      Semi-Annual and Annual Report

Within one hundred and eighty (180) days after the Effective Date and annually thereafter throughout term of this Decree, the Monitor shall provide a report to the EEOC that describes work performed pursuant to this Decree and Defendants' compliance with the Decree and Title VII. Defendants shall ensure the

{3592480.3}

Monitor has the information needed to provide each report. The reports shall include:

a. A report on Defendants' compliance with Claimant Specific Injunctive Relief as described in Section VIII;

b. A report on the audits, climate surveys, and complaint reviews conducted, and an evaluation of the results of the audits, climate surveys, and complaint reviews, including whether Defendants have complied with the Decree and responded to complaints by conducting a prompt, thorough, and impartial investigation, as required by Section X.C and X.F, and any recommendations of the Monitor;

c. An evaluation of (1) complaints of discrimination, harassment, or retaliation, including the extent to which discrimination, harassment, or retaliation is occurring at JUSTIN's Locations; (2) Defendants' response to complaints relating to JUSTIN's employees and compliance with the Complaint Procedure, including whether formal and informal complaints are documented, Defendants promptly and meaningfully responded to complaints by conducting a thorough investigation where needed and kept complainants informed; and (3) Defendants' resolution of complaints;

d. An evaluation of the efficacy of Defendants' human resources function described in Section X.B.3 and whether they have an open-door policy; are easily accessible to employees; and protect employees' privacy;

e. A copy of the Central Complaint Log as described in Section X.F;

f. Confirmation that Defendants have continued to maintain centralized tracking of complaints relating to JUSTIN's employees and/or JUSTIN's Locations and a functional toll-free number and online complaint process;

{3592480.3}

g.      Confirmation that JUSTIN has distributed the revised Workplace Policies and Procedures to all employees, including new hires, and any third-party human resources provider as required under Section X.D, and a copy of any proposed revisions to the Workplace Policies and Procedures;

h.      Confirmation that TWC has distributed the Policy Addendum all employees covered under this Decree, including new hires, and a copy of any proposed revisions to the Policy Addendum;

i.      An evaluation of trainings conducted as required under Section X.G and the results of the training surveys, including whether the trainings are effective in informing employees of their rights and responsibilities under the Workplace Policies and Procedures and Title VII, and managers and human resources staff and their duty to report;

j.      A list of all training sessions conducted during the review period pursuant to Section X.G that occurred with attendance lists and lists of employees that have not completed the mandatory training;

k.      A report, if any, regarding the actions taken by Defendants in response to instances where management and/or human resources failed to report, in a timely manner or otherwise, complaints of discrimination, harassment, or retaliation relating to JUSTIN's employees and/or JUSTIN's Locations; and

l.      A report of Defendants' good faith efforts to comply with the Decree and Title VII.

3.    Exit Report

Within at least ninety (90) days prior to the expiration of this Decree, Defendants shall submit the Exit Report to the EEOC regarding their compliance with this Decree. Separately, the Monitor shall report to the EEOC at least ninety (90) days prior to the expiration of this Decree on the Monitor's responsibilities under this Decree and provide feedback regarding Defendants' compliance with

{3592480.3}

this Decree and all applicable laws regarding sex discrimination, sexual harassment, and retaliation, and regarding whether Defendants have responded appropriately to discrimination, harassment, or retaliation complaints. The Monitor shall make recommendations, where appropriate, for extension of the term of this Decree.

All reports under this Section shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Acting Regional Attorney Beatriz Biscardi André, at beatriz.andre@eeoc.gov and lado.legal@eeoc.gov.

**XI.    COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE**

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

**XII.    COSTS AND ATTORNEYS' FEES**

Each Party shall bear its own costs and attorneys' fees.

**XIII.    MODIFICATION AND SEVERABILITY**

1.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

2.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. If any provision of the Decree is rendered unlawful or unenforceable, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

3.    By mutual written agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

{3592480.3}

## XIV.  **MISCELLANEOUS PROVISIONS**

Unless otherwise stated, all notices, reports, and correspondence required under this Decree to be delivered to the EEOC shall be delivered electronically to the attention of Beatriz Biscardi André, Acting Regional Attorney, U.S. Equal Employment Opportunity Commission, at lado.legal@eeoc.gov and Roxanne.wann@eeoc.gov. Defendants shall maintain copies of all such notices, reports, and correspondence for at least the duration of this Decree.

During the duration of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for sale, acquisition, or assumption of control of any or all of JUSTIN's facilities including any new facilities, or any other material change in JUSTIN's corporate structure, and shall simultaneously inform the EEOC of such.

During the duration of this Decree, Defendants shall implement the Decree at any new locations or facilities that are operated by JUSTIN.

During the duration of this Decree, Defendants shall assure that each of its directors, officers, HR Employees, or third-party human resources representatives serving JUSTIN's employees, managers, and supervisors are aware of any term(s) of this Decree which may be related to their job duties and obligations.

## XV.  **EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X**

1.    The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

{3592480.3}

2.     JUSTIN's EIN is: 770397440. TWC's EIN is: 273429394. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

The Wonderful Company LLC, Tax Department

Attn: Janelle Clark

11444 West Olympic Boulevard

Los Angeles, CA 90064

3.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

4.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

5.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

6.     The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**XVI.  <u>COUNTERPARTS AND FACSIMILE SIGNATURES</u>**

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

{3592480.3}

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

131 M Street, N.E.
Washington, DC 20507

Dated: March 23, 2026

Beatriz Andre
Acting Regional Attorney EEOC
Los Angeles District Office

.                                Roll Law Group

Dated: March 23, 2026

Lisa Stilson
ROLL LAW GROUP PC
Attorney for Defendants
Justin Vineyards & Winery LLC and
The Wonderful Company LLC

{3592480.3}

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 2:22-cv-06039-MRA (RAOx) |
| Plaintiff, | **[PROPOSED] CONSENT DECREE AND ORDER** |
| vs. | |
| JUSTIN VINEYARDS & WINERY LLC, THE WONDERFUL COMPANY LLC, and DOES 1-10, inclusive, | |
| Defendants. | |

The Court, having considered the Parties' Proposed Consent Decree and finding it fair, adequate, reasonable, and just, therefor, hereby APPROVES the Consent Decree and ORDERS as follows:

1. Parties shall comply with all provisions of the Consent Decree;

2. The Clerk of the Court shall close this case; and

3. The Court shall retain jurisdiction over this Consent Decree until its expiration or as determined by this Court.

IT IS SO ORDERED.

Date: _____   _____
HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT COURT JUDGE

{3592480.3}

# EXHIBIT A

{3592480.3}

**NOTICE OF SETTLEMENT AND CONSENT DECREE**

TO:     ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Justin Vineyards & Winery LLC ("JUSTIN") and The Wonderful Company LLC ("TWC"), Case Number 2:22-CV-6039-MRA-RAOx.  The EEOC filed this lawsuit alleging that employees were subjected to sexual harassment, including hostile work environment, retaliation, and/or constructive discharge.

JUSTIN and TWC settled the case by entering into a "Consent Decree" with the EEOC and paying $1,490,000.00 in monetary relief to claimants identified by the EEOC.  In the Consent Decree, JUSTIN and TWC agree to various types of injunctive remedies including ensuring that policies and procedures against sexual harassment conform to Title VII; hiring an outside monitor to oversee compliance with Title VII; training employees regarding sexual harassment and retaliation; creating a centralized system for tracking complaints; and providing the EEOC with periodic reporting regarding the injunctive remedies.

Pursuant to the Consent Decree, employees are hereby notified that any violations of JUSTIN and TWC's policies against harassment and discrimination will be thoroughly investigated.  Individuals found to have violated that policy will be subject to discipline up to and including termination of employment.  All employees will undergo training to correct and prevent unlawful harassment, discrimination, and retaliation in the workplace.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

JUSTIN and TWC are committed to complying with federal anti-discrimination laws in all respects. Sex discrimination, sexual harassment, and retaliation will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been sexually harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, or subjected to retaliation you may follow JUSTIN's and/or TWC's procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012-3332
TELEPHONE NUMBER: (213) 785-3090
www.eeoc.gov

{3592480.3}